1  William P. Cole, Bar No. 186772
    wcole@calljensen.com
2  Matthew R. Orr, Bar No. 211097
    morr@calljensen.com
3  CALL & JENSEN
4  A Professional Corporation
    610 Newport Center Drive, Suite 700
5  Newport Beach, CA  92660
6  Tel:   (949) 717-3000
    Fax:  (949) 717-3100
7

8  for Defendants Monterey Financial Services, Inc.
    and Monterey Financial Services, LLC

9

10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BRINKLEY, on behalf of herself and others similarly situated,<br><br>       Plaintiff,<br><br>       vs.<br><br>MONTEREY FINANCIAL SERVICES, INC.; DOE NO. 1 MONTEREY FINANCIAL SERVICES, LLC; DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No. **'16 CV 1103 WQH WVG**<br><br>**DEFENDANTS MONTEREY FINANCIAL SERVICES, INC. AND MONTEREY FINANCIAL SERVICES, LLC'S NOTICE OF REMOVAL**<br><br><br><br><br>Complaint Filed:  October 15, 2013<br>Trial Date:      None Set |

     **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

     **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Monterey Financial Services, Inc. and Monterey Financial Services, LLC (collectively referred to as "Defendant" or "Monterey") hereby remove this action

from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, on the following grounds:

## STATEMENT OF THE CASE AND TIMELINESS OF REMOVAL

1.      On October 15, 2013, Plaintiff Tiffany Brinkley ("Plaintiff") commenced an action against Defendant in the Superior Court of the State of California for the County of San Diego, Case Number 37-2013-00071119-CU-MC-NC, by filing a Complaint entitled "*Tiffany Brinkley*, *on behalf of herself and all others similarly situated*, *v. Monterey Financial Services, Inc.*"   A true and correct copy of this document is attached as <u>Exhibit 1</u> to the Declaration of Matthew R. Orr ("Orr Decl."). (Orr Decl., ¶ 2, Plaintiff's Complaint ("Compl."))

2.      In the Complaint, Plaintiff seeks, among other things, to certify a putative class that purports to include "[a]ll persons who, while physically located or residing in California and Washington. [sic] made or received one or more telephone calls with Defendant MONTEREY FINANCIAL SERVICES, INC. during the four year period preceding the filing of this lawsuit (the "Class Period") and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored" (the "Class")."   (Orr Decl., ¶ 2, Compl. ¶ 26.)

3.      Plaintiff seeks to certify a subclass that purports to include "[a]ll persons who made one or more telephone calls with Defendant MONTEREY FINANCIAL SERVICES, INC. while using a "cellular radio telephone" as such term is defined in Cal. Penal Code §632.7(c)(1). [sic] during the four year period preceding the filing of this lawsuit and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored" (the "Subclass")."   (*Id.*, Compl. ¶ 27.)  Nowhere in the Complaint does Plaintiff identify or allege her citizenship (*Id.*, Compl. ¶ 5.)



CALL&
JENSEN

DEFENDANTS MONTEREY FINANCIAL SERVICES, INC. AND MONTEREY FINANCIAL SERVICES, LLC'S
NOTICE OF REMOVAL

4.     The Complaint asserts causes of action against Defendant for supposed violations of California Penal Code §§ 630, *et seq*., Washington Rev. Code §§ 9.73, *et seq*., and California Business & Professions Code §17200, et seq., based on Defendant's alleged unlawful recording and/or monitoring of telephone calls.

5.     On November 25, 2013, Defendant filed an Answer denying the allegations in the Complaint and reserving a number of affirmative defenses.  A true and correct copy of the Answer is attached to the Orr Decl., as Exhibit 2.

6.     On December 10, 2013, Defendant filed a motion to compel arbitration. On April 7, 2014, the trial court ordered the action to arbitration on an individual basis and dismissed the class claims. On May 29, 2014, Plaintiff filed a Notice of Appeal of the trial court's order compelling the action to arbitration on an individual basis. On November 19, 2015, the appellate court affirmed the trial court's order compelling the action to arbitration and reversed the trial court's order dismissing the class claims. The action was remitted to the state trial court on January 20, 2016.  True and correct copies of the aforementioned documents are attached to the Orr Decl., as Exhibit 3.

7.     On February 1, 2016, the parties notified the trial court of an agreement they reached to waive arbitration, and requested the setting of a case management conference. A true and correct copy of the parties' Joint Request to the trial court is attached to the Orr Decl., as Exhibit 4.

8.     On February 8, 2016, Defendant served Plaintiff with written discovery to ascertain her citizenship for diversity purposes. On March 14, 2016, Plaintiff responded with boilerplate objections to the written discovery. The parties subsequently met and conferred on the objections and, on April 19, 2016, Defendant received supplemental responses to the written discovery.  (Orr Decl., ¶ 4.)  In the Responses, Plaintiff admits that she is not a citizen of the State of California and is a citizen of the State of Washington and that she was not domiciled in California at the time she filed the Complaint in this matter.  (*Id*.) On April 20, 2016, Plaintiff's attorney confirmed via e-mail that Plaintiff had admitted to each of Defendant's Requests for Admission. (*Id*.)

True and correct copies of the written discovery and responses, as well as correspondence between the parties are attached to the Orr Decl., as Exhibit 5.

10.     On April 1, 2016, the trial court entered an Amendment to the Complaint adding Monterey Financial Services, LLC as a new party to the action. On April 29, 2016, Monterey Financial Services, LLC returned to Plaintiff a duly executed Acknowledgement of Receipt of Amendment to Complaint and ancillary documents. True and correct copies of the amendment documents and Monterey Financial Services, LLC's executed Acknowledgement are attached to the Orr Decl., as Exhibit 6.

11.     This removal is timely filed as required by 28 U.S.C. § 1446(b) as it is brought within 30 days of receipt and service of the information set forth in Exhibit 5; namely, Plaintiff's citizenship, from which it may be ascertained that the case is one that is removable. It is also brought within 30 days of Monterey Financial Services, LLC's acceptance of service of the Complaint. (*See* Exhibit 6.)

## SUBJECT MATTER JURISDICTION

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1453.  This Court specifically has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because it is a civil action styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) any member of the class of plaintiff is a citizen of a State different from any defendant.  28 U.S.C. §§ 1332(d)(2) and (d)(5).

## PLAINTIFF'S CASE IS STYLED AS A PUTATIVE CLASS ACTION WITH A PROPOSED CLASS OF NOT LESS THAN 100 MEMBERS

13.     The Court has CAFA jurisdiction because this lawsuit is a putative class action, and the proposed class comprises more than 100 individuals.

14.   CAFA jurisdiction exists over any "class action" brought under any "State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).   This case constitutes a "class action" for purposes of removal because Plaintiff styles her complaint as a "Class Action," and the Complaint seeks certification of a class pursuant to California Code of Civil Procedure § 382, a state statute that authorizes class actions if the representative plaintiff can prove that the "parties are numerous, and it is impracticable to bring them all before the court . . . ." (Compl., ¶¶ 26–37.) Thus, this action qualifies as a class action under CAFA.

15.   CAFA jurisdiction exists unless "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(A).   CAFA defines class members as "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action."   28 U.S.C. § 1332(d)(1)(D).   This requirement is met here because Plaintiff seeks to represent a class defined as "[a]ll persons who, while physically located or residing in California and Washington. [sic] made or received one or more telephone calls with Defendant MONTEREY FINANCIAL SERVICES, INC. during the four year period preceding the filing of this lawsuit (the "Class Period") and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored." (*See* Compl., ¶ 26; *see also* subclass definition at Compl., ¶ 27.)   Plaintiff alleges that, through the entire class period, Monterey had a policy and practice of surreptitiously recording and monitoring conversations with the public in violation of California and Washington law.   (*See* Compl., ¶ 6.) During the class period, Monterey recorded telephone calls to/from more than 1,000 individual who were physically located or residing in California and/or Washington. (Declaration of Chris Hughes ("Hughes Decl."), ¶ 7) Thus, there are more than 100 members implicated by Plaintiff's proposed class.

## <u>THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION</u>

16.     Under CAFA, "the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). In determining the amount in controversy, "a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 WL 26996, *2 (N.D. Cal. Jan. 2, 2014).

17.     Where, as here, the Complaint does not specify the amount in controversy, the Defendant must show "by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010).

18.     On behalf of the aforementioned class, Plaintiff seeks statutory damages, restitution, injunctive relief, and attorneys' fees and costs. (Compl., Prayer for Relief, ¶¶ 1-10.)

19.     California Penal Code Section 637.2 provides statutory damages of up to $5,000 per violation of section 632 or section 632.7. The Declaration of Chris Hughes concurrently filed herewith, establishes that Monterey recorded well over 5,000 telephone calls to/from individuals living in and calling from California alone during the class period. (Hughes Decl., ¶ 7) Thus, the amount in controversy exceeds the jurisdictional limit of $5,000,000. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (courts may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal"). Thus, although Defendant denies Plaintiff's allegations of liability, injury, and damages and will oppose certification of the putative class, taking Plaintiff's allegations to be true, this is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).



## **MINIMAL DIVERSITY IS MET**

20.   CAFA jurisdiction is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  That requirement is met here.  At the time of the filing of the Complaint, Defendant was a California corporation, organized and existing under and by virtue of the laws of the State of California. (Hughes Decl., ¶ 2)  In October 2015, Defendant converted from a California corporation to a California limited liability company, with its sole member being, from the legal conversion to the present, a citizen of California within the meaning of the Acts of Congress relating to the removal of cases. (*Id*.) From October 2015 to the present, Defendant was and is a California limited liability company. (*Id*.) Currently and before and since the commencement of this action, Defendant has had its corporate headquarters and principal place of business located in California.  (*Id*., at ¶¶ 3-4)  Defendant's California headquarters is and has been the place where the majority of Defendant's corporate books and records are located.  (*Id*.); *See generally, Hertz v. Friend*, 130 S.Ct. 1181, 1192 (Feb. 23, 2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and, "in practice[,] it should normally be the place where the corporation maintains its headquarters–provided that the headquarters is the actual center of direction, control, and coordination, *i.e*., the 'nerve center'").)

21.   Defendant does not have and, before and after the commencement of this action, has not had its headquarters, executive offices, or executive officers based in Washington. (Hughes Decl., ¶ 5)   Thus, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen of Washington within the meaning of the Acts of Congress relating to the removal of cases.  Defendant is now and has been a citizen of California for diversity purposes since this action commenced.   28 U.S.C. § 1332(c)(1).

22.     Plaintiff's admission that she was not domiciled in California at the time she brought this action and that she was a citizen of Washington establishes that she was not a citizen of California for diversity purposes.  (*See* Exhibit 5); *see also Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought."); *see also Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir.2001) ("The natural person's state citizenship is then determined by her state of domicile, not her state of residence.")  Thus, at least some member of the putative class, namely Plaintiff, is a citizen of a State (Washington) different than that of Defendant (California).

## **ALL PROCEDURAL REQUISITES ARE SATISFIED**

23.     28 U.S.C. § 1441(a) allows civil actions brought in state court to be removed to the district court "embracing the place where such action is pending."  The Complaint was filed and currently is pending in the California Superior Court for the County of San Diego.  This District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a) because it is the District that embraces the county where the state court action was pending.

24.     Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders are attached as Exhibit 7 to the Orr Decl.

25.     Defendant will promptly serve a notice of filing of removal, with a copy of the notice of removal annexed thereto, on Plaintiff's attorneys and will file such notice with the Clerk of the Superior Court of the State of California for the County of San Diego.

/ / /

/ / /

/ / /

CALL & JENSEN

## CONCLUSION

26.     For the foregoing reasons, Defendants hereby remove this case from the California Superior Court for the County of San Diego to this Federal District Court.

Dated:  May 6, 2016

CALL & JENSEN
A Professional Corporation
William P. Cole
Matthew R. Orr


By: /s/ Matthew R. Orr
       Matthew R. Orr

Attorneys for Defendants Monterey Financial Services, Inc. and Monterey Financial Services, LLC

## DEMAND FOR JURY

Defendants Monterey Financial Services, Inc. and Monterey Financial Services, LLC hereby demand a jury pursuant to FRCP 38(b) on all issues subject to a jury trial raised in the Complaint of Plaintiff.

Dated:  May 6, 2016

CALL & JENSEN
A Professional Corporation
William P. Cole
Matthew R. Orr


By: /s/ Matthew R Orr
       Matthew R. Orr

Attorneys for Defendants Monterey Financial Services, Inc. and Monterey Financial Services, LLC

DEFENDANTS MONTEREY FINANCIAL SERVICES, INC. AND MONTEREY FINANCIAL SERVICES, LLC'S
NOTICE OF REMOVAL