EXHIBIT 1

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MONETEREY FINANCIAL SERVICES. INC.; DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TIFFANY BRINKLEY on behalf of herself and others similarly situated

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services. (www.lawhelpcalifornia.org) en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SAN DIEGO SUPERIOR COURT

North County Regional Center
325 South Melrose Drive, Vista, CA 92081

**CASE NUMBER:** 37-2013-00071119-CU-MC-NC

The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Patrick N. Keegan, Esq., 5055 Avenida Encinas, Suite 240, Carlsbad, CA 92008; (760) 929-9303

DATE:
*(Fecha)* OCT 1 5 2013

Clerk, by *(Secretario)* C. Terríquez , Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Monterey Financial Services, Inc.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/27/13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   Steven A. Wickman. Esq. (SBN 165149)
    Christina E. Wickman. Esq. (SBN 236882)
2   WICKMAN & WICKMAN, ATTORNEYS AT LAW
    3170 4th Avenue. Suite 200
3   San Diego, CA  92103-5850
    Tel: (619) 482-1207
4   Fax: (619) 271-8656

5   Patrick N. Keegan. Esq. (SBN 167698)
    KEEGAN & BAKER, LLP
6   5055 Avenida Encinas. Suite 240
    Carlsbad. CA 92008
7   Tel: 760-929-9303
    Fax: 760-929-9260
8
    Attorneys for Plaintiff
9   TIFFANY BRINKLEY and the putative Class and Subclass

10

11                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                   IN AND FOR THE COUNTY OF SAN DIEGO

13                   NORTH COUNTY JUDICIAL DISTRICT

14   TIFFANY BRINKLEY on behalf of herself         CASE NO.: 37-2013-00071119-CU-MC-NC
     and others similarly situated.
15                                                 CLASS ACTION COMPLAINT FOR
                            Plaintiffs.            DAMAGES AND INJUNCTIVE RELIEF FOR
16
                     vs.                           Unlawful Recording or Monitoring of Telephone
17                                                 Calls
     MONTEREY FINANCIAL SERVICES.
18   INC.; DOES 1 through 100. inclusive.          JURY TRIAL DEMANDED

19                          Defendants.

20   _____

21

22        Plaintiff TIFFANY BRINKLEY, by her attorneys, on behalf of herself and others

23   similarly situated. alleges upon personal knowledge as to herself and her acts stated herein, and as

24   to all other matters upon information and belief as follows:

25                            I. PRELIMINARY STATEMENT

26        1.  Plaintiff TIFFANY BRINKLEY (or "Plaintiff"). on behalf of herself and others

27   similarly situated. brings this action against Defendant MONTEREY FINANCIAL SERVICES.

28   INC. (or "Defendant") for the unlawful recording and/or monitoring of telephone calls in
     violation of the privacy laws of California and Washington.

1

2. California Penal Code §§ 630, *et seq.*. and Washington Rev. Code §§ 9.73, *et seq.*. prohibit one party to a telephone call from intentionally recording or monitoring the conversation without the knowledge or consent of the other. These statutes are violated the moment the recording is made without the consent of all parties thereto. regardless of whether it is subsequently disclosed. The only intent required by the aforementioned statutory laws is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to violate the applicable state law. or to invade the privacy right of any other person. Plaintiff alleges that. despite California's and Washington's two-party consent laws and despite Defendant's representations that it maintains compliance with all federal and state regulations. Defendant. on behalf of itself and its many clients, continues to violate California's and Washington's two party consent statutes. Defendant continues to impermissibly record. monitor and/or eavesdrop upon telephone conversations on telephone calls made or received by Defendant from its principal place of business in California with persons residing and/or located in California and Washington.

3. Defendant's employees and/or agents who called Plaintiff secretly and illegally recorded or monitored multiple telephone conversations with Plaintiff. Plaintiff asserts that such surreptitious recording/monitoring was done in violation of the telephonic privacy laws of California and Washington. Plaintiff asserts that Defendant continues to illegally surreptitiously record and monitor telephone conversations with persons residing and/or located in California and Washington. Plaintiff. on behalf of herself and other similarly situated. seeks damages. injunctive relief. attorneys' fees and costs according to statute.

4. Plaintiff does not seek any relief greater than or different from the relief sought for the Class and the Subclass (defined infra) of which Plaintiff is a member. The action. if successful, will enforce an important right affecting the public interest and would confer a significant benefit. whether pecuniary or non-pecuniary. or a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

## II. PARTIES

5. Plaintiff TIFFANY BRINKLEY was. at all times relevant herein. a natural person and a resident of Tukwila. Washington. From December 2012 through August 2013. Plaintiff had telephonic communications with certain employees. officers and/or agents of Defendant. Each of these conversations Defendant had with Plaintiff were. without her knowledge or consent,

recorded, monitored and/or eavesdropped upon by Defendant, causing harm and damage to Plaintiff.

6. Defendant MONTEREY FINANCIAL SERVICES, INC. ("MFS" or "Defendant"), at all times relevant herein, was and is a California corporation, with its headquarters and principal place of business located at 4095 Avenida de la Plata, Oceanside, CA 92056, and is licensed to do business and is doing business in California and Washington. MFS' agent of service of process is Robert Steinke located at 1748 King Road, Vista, CA 92084. MFS, at all times relevant herein, surreptitiously recorded and had policy and a practice of recording and/or monitoring telephone conversations with the public, including Plaintiff and other persons residing and/or located in California and Washington, which was in violation of applicable statutory laws as set forth below. At all times relevant herein, MFS's employees and agents were directed, trained and instructed to, and did, record, monitor and/or eavesdrop upon telephone conversations with the public, including Plaintiff and other residents and persons located in California and Washington.

7. Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 100, and therefore sues these defendants by such fictitious names. Plaintiff alleges on information and belief that at all relevant times each of the DOE defendants was responsible in some manner for the acts, omissions and occurrences herein alleged and Plaintiff's damages were proximately caused thereby. Plaintiff will amend this complaint to allege the true names and capacities of the DOE defendants after they have been ascertained. Plaintiff is informed and believe, and based thereon allege, that the this Court has both subject matter and personal jurisdiction over DOES 1 through 100, inclusive, and that venue is proper in this Court with respect to those defendants. Any reference made to a named defendant by specific name or otherwise, individually or plural, is also a reference to the actions or inactions of DOES 1 through 100, inclusive.

8. At all relevant times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting with the course and scope of such agency.

9. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and or authorized the wrongful acts of each co-defendant, and or retained the benefits of said wrongful acts.

10. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as

3

alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11. Plaintiff is informed and believes and thereupon alleges that at all relevant times, each defendant was the agent, employee, representative, partner, parent company, subsidiary or affiliate of the other defendants and was acting, or was acted for, within the authority of such agency, employment, representation, partnership or corporate affiliation while doing or omitting to do the acts alleged herein and with the permission, approval, consent and/or ratification of all other defendants. The allegations against each named defendant incorporate by reference the allegations against each DOE defendant.

12. There exists, and at all times herein mentioned existed, a unity of interests and ownership between all of the defendants, including any individual, partnership and/or corporate defendants, and their principals, including all DOE defendants, such that all individuality and separation ceased and defendants became the alter egos of the other defendants and their principals.

13. Defendants are, and at all times herein mentioned were, so inadequately capitalized that, compared to the business to be done by them and where such business was being conducted in relation to Plaintiff, and the risk of loss attendant thereto, the available capital of the entities was practically non-existent. Partnership, corporate and other formalities were disregarded such that the separate identities of the entities ceased to exist and such entities became the alter egos of the other defendants and their principals, and vice versa.

14. Adherence to the fiction of any separate existence of any of the defendants as a distinct entity apart from the other defendants or their principals and/or the fiction that defendants or their principals and/or the fiction that defendant limited partnerships have "limited" liability would permit an abuse of the corporate and/or partnership privilege and other privileges allowing the formation of business entities under the laws of California and Washington. Injustice would also result given that Defendants and their principals have specifically created the multiple entities in an effort to avoid their liabilities and responsibilities. Such a result would promote injustice.

4

15. Whenever in this complaint reference is made to any act or omission of a particular defendant, such allegation shall be deemed to mean that said defendant, and its officers, directors, agents, representatives, and employees, did authorize such act while actively engaged in the management direction or control of that defendant, and while acting within the course and scope of their employment or agency.

## III. JURISDICTION AND VENUE

16. This Court has jurisdiction over this action under Cal. Code of Civil Procedure § 410.10. The aggregated amount of damages incurred by Plaintiff, the Class and the Subclass (defined infra) exceeds the $25,000 jurisdictional minimum of this Court. The amount in controversy as to Plaintiff does not exceed $75,000, including interest and any pro rata award of fees, costs, and damages.

17. Venue is proper in this Court under Cal. Business & Professions Code § 17203, and Cal. Code of Civil Procedure §§ 395(a), 395.5, because Defendant's principal place of business is located in this judicial district. Defendant does business in the State of California, as well as in the County of San Diego, and Defendant has obtained personal information in the transaction of business in this judicial district, which has caused both obligations and liability of Defendant to arise in this judicial district.

## IV. CONDUCT GIVING RISE TO VIOLATIONS

18. From December 2012 through March 2013, and specifically on December 19, 2012 and again on January 10, 2013, Plaintiff had telephonic communications with certain employees, officers and/or agents of Defendant who were located in California. Therefore, from December 2012 through March 2013, Plaintiff received at least one telephone call from certain employees, officers and/or agents of Defendant and made at least one telephone call to certain employees, officers and/or agents of Defendant at MFS' principal place of business in Oceanside, California. During each of these calls, Plaintiff confirmed her identity and Plaintiff shared her personal information as she believed that each of these calls was confidential in nature and that such calls were not being monitored or recorded. At no time during such telephone conversations with employees, officers and/or agents of Defendant was Plaintiff told that her telephone conversations would be or may be recorded or monitored and at no time during such telephone conversations did Plaintiff give her consent to Defendant to record or monitor such telephone conversations.

19. Currently on its website, http://www.montereyfinancial.com , MFS represents that Robert C. Steinke is the CEO, the Chairman of the Board, and is the controlling shareholder in

5

MFS. and that "[i]n 1989, Robert Steinke founded Monterey Financial Services, Inc. ... to provide ... the delivery of three complimentary (sic) services: our consumer financing program, loan servicing, and delinquent debt collections." Additionally, MFS currently represents on its website that "[i]n 1996 Monterey built a 27,000 square foot facility in Oceanside, California in order to accommodate its rapidly growing operations. In addition to the state of the art office building it owns, Monterey acquired a contiguous parcel of land onto which future growth and expansion is possible. Monterey employs over one hundred full time associates..." Furthermore, MFS currently represents on its website that "Monterey maintains compliance with all federal and state regulations governing the purchasing, servicing, and collection of consumer debt. Regular training and testing related to debt collection has been implemented since its birth. Its Wygant Call Recording System is utilized for quality control, training purposes, and protection against false consumer complaints. Monterey passes sensitive consumer data and performance reports through it secure website and ftp site." Also, in a June 2010 interview currently posted on MFS' website, Scott Little, Vice President of Sales & Marketing of MFS since 1994, was quoted as saying "Quite simply, it's the phone calls that make the difference. Rather than relying on a letter series of some sort and then sitting back and waiting for payments to arrive, we get on the phone with the delinquent customer and establish a way to get your debt paid in full, as quickly as possible."

20.    After Plaintiff had telephonic communications with certain employees, officers and/or agents of Defendant who were located in California without Defendant telling her that her conversations would be recorded and obtaining her consent at the beginning of the conversation to record such telephone conversations, in response to Plaintiff's March 18, 2013 email, Jeffrey D. Smith, Financial Manager of MFS, sent an email reply to Plaintiff on March 19, 2013 at 7:78 a.m. confirming that "We record our calls for Quality Assurance and training purposes...." In response to Jeffrey D. Smith's March 19, 2013 email, Plaintiff sent an email reply to Jeffrey D. Smith, Financial Manager of MFS, on March 19, 2013 at 9:14 a.m. stating that "[y]es, I would like to request access to any recording that you have of our conversation. I was not made aware of a recording ...."

21.    Defendant recorded all of its multiple telephone conversations with Plaintiff. Each of Plaintiff's aforementioned telephone conversations with Defendant entailed Plaintiff using her "cellular radio telephone" as such term is defined in Cal. Penal Code §632.7(c)(1). During each of her aforementioned telephone conversations with employees, officers and/or agents of

Defendant, Plaintiff had had an objectively reasonable expectation that her telephone conversations with Defendant were not being overheard or recorded.

22. At no time during any of these calls was Plaintiff ever informed at the beginning of the telephone calls that her telephone calls were being recorded and/or monitored. At no time did Plaintiff give consent to Defendant for their telephone calls to be recorded and/or monitored.

23. During the Class Period (defined infra), Defendant has had a policy and a practice of recording and/or monitoring telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record and/or monitor telephone conversations with Plaintiff and other residents and persons located in California and Washington.

24. During the Class Period (defined infra), Defendant has installed and/or caused to be installed a certain call recording system on its employees' officers', and/or agents' telephone lines in California. Defendant used its call recording system to record, overhear and listen to each and every telephone conversation on said telephone lines.

25. During the Class Period (defined infra), Defendant has caused their calls with Plaintiff and other residents and persons located in California and Washington to be recorded and/or monitored without the knowledge or consent of Plaintiff and other residents and persons located in California and Washington. Defendant's conduct alleged herein constitutes violations of the right to privacy of the public, including Plaintiff and other residents and persons located in California and Washington.

## V. CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. Without prejudice to later revision, the class which Plaintiff seeks to represent is defined as follows:

"All persons who, while physically located or residing in California and Washington, made or received one or more telephone calls with Defendant MONTEREY FINANCIAL SERVICES, INC. during the four year period preceding the filing of this lawsuit (the "Class Period") and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored" (the "Class").

. . .

27. Without prejudice to later revision, the subclass which Plaintiff seeks to represent as the subset of the Class is defined as follows:

"All persons who made one or more telephone calls with Defendant MONTEREY FINANCIAL SERVICES, INC., while using a "cellular radio telephone" as such term is defined in Cal. Penal Code §632.7(c)(1), during the four year period preceding the filing of this lawsuit and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored" (the "Subclass").

28. The members of the Class and the Subclass identified above are so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, the individual identities of the individual members of the Class and the Subclass are ascertainable through Defendant's records or by public notice.

29. There is a well-defined community of interests in the questions of law and fact involved affecting the members of the Class and the Subclass. The questions of law and fact common to the members of the Class and Subclass predominate over questions affecting only individual class members, and include, but are not limited to the following:

a.   Whether Defendant has or had a policy of recording, wiretapping, eavesdropping upon and/or monitoring incoming and/or outgoing calls;

b.   Whether Defendant disclosed to callers and/or obtained their consent that their incoming and/or outgoing telephone conversations were being recorded, wiretapped, eavesdropped upon and/or monitored;

c.   Whether Defendant's conduct of recording, wiretapping, eavesdropping upon and/or monitoring incoming and/or outgoing calls constituted a violation of Cal. Penal Code §§ 630 *et seq.*; and/or Wash. Rev. Code §§ 9.73 *et seq.*;

d.   Whether Defendant's policy of recording, wiretapping, eavesdropping upon and/or monitoring incoming and/or outgoing calls constitutes violation of California Business and Professions Code §§ 17200 *et seq.*;

e.   Whether DOE defendants are liable for the actions of MFS;

f.   Whether the members of the Class and/or Subclass are entitled to the remedies available under the applicable privacy/anti-wiretapping law;

g.   Whether the members of the Class and/or Subclass are entitled to injunctive relief;

h.   Whether the members of the Class and/or Subclass are entitled to an award of reasonable attorney's fees and costs.

8

30.   Plaintiff's claims are typical of the claims of the other members of the Class and Subclass which all arise from the same operative facts involving illegal recording or monitoring of telephone conversations on incoming and outgoing telephone calls with Defendant in California and are entitled to the greater of statutory damages of five thousand dollars ($5,000) per violation or three times actual damages, pursuant to Cal. Penal Code § 637.2(a); and or actual damages or liquidated damages computed at the rate of one hundred dollars ($100) a day for each day of violation, not to exceed one thousand dollars ($1,000), and reasonable attorney's fees and other costs of litigation, pursuant to Wash. Rev. Code § 9.73.060.

31.   Plaintiff will fairly and adequately protect the interests of the Class and the Subclass. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class and Subclass she seeks to represent during the Class Period since like all other Class members, Defendant recorded and or monitored its telephone conversations with Plaintiff on incoming and outgoing telephone calls with certain employees, officers and/or agents of Defendant located in California; and like all other Subclass members, each of Plaintiff's the aforementioned calls with Defendant entailed Plaintiff using her "cellular radio telephone" as such term is defined in Cal. Penal Code §632.7(c)(1).   In addition, Plaintiff has retained counsel experienced in handling class claims and claims involving illegal telephone recording and monitoring litigation to further ensure such protection and intend to prosecute this action vigorously.

32.   Prosecution of separate actions by individual members of the Class and/or the Subclass would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and the Subclass and would lead to repetitious trials of the numerous common questions of fact and law in the State of California; and could also lead to the establishment of incompatible standards of conduct for the Defendant, especially in the realm of the confidentiality of telephone conversations and expectations of privacy.   Such individual adjudications would be, as a practical matter, dispositive of the interests of, or would substantially impair or impede the interests of, the other members of the Class and or the Subclass.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. Defendant has acted or has refused to act on grounds that generally apply to the Class and the Subclass and final injunctive relief is appropriate as to the Class and the Subclass as a whole. Specifically. Defendant has recorded and/or monitored calls with Plaintiff and other residents and persons located in California and Washington without complying with California's and Washington's notice and consent requirement, and injunctive relief is necessary to avoid ongoing violations in the future.

34. The common questions of law and fact predominate over any questions affecting only individual members. Furthermore. a class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with applicable law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because of caps on statutory damages per-illegally-recorded-call. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. e.g. securities fraud.

35. Proper and sufficient notice of this action may be provided to the Class and Subclass members through methods best designed to provide adequate notice. including potentially a combination of e-mail. and/or postal mail, and/or Internet website. and/or publication.

36. Furthermore. the Class members' individual damages are insufficient to justify the cost of litigation. so that in the absence of class treatment. Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class and the Subclass. Absent certification of this action as a class action. Plaintiff and the members of the Class and the Subclass will continue to be damaged, thereby allowing Defendant to retain the proceeds of their ill-gotten gains.

37. Plaintiff also alleges that. as a direct result of Plaintiff bringing the illegal recording-monitoring issue to Defendant's attention, Defendant will prospectively make substantial and important changes to their recording practices in telephone conversations. Specifically. Plaintiff alleges that, as a result of Plaintiff's efforts. Defendants will or be required to ceased to surreptitiously record monitor calls. or implement changes in its policies designed to avoid surreptitious recording monitoring of calls. In either scenario (Plaintiff as catalyst for change or Plaintiff as enjoiner). Plaintiff has enforced. or will enforce, an important right affecting the public interest. conferring a significant benefit. whether pecuniary or nonpecuniary, on the general public or a large class of persons.

# VI. CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### Invasion of Privacy Under Applicable State Statutory Laws
### (Against Defendant on behalf of the Class)

38.    Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

39.    Cal. Penal Code §§ 631, 632, and Wash. Rev. Code §§ 9.73.030(1)(a) prohibit one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other. The aforementioned state statutes are violated the moment the recording is made without the consent of all parties thereto, regardless of the whether it is subsequently disclosed.    The only intent required by the aforementioned state statutes is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to violate California and/or Washington law, or to invade the privacy right of any other person.

40.    Defendant employed and/or caused to be employed certain wire-tapping, eavesdropping, recording and listening equipment on the telephone lines of all employees, officers, and/or agents of Defendant.

41.    Plaintiff is informed and believes and thereupon alleges that all these devices were maintained and utilized to overhear, record, and listen to each and every incoming and outgoing telephone conversation over said telephone lines. As a result, the persons who received telephone calls from or made telephone calls to MFS had their conversations recorded and/or monitored by Defendant.

42.    Said wire-tapping, listening, recording, and eavesdropping equipment was used to record, monitor, or listen to the telephone conversations of the Plaintiff and members of the Class, all in violation of Cal. Penal Code §§ 631, 632, and Wash. Rev. Code §§ 9.73.030(1)(a).

43.    The said telephone communications, and the recordings thereof were disseminated by and between the defendants, and each of them, and were otherwise willfully distributed and disclosed by and between the defendants and each of them, all in further violation of Cal. Penal Code §§ 631, 632, and Wash. Rev. Code §§ 9.73.030(1)(a).

44.    At the outset of each and every incoming and outgoing telephone conversation over said telephone lines, Defendant failed to inform Plaintiff or any other member of the Class that the interceptions, eavesdropping, wire-tapping, listening, and recording of their telephone

conversations was taking place. At no time during these telephone conversations did Defendant or any of any employee, officer and/or agent of Defendant inform Plaintiff or any other member of the Class that the interceptions, eavesdropping, wire-tapping, listening, and recording of their telephone conversations was taking place and at no time did Plaintiff or any member of the Class consent to this activity.

45. Defendant intentionally engaged in the aforementioned intercepting, eavesdropping, wire-tapping, listening, and recording activities during the telephone conversations between Plaintiff and the Class members, on the one hand, and Defendant on the other hand, as alleged herein above. These conversations were "confidential communications" within the meaning of California Penal Code § 632 since Plaintiff and members of the Class had an objectively reasonable expectation that the conversations were not being overheard or recorded.

46. Based on the foregoing, Plaintiff and members of the Class are entitled to, seek and below herein do pray for, their damages including but not limited to the greater of statutory damages of five thousand dollars ($5,000) per violation or three times actual damages, pursuant to Cal. Penal Code § 637.2(a); and/or actual damages or liquidated damages computed at the rate of one hundred dollars ($100) a day for each day of violation, not to exceed one thousand dollars ($1,000), and reasonable attorney's fees and other costs of litigation, pursuant to Wash. Rev. Code § 9.73.060.

47. In addition to damages, Plaintiff and members of the Class are entitled to pursuant to Cal. Penal Code § 637.2(b) and seek and below herein do pray for, injunctive relief in the form of an order (1) to restrain Defendant from recording any future telephonic communications with persons in California and Washington without consent and (2) to compel Defendant to institute policies and procedures which will educate Defendant's employees and agents as to California and Washington privacy laws and assure that such employees and agents follow such privacy laws.

48. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and members of the Class are entitled to and seek and below herein do pray for, recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Cal. Code of Civil Procedure §1021.5.

. . .

. .

. . .

**SECOND CAUSE OF ACTION**
**For Unlawful Recording of Telephone Calls Under Cal. Penal Code §632.7**
(Against Defendant on behalf of the Subclass)

49. Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

50. At all relevant times, Defendant has routinely made and received telephone calls with persons in California and Washington in the course of their business.

51. At all relevant times, Defendant has made use of a call recording system which allows it to secretly record telephone "communications" as such term is defined in Cal. Penal Code § 632.7(c)(3) between Defendant and persons in California and Washington while such persons were utilizing a "cellular radio telephone" as such term is defined in Cal. Penal Code § 632.7(c)(1) during telephone calls made or received by Defendant in California. Moreover, Defendants did, in fact, receive and secretly record such "communications" as such term is defined in Cal. Penal Code § 632.7(c)(3) with the members of the Subclass, without their knowledge or consent, in violation of Cal. Penal Code § 632.7(a).

52. Based on the foregoing, Plaintiff and members of the Subclass are entitled to, seek and below herein do pray for, their damages including but not limited to the greater of statutory damages of five thousand dollars ($5,000) per violation or three times actual damages, pursuant to Cal. Penal Code § 637.2(a).

53. In addition to damages, Plaintiff and members of the Subclass are entitled to pursuant to Cal. Penal Code § 637.2(b) and seek and below herein do pray for, injunction relief in the form of an order (1) to restrain Defendants from recording any future "cellular radio telephone" communications with persons in California and Washington without consent, and (2) to compel Defendants to institute policies and procedures which will educate Defendant's employees and agents as to California and Washington privacy laws and assure that such employees and agents follow such privacy laws.

54. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Subclass seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Cal. Code of Civil Procedure §1021.5.

**THIRD CAUSE OF ACTION**
**Unlawful and Unfair Business Acts and Practices in Violation of California Business &**
**Professions Code §17200, et seq.**
(Against Defendant on behalf of the Class)

55. Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

56. The acts, omissions, and practices of Defendants as alleged herein constitute unlawful and unfair business acts and practices within the meaning of Section 17200, et seq. of the Cal. Business & Professions Code. Defendant's conduct in violation of Cal. Penal Code §§ 631, 632, and Wash. Rev. Code §§ 9.73.030(1)(a), as set forth above, constitutes unlawful and unfair business acts and practices in violation of Cal. Business and Professions Code § 17200 et seq. in the following respects:

a.  Defendant's conduct of overhearing, recording and listening to each and every incoming and outgoing telephone conversation with Plaintiff and the Class without their prior consent, as set forth above, constitutes an unlawful business practice because Defendant's conduct violates Cal. Penal Code §§ 631, 632, and Wash. Rev. Code §§ 9.73.030(1)(a);

b.  Defendant's conduct of overhearing, recording and listening to each and every incoming and outgoing telephone conversation with Plaintiff and the Class without their prior consent, as set forth above, constitutes an unfair business practice because Defendant's practice is unethical, unscrupulous, and substantially injurious to consumers, and the harm to Plaintiff and members of the Class and the Subclass outweighs the utility, if any, of Defendant's practices

57. As a result of Defendant's violation of Cal. Penal Code §§ 631, 632, and Wash. Rev. Code §§ 9.73.030(1)(a), and Defendant's violation of Cal. Business and Professions Code § 17200 et seq., as set forth above, Plaintiff and the Class have suffered an injury in fact by, among other things, having their personal information recorded without their permission or consent and having their personal information disseminated to others without their without their prior permission or consent.

58. Additionally, Plaintiff and the Class have lost money or property in that Plaintiff and the Class have suffered and are each entitled to the statutory damages in the greater of amount of five thousand dollars ($5,000) per violation or three times actual damages pursuant to Cal. Penal Code § 637.2(a); and or actual damages or liquidated damages computed at the rate of one

hundred dollars ($100) a day for each day of violation, not to exceed one thousand dollars ($1,000), and reasonable attorney's fees and other costs of litigation, pursuant to Wash. Rev. Code § 9.73.060.

59.    Defendant's unlawful and unfair business practices, as described above, present a continuing threat to Plaintiff and the Class since Defendant continues to overhear, record and listen to each and every incoming and outgoing telephone conversation with persons in California and Washington, including Plaintiff and the Class without their prior consent. Plaintiff and the Class have no other adequate remedy of law in that absent injunctive relief from the Court, Defendant is likely to continue to injure residents of California and Washington, and thus engendering a multiplicity of judicial proceedings.

60.    Pursuant to the Cal. Business & Professions Code § 17203, Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form of an order instructing Defendants to prohibit the overhearing, recording and listening to each and every incoming and outgoing telephone conversation with California and Washington residents, including Plaintiff and the Class without their prior consent, and to maintain the confidentiality of the information of Plaintiff and the Class already obtained by Defendant way of its illegal practices set forth above. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendants under Code of Civil Procedure § 1021.5 and other applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants, on behalf of herself and the members of the putative Class and Subclass, as follows:

1.    That this action be certified as a class action on behalf of the proposed Class and Subclass and Plaintiff be appointed as representatives of the Class and Subclass;

2.    For damages under Cal. Penal Code § 637.2 and/or damages pursuant to the similar statute of Washington, Wash. Rev. Code § 9.73.060, per each violation Cal. Penal Code §§ 631, 632; and Wash. Rev. Code § 9.73.030(1)(a), for Plaintiff and each member of the Class;

3.    For damages under Cal. Penal Code § 637.2, per each violation Cal. Penal Code § 632.7(a), for Plaintiff and each member of the Subclass;

4.    For injunctive relief in the form of an order requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiffs and the Class full restitution of all monies wrongfully acquired by Defendants by means of such unfair and unlawful conduct, plus interest and

attorneys' fees pursuant to, *inter alia*, Cal. Business & Professions Code § 17203; and Cal. Code of Civil Procedure § 1021.5:

5. That the Court preliminarily and permanently enjoin Defendants from overhearing, recording and listening to each and every incoming and outgoing telephone conversation with persons in California and Washington, including Plaintiffs and the Class without their prior consent and to maintain the confidentiality of the information of Plaintiff and the Class already obtained by way of the illegal practices set forth above pursuant to, *inter alia*, Cal. Penal Code § 637.2(b).

6. For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or cy pres recovery where necessary to prevent Defendants from retaining the benefits of its wrongful conduct:

7. For an award of reasonable attorneys' fees as authorized by statute including, but not limited to, Wash. Rev. Code § 9.73.060 and the provisions of Cal. Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

8. For costs of suit as authorized by statute including, but not limited to, Wash. Rev. Code § 9.73.060;

9. For prejudgment interest at the legal rate; and

10. For such other and further relief as the court may deem proper.

Dated: October 15, 2013

KEEGAN & BAKER, LLP

Patrick N. Keegan, Esq.

WICKMAN & WICKMAN
Steven A. Wickman, Esq.
Christina E. Wickman, Esq.

Attorneys for Plaintiff and the putative Class and Subclass

1

## DEMAND FOR JURY TRIAL

2    Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with

3  respect to which they have a right to jury trial.

4  Dated: October 15, 2013

5                                          KEEGAN & BAKER. LLP

6

7                                          Patrick N. Keegan. Esq.

8                                          WICKMAN & WICKMAN
                                           Steven A. Wickman. Esq.
9                                          Christina E. Wickman. Esq.

10                                         Attorneys for Plaintiff and the putative Class and
                                           Subclass
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6695 |
| BRANCH NAME: | North County |
| TELEPHONE NUMBER: | (760) 201-8031 |

PLAINTIFF(S) / PETITIONER(S):   Tiffany Brinkley

DEFENDANT(S) / RESPONDENT(S): Monterey Financial Services, Inc.

BRINKLEY VS. MONTEREY FINANCIAL SERVICES, INC.[IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2013-00071119-CU-MC-NC |
|---|---|

## CASE ASSIGNMENT

Judge:  Timothy M. Casserly

Department: N-31

COMPLAINT/PETITION FILED: 10/15/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/11/2014 | 09:00 am | N-31 | Timothy M. Casserly |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

SDSC CIV-721 (Rev. 06-12)

Page 1

# Superior Court of California
## County of San Diego

# NOTICE OF ASSIGNMENT
# TO IMAGING DEPARTMENT

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2013-00071119-CU-MC-NC    CASE TITLE:

Brinkley vs. Monterey Financial Services, Inc.

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
        (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
        (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
        (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has been developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S Melrose DRIVE | |
| MAILING ADDRESS: 325 S Melrose DRIVE | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |

| PLAINTIFF(S): Tiffany Brinkley |
|---|

| DEFENDANT(S): Monterey Financial Services, Inc. |
|---|

| SHORT TITLE: BRINKLEY VS. MONTEREY FINANCIAL SERVICES, INC. |
|---|

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2013-00071119-CU-MC-NC |
|---|---|

SDSC CIV-359 (Rev 12-10)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

3