1  William P. Cole, Bar No. 186772
    wcole@calljensen.com
2  Matthew R. Orr, Bar No. 211097
    morr@calljensen.com
3  CALL & JENSEN
4  A Professional Corporation
   610 Newport Center Drive, Suite 700
5  Newport Beach, CA  92660
   Tel:   (949) 717-3000
6  Fax:   (949) 717-3100

7
   Attorneys for Defendant Monterey Financial Services, Inc.
8  and Monterey Financial Services, LLC

9

10                **UNITED STATES DISTRICT COURT**

11                **SOUTHERN DISTRICT OF CALIFORNIA**

12

13  TIFFANY BRINKLEY, on behalf of        Case No.      3:16-cv-01103-WQH-WVG
    herself and others similarly situated,
14                                         **DEFENDANTS MONTEREY**
15          Plaintiff,                     **FINANCIAL SERVICES, INC. AND**
                                           **MONTEREY FINANCIAL SERVICES,**
16          vs.                            **LLC'S OPPOSITION TO**
                                           **PLAINTIFF'S MOTION TO REMAND**
17  MONTEREY FINANCIAL SERVICES,
    INC.; DOE NO. 1 MONTEREY
18  FINANCIAL SERVICES, LLC; DOES 1       Date:   June 20, 2016
    through 100, inclusive,
19
20          Defendants.
21

22

23

24

25

26

27

28

DEFENDANTS MONTEREY FINANCIAL SERVICES, INC. AND MONTEREY FINANCIAL SERVICES, LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................1

II.  ARGUMENT ......................................................................................................2

   A.   Federal Jurisdiction is Preferred in CAFA Cases ...................................2

   B.   Defendants' Notice of Removal Establishes this Court's
        Original Jurisdiction ................................................................................3

   C.   The Notice of Removal was Timely ........................................................3

        1.   Brinkley's Complaint is Indeterminate as to
             Citizenship......................................................................................4

        2.   Brinkley's Complaint is Indeterminate as to the
             Amount in Controversy...................................................................7

   D.   The Amount in Controversy Exceeds $5 Million by a
        Preponderance of the Evidence ................................................................8

   E.   Defendants Did Not Waive the Right to Removal...................................10

   F.   Brinkley Fails to Establish that any CAFA Exception
        Applies to this Case.................................................................................11

   G.   The Court Should Deny Brinkley's Motion for Attorney's
        Fees..........................................................................................................15

III. CONCLUSION..................................................................................................16

# TABLE OF AUTHORITIES

Page

Federal Cases

*Becker v. Lindbolm*,
    2010 WL 4674305 (W.D.N.Y. Nov. 18, 2010) ..........................................................10

*Cain v. Hartford Life and Acc. Ins. Co.*,
    890 F. Supp. 2d 1246 (C.D. Cal. 2012) .....................................................................9

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    135 S.Ct. 547 (2014) ...............................................................................................2

*Daymar Colleges Grp.*,
    2012 WL 524459 (W.D. Ky. Feb. 15, 2012) .............................................................12

*Destfino v. Reiswig*,
    630 F.3d 952 (9th Cir. 2011) ...................................................................................8

*Dicuio v. Brother Intern. Corp.*,
    2011 WL 5557528 (D.N.J. Nov. 15, 2011) .........................................................12, 14

*EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd.*,
    322 F.3d 635 (9th Cir. 2003) .................................................................................10

*Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*,
    623 F.3d 147 (3d Cir. 2010) ..................................................................................14

*Goodfellow v. Merrill*,
    2009 WL 453109 (S.D. Cal. Feb. 23, 2009) .............................................................5

*Harris v. Bankers Life and Cas. Co.*,
    425 F.3d 689 (9th Cir. 2005) .......................................................................3, 4, 5, 6

*Hood v. Gilster-Mary Lee Corp.*,
    785 F.3d 263 (8th Cir. 2015) ....................................................................6, 12, 13

*Houston v. Bank of America, N.A.*,
    2014 WL 2958216 (C.D. Cal. Jun. 25, 2014) ..........................................................5

*In re Sprint Nextel Corp.*,
    593 F.3d 669 (7th Cir. 2010) ...................................................................6, 11, 12, 13

*Jones v. EEG, Inc.*,
    2016 WL 1572901 (E.D. Penn. Apr. 18, 2016) .................................................12, 13

CALL &
JENSEN

DEFENDANTS MONTEREY FINANCIAL SERVICES, INC. AND MONTEREY FINANCIAL SERVICES, LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# TABLE OF AUTHORITIES (con't)

Page

*Jordan v. Nationstar Mortg. LLC,*
   781 F.3d 1178 (9th Cir. 2015) ............................................................... 2

*Kanter v. Warner-Lambert Co.,*
   265 F.3d 853 (9th Cir. 2001) ................................................................. 5

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,*
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ................................................... 9

*Koch v. Medici Ermete & Figli S.R.L.,*
   2013 WL 1898544 (C.D. Cal. May 6, 2013) ........................................ 10

*Kuxhausen v. BMW Financial Services NA LLC,*
   707 F.3d 1136 (9th Cir. 2013) ......................................................... 4, 6, 7

*Lewis v. Verizon Communications, Inc.,*
   627 F.3d 395 (9th Cir. 2010) ................................................................. 8

*Lott v. Pfizer, Inc.,*
   492 F.3d 789 (7th Cir. 2007) ............................................................... 15

*Lovern v. General Motors Corp.,*
   121 F.3d 160 (4th Cir. 1997) ................................................................. 7

*Lussier v. Dollar Tree Stores, Inc.,*
   518 F.3d 1062 (9th Cir. 2008) ............................................................. 15

*Martin v. Franklin Capital Corp.,*
   546 U.S. 132 (2005) ............................................................................ 15

*Mattel, Inc. v. Bryant,*
   441 F. Supp. 2d 1081 (C.D. Cal. 2005) ............................................... 10

*McPhail v. Deere & Co.,*
   529 F.3d 947 (10th Cir. 2008) ............................................................... 8

*Mondragon v. Capital One Auto Finance,*
   736 F.3d 880 (9th Cir. 2013) ........................................................ passim

*Paoa v. Marati,*
   2007 WL 2694414 (D. Haw. Sep.11, 2007) ..................................... 5, 11

*Poulos v. Naas Foods, Inc.,*
   959 F.2d 69 (7th Cir. 1992) ................................................................... 7

DEFENDANTS MONTEREY FINANCIAL SERVICES, INC. AND MONTEREY FINANCIAL SERVICES, LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# TABLE OF AUTHORITIES (con't)

Page

*Resolution Trust Corp. v. Bayside Developers*,
  43 F.3d 1230 (9th Cir. 1994) ...................................................................10

*Reyes v. CVS Pharmacy, Inc.*,
  2014 WL 3938865 (E.D. Cal. Aug. 8, 2014) ............................................7

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
  720 F.3d 1121 (9th Cir. 2013) ..........................................................3, 4, 11

*Ruano v. Sears Roebuck & Co.*,
  2015 WL 6758130 (C.D. Cal. Nov. 5, 2015) .........................................5, 7

*Standard Fire Ins. Co. v. Knowles*,
  133 S.Ct. 1345 (2013).................................................................................9

State Cases

*Lieberman v. KCOP Television, Inc.*,
  110 Cal. App. 4th 156 (2003) ....................................................................8

Federal Statutes

28 U.S.C. § 1332 ...........................................................................................5
28 U.S.C. § 1332(d)(2) ..................................................................................3
28 U.S.C. §§ 1332(d)(4)(A), 1332(d)(4)(B) ...............................................11
28 U.S.C. § 1447(c) .....................................................................................15
28 U.S.C. § 1453(b) .......................................................................................3

State Statutes

Cal. Penal Code § 637.2 ................................................................................8
Cal. Penal Code § 637.2(a) ...........................................................................9

Other Authorities

14B Fed. Prac. & Proc. Juris. § 3723 ...........................................................7
2005 U.S.C.C.A.N. 3 ...............................................................................2, 14

CALL &
JENSEN

DEFENDANTS MONTEREY FINANCIAL SERVICES, INC. AND MONTEREY FINANCIAL SERVICES, LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

## I.     INTRODUCTION

Plaintiff Tiffany Brinkley's remand motion is a trickbox.  She argues, simultaneously, that Defendants' removal was untimely and that the amount in controversy is indeterminate.  Her contentions are foreclosed not only by logic, but settled law.

First, diversity jurisdiction turns on citizenship, not residency.  A complaint that alleges the plaintiff's residency, but not citizenship, does not trigger the 30-day period for removal.  Brinkley's Complaint does not contain any allegation as to her own citizenship or the citizenship of any putative class member.

Second, it is irrelevant whether Defendants had records, could locate records, or could have investigated Brinkley's, or any proposed class member's, citizenship.  A defendant's subjective knowledge of facts establishing removability does not start any removal clock.  Nor is there any duty to inquire.  Instead, notice of removability is determined through examination of the four corners of the complaint, or other papers received from the plaintiff in the litigation.

Third, Defendants' notice of removal establishes an amount in controversy exceeding $5 million.  Brinkley obfuscates with the muddled suggestion that penalties or damages depend on whether a class member was "located or residing" in California or Washington.  The amount in controversy, however, is not a prospective assessment of defendant's liability, but rather an estimate of the amount put *at issue*.  In her Complaint, Brinkley alleges violation of California's privacy laws in every cause of action, and she expressly seeks recovery of statutory damages *under California law* for herself and each member of the class.

Fourth, Defendants did not "waive" removal by moving to compel arbitration in state court.  A party cannot waive a right to remove until after the right to remove is apparent.  Brinkley's Complaint was not removable when filed, because she alleged only residency, not citizenship.

Finally, Brinkley does not meet her burden of establishing any exception to jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  She does not present evidence of *any* other class member's citizenship, let alone evidence from which the Court could find that two-thirds, or even one-third, of the class members are California citizens.  Her sole reliance on the total census populations of Washington and California is not only facile, but foreclosed by case law, which forbids such guesswork and speculation.

Because Defendants' notice of removal establishes CAFA jurisdiction—which the law favors—the Court should deny Brinkley's motion to remand.

## II.   ARGUMENT

### A.   Federal Jurisdiction is Preferred in CAFA Cases

Brinkley's remand motion begins with a false premise: that a strong presumption exists against removal.  In fact, just the opposite is true in CAFA cases.  "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  Courts must remain "mindful of Congress's intent to 'strongly favor the exercise of federal diversity jurisdiction of class actions with interstate ramifications[.]'" *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1179 (9th Cir. 2015)(quoting S.Rep. No. 109-14, at 35 (2005), reprinted in 2005 U.S.C.C.A.N. 3, at 34 (2005)).  Thus, any doubts regarding maintenance of a class action under CAFA should be resolved in favor of federal jurisdiction. *Jordan*, 781 F. 3d at 1184 ("Similarly, Congress and the Supreme Court have instructed us to interpret CAFA's provisions under section 1332 broadly in favor of removal, and we extend that liberal construction to section 1446."); Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42-43 ("if a Federal Court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising

jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.").

### B. Defendants' Notice of Removal Establishes this Court's Original Jurisdiction

Federal jurisdiction under CAFA has three elements: (1) any plaintiff class member is a citizen of a state different from any defendant; (2) the number of putative class members is at least 100; and (3) the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). Class actions meeting these requirements are removable under 28 U.S.C. §1453(b). Defendants' notice of removal established each of these elements. *See* Dkt. No. 1, ¶¶ 13-22.

In her remand motion, Brinkley does not dispute that her citizenship is diverse from Defendants, or that the number of putative class members is at least 100. Nor does she contend that Defendants' notice of removal failed to establish these elements. Instead, she argues that the notice of removal was untimely, and that the amount in controversy remains indeterminate. She also argues waiver. As explained hereafter, each argument fails.

### C. The Notice of Removal was Timely

Brinkley's remand motion demonstrates fundamental misunderstanding of the procedure governing removal in general and CAFA in particular. In fact, Brinkley fails even to cite, let alone discuss, the leading Ninth Circuit opinions on these subjects.

"A CAFA case may be removed at any time, provided that neither of the two thirty-day periods under §§ 1446(b)(1) and (b)(3) has been triggered." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013). Sections 1446(b)(1) and (b)(3) are not triggered unless the initial pleading or another document provided by the plaintiff affirmatively reveals on its face the facts necessary for federal jurisdiction. *Id.* at 1125; *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). In *Harris*, the court explained:

CALL &
JENSEN

We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.

*Harris*, 425 F.3d at 694. Thus, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth*, 720 F.3d at 1125; *accord Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013)(the defendant is "not obligated to supply information" which the plaintiff has omitted, and "[b]y leaving the window for removal open, [this rule] forces plaintiffs to assume the costs associated with their own indeterminate pleadings").

Accordingly, Brinkley's repeated protests over the length of time that passed between the filing of her Complaint and Defendants' notice of removal is apropos of nothing. As explained below, her Complaint was indeterminate as to citizenship and the amount in controversy.

### 1. Brinkley's Complaint is Indeterminate as to Citizenship

Brinkley's Complaint contains no allegation as to her own citizenship. Instead, she alleged only that she was a "resident" of Washington. Dkt. No. 1-3, ¶ 5. Similarly, the Complaint contains no allegations as to the citizenship of any other putative class member. Rather, Brinkley alleged that the class consists of persons who, "while physically located or residing in California and Washington made or received one or more telephone calls with Defendant MONTERREY FINANCIAL SERVICES, INC. during the four year period preceding the filing of this lawsuit[.]" *Id.* ¶ 26.

DEFENDANTS MONTEREY FINANCIAL SERVICES, INC. AND MONTEREY FINANCIAL SERVICES, LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

"But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "The natural person's state citizenship is then determined by her domicile, not her state of residence." *Id.*   Accordingly, a Complaint that alleges only residency does not trigger removability. *Id.; accord Harris*, 425 F.3d at 695-96; *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 884 (9th Cir. 2013)("That a purchaser may have a residential address in California does not mean that person is a citizen of California."); *Ruano v. Sears Roebuck & Co.*, No. CV 15-6060 PSG (FFMx), 2015 WL 6758130, at *2 (C.D. Cal. Nov. 5, 2015)("Citizenship is established by domicile, not residency.  The thirty-day clock did not start ticking because Defendant could guess or speculate that a class of California residents would include California citizens.")(citations omitted); *Houston v. Bank of America, N.A.*, No. CV 14-02786, 2014 WL 2958216, at *3 (C.D. Cal. Jun. 25, 2014)(collecting cases); *Goodfellow v. Merrill*, No. 09CV333-L(NLS), 2009 WL 453109, at *1 (S.D. Cal. Feb. 23, 2009); *Paoa v. Marati*, 2007 WL 2694414, at *5 (D. Haw. Sep.11, 2007).

Brinkley does not even cite *Kanter*.  But she grasps at straws to avoid its import.  First, she argues that the Complaint made "no less than *twenty references* to either Brinkley's Washington residence or the Washington statutes alleged to be violated by Monterey." Pls.' Mot. to Remand, at p. 9 (emphasis in original).  In fact, the Complaint alleges Brinkley's residence only once, in paragraph 5.  But even had she repeated the residency mantra, it would not take on magical properties, but would still only be an allegation of residency.  Furthermore, Brinkley does not even attempt to articulate—nor could she—how references to alleged violations of Washington law have anything whatsoever to do with the citizenship of any class member.

Second, Brinkley contends that because Monterey allegedly recorded her name and address each time she spoke with Monterey, and because Monterey had access to her 2011 Retail Installment Contract listing a Washington address, Monterey "had knowledge of facts" demonstrating she was domiciled in Washington at the time she

filed her Complaint.   As already explained, however, notice of removability is determined by the four corners of the complaint, not a defendant's subjective knowledge. *Kuxhausen*, 707 F.3d at 1141 & n.3 ("Kuxhausen is incorrect in asserting that because BMW *could have* ventured beyond the pleadings to demonstrate removability *initially* . . . it was therefore *obligated* to do so.")(emphasis in original); *Harris*, 425 F.3d at 694-95.  In any event, neither Brinkley's phone number nor address when she called Monterey, nor her address in the Retail Installment Contract, established citizenship.  *See, e.g., Mondragon*, 736 F.3d at 884 ("That a purchaser may have a residential address in California does not mean that person is a citizen of California."); *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 266 (8th Cir. 2015); *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010)("[A] court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses.").[1]

Because the Complaint was indeterminate as to citizenship, it was not until April 19, 2016, that Defendants received an "other paper" from Brinkley affirmatively revealing her citizenship.    *Harris*, 425 F.3d at 694.   She provided supplemental responses to requests for admissions, admitting her Washington (and non-California) citizenship.  *See* Dkt. No. 1-7, at p.15-18.  On April 20, 2016, her counsel sent correspondence to Defendants' counsel, confirming that Brinkley "[i]n fact, admitted to each of Defendant's Requests for Admissions." *Id.*  at p.22.  Although Defendants still had no obligation to file a notice of removal (given the Complaint's outstanding indeterminacy regarding the amount in controversy), Defendants filed the notice within

---

[1]    Brinkley also argues, cryptically, that removal is untimely because Monterey asserted in its motion to compel arbitration that Brinkley's claims involved "interstate commerce."  Pl.'s Mot. to Remand, at p. 9.  She cites no authority for the notion that determining citizenship has *anything* to do with whether the plaintiff's claims involve "interstate commerce."  Defendants are not aware of any.

Additionally, Brinkley cites *Mondragon* for the purported proposition that the court can presume domicile (and, hence, citizenship) from residence.  In so doing, she omits from her citation of *Mondragon* the court's statement that the Ninth Circuit has not adopted this presumption. *Mondragon*, 736 F.3d at 886.  In fact, *Kanter* forecloses it.

30 days of receiving Brinkley's admissions.  Accordingly, her untimeliness argument fails.  *See Ruano*, 2015 WL 6758130, at *2 (where complaint alleged only residency, defendant timely removed within 30 days of receiving discovery responses admitting diverse citizenship).[2]

### 2. Brinkley's Complaint is Indeterminate as to the Amount in Controversy

While Defendants removed well within 30 days of receiving Brinkley's citizenship admissions, the 30-day clock was in fact never triggered, because the Complaint is indeterminate as to the amount in controversy.  The Complaint does not allege a specific amount in controversy.  Furthermore, while the Complaint alleges violations of statutes carrying specific statutory damages per call, the Complaint does not allege the number of calls (or even the number of class members).  Accordingly, the amount in controversy is indeterminate.  *Kuxhausen*, 707 F.3d at 1141 (if not revealed on the face of the complaint, the amount in controversy is indeterminate, regardless of defendant's subjective knowledge); *Reyes v. CVS Pharmacy, Inc.*, No. 1:14-cv-00964 MJS, 2014 WL 3938865, at *5 (E.D. Cal. Aug. 8, 2014)(where the complaint did not "expressly provide the number of potential class members or the amount of damages at issue[,]" it was "indeterminate" and did not trigger the thirty-day removal period).  For this additional reason, Defendants' removal was timely.[3]

---

[2]    Brinkley argues that a case is not removable unless the plaintiff does something to "voluntarily" change the nature of the case.  This invocation of the "voluntary-involuntary" rule is misguided, and has no application here.  The voluntary-involuntary rule concerns a voluntary versus involuntary change in the *nature* of the case, typically the dismissal of non-diverse defendants.  *See, e.g.,* 14B Fed. Prac. & Proc. Juris. § 3723 (4th ed.); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71-72 (7th Cir. 1992).  Here, the point is not that the case has changed, but that Defendants received information revealing that the case is removable.  *See Lovern v. General Motors Corp.*, 121 F.3d 160, 162-63 (4th Cir. 1997)(discovery responses revealing citizenship constitute "other paper" permitting removal).

[3]    Brinkley cannot dispute this, as she contends (albeit wrongly) that Defendants have not established an amount in controversy over $5 million—an argument that requires, first, an indeterminate Complaint.

Furthermore, because the Complaint was indeterminate, it ultimately makes no difference whether the later-served defendant, Monterey Financial Services, LLC, is entitled to its own 30-day removal clock.  Nevertheless, Defendants assert that, even

### D.   The Amount in Controversy Exceeds $5 Million by a Preponderance of the Evidence

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  In other words, it is an estimate of the amount "put at issue." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

Here, Defendants submitted the declaration of Defendants' President and CEO, establishing that Monterey recorded well in excess of 5,000 telephone calls from persons who were physically located or residing in California and/or Washington.  Dkt. No. 1-11, at p.3.  Furthermore, California Penal Code section 637.2 provides statutory damages of $5,000 per call.  *Lieberman v. KCOP Television, Inc.*, 110 Cal. App. 4th 156, 167 (2003).  Thus, the amount put at issue exceeds $5 million by many fold.

Brinkley's attempts to confuse the issue are unavailing.  First, Brinkley's suggestion that it matters—for purposes of the amount in controversy—whether class members were located or residing in California versus Washington at the time of the calls is both facile and wrong.  In her Complaint, Brinkley repeatedly alleges that Monterey's recordings violated both Washington *and* California law.  Dkt. No. 1-3, ¶¶ 30, 42.  Each cause of action alleges violation of California law.  *Id.* ¶¶ 42, 51, 56. Brinkley alleges that Monterey's recording of her own calls violated California law, even though she alleges she was a Washington resident.  *Id.* ¶ 3.  Moreover, the Complaint expressly alleges that both Brinkley and the class members are entitled to, and seek, statutory damages of $5,000 per violation pursuant to California Penal Code section 637.2 *and* liquidated damages under Washington law.  *Id.* ¶¶ 46, 58 (alleging

---

Continued from the previous page

assuming the Complaint was not indeterminate, service of the LLC triggered another removal period under *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011).  Brinkley did not *substitute* the LLC for the corporation; instead, she is attempting to sue both parties. She cites no Ninth Circuit (or any circuit) authority holding that *Destfino* does not apply in such a circumstance.

CALL &
JENSEN

that "Plaintiff and the Class have suffered and are *each* entitled to the statutory damages in the greater of the amount of five thousand dollars ($5,000) per violation or three times actual damages pursuant to Cal. Penal Code § 637.2(a)")(emphasis added). Nothing in the Complaint purports to foreclose application of California law to every call allegedly recorded by Monterey, particularly as the Complaint alleges that Monterey recorded the calls from its place of business in California. Given the broad scope of the Complaint's language and the relief sought, Brinkley cannot escape the Court's jurisdiction by now suggesting a narrow, artificial and non-binding reading of the Complaint. *See Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012)("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on *all* claims made in the complaint.")(emphasis added); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)(same).   In fact, even if Brinkley tried to *stipulate away* the proposed class members' claims under California law, it would have no impact on the amount in controversy.   *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1349 (2013)(the named plaintiff lacks the authority to concede the amount-in-controversy issue for absent class members).

Second, Brinkley asserts that the declaration's reference to "1,000 different persons" is "purposefully evasive" regarding whether those persons were located in or residing in Washington or California at the time of the calls.   As just explained, it does not matter, for purposes of the amount in controversy, whether the members were located in California or Washington.   But in any event, the reference to 1,000 different persons addresses CAFA's requirement that the number of class members be at least 100.   Far from evasive, the "physically located or residing in California and/or Washington" language was intended to track the Complaint's own class definition. *See* Dkt. 1-3, ¶ 26.

Third, Brinkley's math is wrong.  She asserts that if California's statutory damages are at issue, the amount in controversy is $5,000,000, reaching that number by multiplying $5,000 by 1,000 persons.  But as already explained, the $5,000 penalty is per call, not per person.  Thus, although Defendants dispute any liability, the amount in controversy is at least $25,000,000.

### E.    Defendants Did Not Waive the Right to Removal

Brinkley contends that Defendants waived their right to remove by first moving to compel arbitration in state court.  The contention lacks merit.

A party "may waive the right to remove to federal court where, *after it is apparent that the case is removable*, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994)(emphasis added); *accord EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd.*, 322 F.3d 635, 650 (9th Cir. 2003).  A waiver of the right to remove must be clear and unequivocal.  *Bayside Developers*, 43 F.3d at 1240.  Thus, for any waiver to have occurred, it must have been "unequivocally apparent" that the case was removable.  *Mattel, Inc. v. Bryant,* 441 F. Supp. 2d 1081, 1091 (C.D. Cal. 2005); *Koch v. Medici Ermete & Figli S.R.L.*, No.CV 13-1411 CAS (PJWx), 2013 WL 1898544, at *2 (C.D. Cal. May 6, 2013).

Here, as already explained, Brinkley's Complaint is indeterminate as to citizenship and the amount in controversy.  Thus, it was not unequivocally apparent that the case was removable.  Defendants did not obtain Brinkley's admissions regarding citizenship until April 19, 2016.  Brinkley does not, and cannot, claim that Defendants subsequently took any action in state court manifesting any intent to have this case adjudicated there.  In fact, the only action in state court following Defendants' receipt of Brinkley's admissions was a case management conference (in which Monterey promptly informed the state court that it was removing the case to federal court).  There was no waiver.  *See, e.g., Becker v. Lindbolm*, No. 10-CV-00792(A)(M), 2010 WL

DEFENDANTS MONTEREY FINANCIAL SERVICES, INC. AND MONTEREY FINANCIAL SERVICES, LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

CALL&
JENSEN

4674305 (W.D.N.Y. Nov. 18, 2010)(finding no waiver where "it did not become 'unequivocally apparent' that removal was possible" until plaintiff provided defendant with a notice stating the amount in controversy); *Paoa*, 2007 WL 2694414, at *6 (where removability was not apparent until defendant's receipt of plaintiff's interrogatory responses, the defendant's prior state court actions could not be interpreted as a manifestation of intent to abandon a right to a federal forum).

Moreover, because the Complaint is indeterminate as to the amount in controversy, and because Brinkley has never provided an "other paper" stating the amount, Defendants did not even need to remove when they did, and cannot be found to have waived their right to a federal forum.  *See Roth*, 720 F.3d at 1125-26 (if the pleading is indeterminate, a defendant does not have any duty to inquire, and thus a CAFA case "may be removed at any time").[4]

## F.    Brinkley Fails to Establish that any CAFA Exception Applies to this Case

Brinkley contends that the Court should decline CAFA jurisdiction under the local-controversy exception, the home-state exception or discretionary jurisdiction.  But she does not carry her burden on any exception.

Both the local-controversy exception and the home-state exception require that two-thirds or more of the putative class members must be local state (California) citizens.  28 U.S.C. §§ 1332(d)(4)(A), 1332(d)(4)(B).  Discretionary remand requires (among other things) that at least one-third of the class consists of local state citizens. *Id.* § 1332(d)(3).  The party seeking remand bears the burden of proving the exceptions apply.  *Mondragon*, 736 F.3d at 881; *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010).  Where, as here, the defendant disputes the exceptions, the plaintiff must present actual *evidence* of the putative class members' citizenship; the court cannot rely on inference or guesswork.  *Mondragon*, 736 F.3d at 881-82; *Sprint*, 593 F.3d at 674.

---

[4]    Indeed, Brinkley cannot argue the right to remove was *apparent*, while simultaneously arguing the amount in controversy is indeterminate.

Accordingly, where the class definition does not expressly limit the class to local state *citizens*, the court cannot infer citizenship from a class defined by residency or other characteristics, even if those characteristics make local citizenship "likely." *Mondragon*, 736 F.3d at 881-82, 885; *accord Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 266 (8th Cir. 2015); *Sprint*, 593 F.3d at 674 ("[s]ensible guesswork" is "guesswork nonetheless"); *Jones v. EEG, Inc.*, No. 15-5018, 2016 WL 1572901 (E.D. Penn. Apr. 18, 2016)(court could not rely on putative class members' residencies or home addresses to find CAFA exception applied; evidence of citizenship required); *Albury v. Daymar Colleges Grp.*, No. 3:11-CV-573 R, 2012 WL 524459, at *4 (W.D. Ky. Feb. 15, 2012)(no circuit court has equated residency to citizenship for the purposes of a CAFA exception); *Dicuio v. Brother Intern. Corp.*, No. 11-1447 (FLW), 2011 WL 5557528, at *4-5 (D.N.J. Nov. 15, 2011).

*Mondragon* is dispositive. There, the plaintiff sought remand under the local-controversy exception. The plaintiff relied on his proposed class definitions, which limited class members to persons who, in the four years prior to the filing of the complaint, "purchased a vehicle from Ron Baker for personal use to be registered in the State of California[.]" 736 F.3d at 883. The district court inferred from this class definition that more than two-thirds of the class members were California citizens. The Ninth Circuit reversed, holding:

> Mondragon's arguments for allowing a district court to make the required factual findings where no evidence has been presented are unpersuasive. As the Seventh Circuit noted, such freewheeling discretion amounts to no more than "guesswork. Sensible guesswork, based on a sense of how the world works, but guesswork nonetheless." *Sprint*, 593 F.3d at 674.

736 F.3d at 884. The court further observed that "a residential address in California does not mean that person is a citizen of California." *Id.* The court noted that some automobiles were likely purchased by members of the military, by out-of-state students, by owners of second homes, by other temporary residents who maintained legal citizenship in other states, and by persons who were citizens of California at the time of

the purchase but subsequently moved to other states. *Id.* Thus, having failed to submit actual evidence of the class members' citizenship, the plaintiff failed to establish any CAFA exception. *Id.*; *accord Sprint*, 593 F.3d at 671, 675-76 (where plaintiff's class definition was not expressly limited to Kansas citizens, and plaintiff did not present any "affidavits or survey responses" in which putative class members reveal their citizenship, plaintiff failed to establish the home-state exception, even though the class was limited to people who had a Kansas cell phone number, a Kansas billing address, and paid a Kansas fee); *Hood*, 785 F.3d at 265-66 (district court erred in using last known addresses to determine that CAFA exception applied).

As in *Mondragon* and *Sprint*, Brinkley's proposed class is not limited to local-state (California) citizens. In fact, it isn't even limited to California residents or persons who purchased anything in California. Instead, the proposed class includes anyone who had a recorded call with Monterey while merely *located* or *residing* in California *or* Washington at any time during the four-year period preceding the Complaint. Dkt. 1-3, § 26. Furthermore, Brinkley has not submitted any affidavits or survey responses from *any* proposed class members, let alone statistically significant responses. *See, e.g., Sprint*, 593 F.3d at 675 (evidence to establish a CAFA exception could include statistically significant "affidavits or survey responses in which putative class members reveal whether they intend to remain in Kansas indefinitely"); *Hood*, 785 F.3d at 266 (same); *Jones v. EEG, Inc.*, No. 15-5018, 2016 WL 1572901, at *1 (E.D. Pa. Apr. 18, 2016)("Having failed to adduce additional evidence, by sampling or otherwise, of at least one-third of his class comprised of Pennsylvania citizens, we deny Plaintiff's renewed motion to remand."). Brinkley's reliance on nothing more than census statistics concerning the relative populations of California and Washington is rank speculation and guesswork, rejected and foreclosed by *Mondragon*. Accordingly, she does not meet her burden of establishing any CAFA exception.

Finally, the Court should deny Brinkley's one-sentence request for jurisdictional discovery. "CAFA's legislative history suggests that Congress intended for jurisdiction



to be determined 'largely on the basis of readily available information,' and that courts should not grant broad discovery requests[.]" *Dicuio*, 2011 WL 5557528, at *6. Thus, "in assessing the citizenship of the various members of a proposed class, it would in most cases be improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow a construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a proposed class is certified." Judiciary Committee Report on Class Action Fairness Act, S.Rep. No. 109-14, at 44 (1st Sess.2005)(reprinted in 2005 U.S.C.C.A.N. 3). Furthermore, a plaintiff seeking jurisdictional discovery cannot engage in fishing expeditions. *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010).

Here, without any analysis, Brinkley asks the Court to order Defendants to answer her special interrogatories 9 and 10. But doing so would constitute a "burdensome undertaking that will not be necessary unless a proposed class is certified." S.Rep. No. 109-14, at 44. It also would accomplish nothing. Interrogatories 9 and 10 ask for the names, addresses and telephone numbers of each "CALIFORNIAN" or "WASHINGTONIAN" who had a telephone conversation with Monterey during the proposed class period. Dkt. 12-5, at p.4. The interrogatories define "CALIFORNIAN," however, as persons merely "physically located in or residing in" California at the time of the call, and define "WASHINGTONIAN" in a similar manner. *Id.* at p.3. Such information, even if provided, would not remotely establish *citizenship* for any CAFA exception. Accordingly, the court should deny the request for jurisdictional discovery. *See Dicuio*, 2011 WL 5557528 (denying "one-sentence discovery request" that did not state with reasonable particularity what discovery would be needed to ascertain class member citizenship).

/ / /

/ / /

**G.     The Court Should Deny Brinkley's Motion for Attorney's Fees**

Brinkley seeks an astonishing $65,664 in attorney's fees.  Because Defendants' removal was proper, the fee request has no merit.  28 U.S.C. § 1447(c)(providing possibility for fee award only upon an order to remand).

But even assuming arguendo that the Court ordered a remand, there would still be no basis for a fee award.  "If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious.  But there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)(citation omitted).  Accordingly, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141; *accord Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)(remand itself does not justify a fee award; the removal must have been "objectively unreasonable"); *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).  For all the reasons set forth in this opposition, Defendants' removal was objectively reasonable (as well as correct).

For her part, Brinkley ignores *Martin* altogether, wrongly asserting that a fee award does not require objective unreasonableness.  She then merely asserts that Defendants removed this action late and are "clearly forum-shopping."  As already explained, Defendants' removal was timely, and Defendants' position on that point is objectively reasonable.  Furthermore, it is not clear what Brinkley means by "forum-shopping," as every removal is inherently a choice of the federal forum over the state.  In any event, the state court has not made any ruling in this case that could even possibly be the subject of reconsideration in this Court.

/ / /

/ / /

DEFENDANTS MONTEREY FINANCIAL SERVICES, INC. AND MONTEREY FINANCIAL SERVICES, LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1

**III.     CONCLUSION**

2

     For the foregoing reasons, this Court should deny Brinkley's motion to remand,

3

as well as her request for attorney's fees.

4

Dated:  June 6, 2016                  CALL & JENSEN

5

                                   A Professional Corporation
                                   William P. Cole

6

                                   Matthew R. Orr

7

                            By:*/s/ William P. Cole*
                                William P. Cole

8

                            Attorneys for Monterey Financial Services, Inc.

9

                            and Monterey Financial Services, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS MONTEREY FINANCIAL SERVICES, INC. AND MONTEREY FINANCIAL SERVICES, LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

**CERTIFICATE OF SERVICE**
(United States District Court)

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On June 6, 2016, I have served the foregoing document described as **DEFENDANTS MONTEREY FINANCIAL SERVICES, INC. AND MONTEREY FINANCIAL SERVICES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** on the following person(s) in the manner(s) indicated below:

**SEE ATTACHED SERVICE LIST**

**[ X ]** (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

**[ ]** (BY MAIL)  I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[ ]** (BY OVERNIGHT SERVICE)  I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[ ]** (BY FACSIMILE TRANSMISSION)  On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein.

The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ ]** (BY E-MAIL) I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

**[ X ]** (FEDERAL) I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

**[ ]** (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on June 6, 2016, at Newport Beach, California.

*/s/William P. Cole*

## SERVICE LIST

Steven A. Wickman, Esq.                        **Attorneys for**
Christina E. Wickman, Esq.
Wickman & Wickman                              **Plaintiff Tiffany Brinkley**
500 La Terraza Blvd., Suite 150
Escondido, CA 92025
Tel: (760) 732-3300
Fax: (619) 271-8656
Steve@wickmanlaw.com
Christina@wickmanlaw.com

Patrick N. Keegan, Esq.
Keegan & Baker, LLP
6156 Innovation Way
Carlsbad, CA 92009
Tel: (760) 929-9303
Fax: (760) 929-9260
pkeegan@keeganbaker.com