1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16

| | |
|---|---|
| TIFFANY BRINKLEY on behalf of herself and other similarly situated,<br><br>                                        Plaintiff,<br>        v.<br>MONTEREY FINANCIAL SERVICES, INC.; DOE NO. 1 MONTEREY FINANCIAL SERVICES, LLC DOES 1 through 100, inclusive,<br><br>                                        Defendant. | CASE NO. 16cv1103-WQH-WVG<br><br>ORDER |

17

HAYES, Judge:

18

The matter before the Court is the Motion to Remand filed by Plaintiff Tiffany Brinkley.  (ECF No. 12).

19

**I. Background Facts**

20
21

On October 15, 2013, Plaintiff Tiffany Brinkley ("Plaintiff") commenced an action against Monterey Financial Services, Inc., in the Superior Court of the State of California for the County of San Diego by filing a Complaint.  (ECF No. 1-3 at 2).

22
23
24

In the Complaint, Plaintiff asserts that she "was, at all time relevant herein, a natural person and a resident of Tukwila, Washington."  *Id.* ¶ 5.  Plaintiff seeks, among other things, to certify a putative class that purports to include "[a]ll persons who, while physically located or residing in California and Washington. [sic] made or received one or more telephone calls with Defendant MONTEREY FINANCIAL SERVICES, INC. during the four year period preceding the filing of this lawsuit (the "Class Period") and

25
26
27
28

did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored" (the "Class")." *Id*. ¶ 26. The Complaint asserts causes of action against Defendant for violations of California Penal Code §§ 630, *et seq*., Washington Rev. Code §§ 9.73, *et seq*., and California Business & Professions Code §17200, *et seq*., based on Defendant's alleged unlawful recording and/or monitoring of telephone calls.

On November 25, 2013, Defendant filed an Answer denying the allegations in the Complaint and reserving a number of affirmative defenses. (ECF No. 1-4).

On December 10, 2013, Defendant filed a motion to compel arbitration. (ECF No. 1-5). On April 7, 2014, the state trial court ordered the action to arbitration on an individual basis and dismissed the class claims. *Id.* at 41-42. On May 29, 2014, Plaintiff filed a Notice of Appeal of the state trial court's order compelling the action to arbitration on an individual basis. *Id*. at 43-45. On November 19, 2015, the state appellate court affirmed the trial court's order compelling the action to arbitration and reversed the trial court's order dismissing the class claims, leaving the determination to the arbitrator as to whether the matter should be pursued as a class or individually. (ECF No. 1-6 at 13-54).

On December 28, 2015, by joint stipulation, the parties waived their rights to arbitrate Plaintiff's Complaint and agreed to litigate as if there were no arbitration clause. (ECF No. 1-6 at 7-9). On January 20, 2016, the action was remitted to the state trial court. *Id*. at 12.

On February 8, 2016, Defendant served Plaintiff with its First Set of Admissions and its First Set of Form Interrogatories, requesting, in part, that Plaintiff "[a]dmit that you were a citizen of the State of Washington at the time you filed the complaint in this matter." (ECF No. 1-7 at 2-3). On April 19, 2016, Plaintiff served her Supplemental Responses to Defendant's First Set of Form Interrogatories. In response to Defendant's request for admission regarding Plaintiff's citizenship, Plaintiff stated,

> As stated on page 2, paragraph 5 of Plaintiff's Class Action Complaint for Damages and Injunctive Relief, filed with the Court on October 15, 2013

1
2
3
4
5

> . . . Plaintiff is a resident of Tukwila, Washington, and has been "at all relevant time herein."  Further, as known by the Defendant, the finance agreement between the Defendant and Plaintiff, signed in August of 2011, specifically utilized a Washington State Resident Finance agreement, and lent money to the Plaintiff through its Washington State lender's license. . . . Plaintiff admits . . . that she was a citizen of the State of Washington at the time she filed her complaint . . . .

6

*Id.* at 16.

7
8
9
10
11
12
13

On May 6, 2016, Defendants[1] removed this action to federal district court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1453(b). (ECF No. 1).  Defendants assert that the Court has jurisdiction under CAFA on the grounds that (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) any member of the class of plaintiffs is a citizen of a State different from any defendant.

14
15
16
17
18
19

On May 19, 2016, Plaintiff filed a motion to remand.  (ECF No. 12).  Plaintiff does not dispute that her citizenship is diverse from Defendants or that the number of putative class members is at least 100.  Plaintiff contends that Defendants' notice of removal was untimely, that Defendants waived their right to remove the case, and that the amount in controversy is indeterminate. Plaintiff further contends that exceptions to CAFA apply.

20
21
22
23
24

On June 6, 2016, Defendants filed a response.  (ECF No. 15).  Defendants contend that the notice of removal was timely, that they have not waived their right to remove the case, and that they carried their burden to show the amount in controversy. Defendants also contend that exceptions to CAFA do not apply. On June 13, 2016, Plaintiff filed a reply.  (ECF No. 20).

25

**II. Request for Judicial Notice**

26
27
28

---

[1] On April 1, 2016, Plaintiff filed a "Doe Amendment," naming as a defendant, Monterey Financial Services, Inc.'s successor-in-interest, Monterey Financial Services, LLC.  (ECF No. 1-8 at 2).  For all events occurring after April 1, 2016, this Order will refer to Monterey Financial Services, Inc. and Monterey Financial Services, LLC as "Defendants."

Plaintiff requests that the Court take judicial notice of screenshots from the United States Census Bureau website. (ECF No. 12-2). Defendants do not object.

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). [U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee*, 250 F.3d at 689 (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)). The Court will take judicial notice of the screenshots from the United States Census Bureau website.

**III. Timeliness**

Federal courts have original jurisdiction under CAFA where the number of proposed plaintiffs is greater than 100, there is a diversity of citizenship between any member of the class and any defendant, and the amount in controversy is more than $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). "A CAFA case may be removed at any time, provided that neither of the two thirty-day periods under §§ 1446(b)(1) and (b)(3) has been triggered." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

Plaintiff contends that Defendants removed this action in violation of the 30-day time limit of 28 U.S.C. § 1446(b). Plaintiff contends that the Complaint, filed in state court on October 15, 2013, gave Defendants notice of alleged facts establishing diversity jurisdiction. Defendants contend that Plaintiff's Complaint was indeterminate as to citizenship and that Defendants received notice from Plaintiff affirmatively revealing her citizenship on April 19, 2016.

To remove a case from a state court to a federal court, a defendant must file a notice of removal. 28 U.S.C. § 1446(a). Under 28 U.S.C. § 1446(b), "a case may be removed during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first

be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)(1), (3)). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. "[D]efendants need not make extrapolations or engage in guesswork; yet the statute [28 U.S.C. § 1446] requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). For purposes of diversity of citizenship,

> The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In this case, Plaintiff alleges in the Complaint that she "was, at all time relevant herein, a natural person and a resident of Tukwila, Washington." (ECF No. 1-3 ¶ 5). The Complaint asserts causes of action against Defendant for alleged violations of California and Washington law. Plaintiff seeks to certify a putative class that purports to include "[a]ll persons . . . physically located or residing in California and Washington . . . ." *Id*. ¶ 26. The Complaint does not reveal on its face facts to ascertain Plaintiff's state of domicile or citizenship to support removal under CAFA. *See Harris*, 425 F.3d at 695 (finding that the initial pleading did not affirmatively reveal information to trigger removal based on diversity where the initial pleading stated residency, not citizenship); *Kanter*, 265 F.3d at 857 (parties' actual citizenship, not residency determines diversity); *see also Ruano v. Sears Roebuck & Co.*, No. CV 15-6060-PSG-FFMx, 2015 WL 6758130, at *2 (C.D. Cal. Nov. 5, 2015) ("The thirty-day clock does not start ticking because Defendant could guess or speculate that class of California residents would include California citizens."). Plaintiff contends that even if the

Complaint did not put Defendants on notice of facts that could lead to diversity jurisdiction, Defendants received another "paper" on March 24, 2014 that put it on notice. (ECF No. 20 at 9).

On March 24, 2014, Plaintiff submitted a declaration in support of Plaintiff's Opposition to Defendant's Motion to Compel Arbitration stating, "I am resident of the State of Washington and at all relevant times herein was a resident of the State of Washington." (ECF No. 1-9 at 112 ¶ 2). The declaration states that during the "summer of 2011," Plaintiff received a phone call from Real Estate Investor Education. *Id.* ¶ 3. While "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change," the declaration does not state that Plaintiff is domiciled in Washington; rather it states that Plaintiff is a resident of Washington. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. The March 24, 2014 declaration does not state Plaintiff's domicile or citizenship. The declaration is indeterminate as to citizenship. Defendants were not put on notice of Plaintiff's citizenship until April 19, 2016, when Plaintiff stated that she was a "citizen" of Washington. Defendants filed the notice of removal on May 6, 2015, less than thirty days after the thirty-day removal period was triggered pursuant to 28 U.S.C. § 1446(b)(3). The Court concludes that Defendants' Notice of Removal is timely.

## IV. Substantial State Court Action

Plaintiff contends that remand is appropriate because Defendants waived their rights to remove by taking "substantial offensive and defensive action in the state court action . . . ." (ECF No. 12-1 at 20). Defendants contend that it did not waive its right to remove the case because the case was not removable until Defendants discovered Plaintiff's citizenship.

A party "may waive the right to remove to federal court where, after it is apparent

that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). "A waiver of the right of removal must be clear and unequivocal." *Id.*

In this case, the Complaint is indeterminate as to citizenship. After Defendants obtained Plaintiff's admission regarding citizenship on April 19, 2016, Defendants filed a notice of removal in this court. There is no evidence in the record that Defendants took subsequent actions after it was apparent that the case was removable in state court that "manifest[ed] his or her intent to have the matter adjudicated there . . . ." *See Resolution Trust*, 43 F.3d at 1240. A waiver of the right of removal is not clear or unequivocal in this case.

## V. Amount in Controversy & CAFA Exceptions

In this case, the amount in controversy is not facially apparent from the Complaint. In the notice of removal, Defendants stated that the amount in controversy exceeds $5 million. Specifically, Defendants asserted,

> California Penal Code Section 637.2 provides statutory damages of up to $5,000 per violation of section 632 or section 632.7. The Declaration of Chris Hughes concurrently filed herewith, establishes that Monterey recorded well over 5,000 telephone calls to/from individuals **living in and calling from California** alone during the class period. (Hughes Decl., ¶ 7) Thus, the amount in controversy exceeds the jurisdictional limit of $5,000,000. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (courts may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal"). Thus, although Defendant denies Plaintiff's allegations of liability, injury, and damages and will oppose certification of the putative class, taking Plaintiff's allegations to be true, this is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

(ECF No. 1 ¶ 19 (emphasis added)). The declaration provided by Defendant's President and CEO Chris Hughes, who states that he is "responsible for oversight, operation, and function of every aspect of the business[,]" does not have a paragraph seven. (ECF No. 1-11 ¶ 1). However, in paragraph six Hughes states,

1
2
3

> Over the course of a four-year period preceding the filing of Plaintiff Tiffany Brinkley's Complaint, Monterey recorded well in excess of 5,000 telephone calls from well over 1,000 different persons who were physically located or residing in California and/or Washington.

4   (ECF No. 1-11 ¶ 6).

5   Plaintiff contends that Defendants' removal is not supported by the requisite

6   evidence to establish that this case exceeds the $5 million amount in controversy

7   threshold required under CAFA.  Plaintiff contends that the amount in controversy

8   would be less than $5 million if the class members were located in Washington.

9   Defendants contend that federal court jurisdiction is proper because it has

10   established by a preponderance of the evidence that the amount in controversy exceeds

11   $5 million. Defendants contend that "[n]othing in the Complaint purports to foreclose

12   application of California law to every call allegedly recorded by Monterey, particularly

13   as the Complaint alleges that Monterey recorded the calls from its place of business in

14   California."  (ECF No. 15 at 14).

15   A federal court may assert subject matter jurisdiction over a class action under

16   CAFA only if the aggregate amount in controversy exceeds $5 million.  28 U.S.C. §

17   1332(d).  "If the plaintiff's complaint, filed in state court, demands monetary relief of

18   a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in

19   controversy.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547,

20   551 (2014)  (quoting 28 U.S.C. § 1446(c)(2)).  "When plaintiff's complaint does not

21   state the amount in controversy, the defendant's notice of removal may do so." *Id.*

22   (quoting 28 U.S.C. § 1446(c)(2)(A)). "[W]hen a defendant's assertion of the amount in

23   controversy is challenged . . . both sides submit proof and the court decides, by a

24   preponderance of the evidence, whether the amount-in-controversy requirement has

25   been satisfied." *Dart Cherokee*, 135 S. Ct. at 554.

26   "If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs:

27   '[R]emoval ... is proper on the basis of [an] amount in controversy asserted' by the

28   defendant 'if the district court finds, by the preponderance of the evidence, that the

1   amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553-54 (quoting 28

2   U.S.C. § 1446(c)(2)(B)).  When the court makes this determination, "the defendant

3   seeking removal bears the burden to show by a preponderance of the evidence that the

4   aggregate amount in controversy exceeds $5 million when federal jurisdiction is

5   challenged." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

6      Plaintiff further contends that the local controversy exception, the home state

7   controversy exception, and the discretionary dismissal provision of CAFA each apply

8   to this matter and prevent this Court from exercising CAFA jurisdiction.  Plaintiff

9   contends that each CAFA exception supports the remand of this action back to state

10  court because more than two-thirds of the members of the class are from California.

11  (ECF No. 12-1 at 28).  In the alternative, Plaintiff requests an order from this Court

12  "allowing Plaintiff to conduct jurisdictional discovery and requiring Defendant to

13  submit substantive responses" to Plaintiff's interrogatories focused on the location of

14  the individuals who receive calls from the Defendant "so that the Court can determine

15  if [this action] falls within" the local controversy exception to CAFA.  (ECF No. 12 at

16  2).  Plaintiff contends that Defendants have access to the addresses of class members

17  because Defendants "continually asked Class members to affirm their addresses during

18  their secretly recorded telephone calls."  (ECF No. 12-1 at 28).  In the alternative,

19  Plaintiff contends that a review of the census data comparing the relative number of

20  California citizens to the number of Washington citizens is sufficient to establish that

21  the local controversy exception applies.  (ECF Nos. 12-1 at 28, 12-7 at 2-3).

22     Defendants contend that no exception to CAFA applies to this matter because the

23  Plaintiff has not carried her burden to satisfy any of the exceptions to the statute, and

24  opposes jurisdictional discovery because it will be burdensome and "would accomplish

25  nothing."  (ECF No. 15 at 16, 19).  Defendants contend that the Plaintiff's "proposed

26  class is not limited to local-state (California) citizens[,]" and includes "anyone who had

27  a recorded call with [Defendant] while merely located or residing in California or

28  Washington at any time during the four-year period preceding the Complaint."  *Id.* at

18.

The local controversy exception to CAFA provides that a "district court shall decline to exercise jurisdiction over a class action in which greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(A).  "[T]he party seeking remand to state court bears the burden of providing that the exception applies." *Mondragon*, 736 F.3d at 881.  The home state exception to CAFA provides that a "district court shall decline to exercise jurisdiction" under the statute if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).  CAFA also contains a discretionary provision under which a court may decline to exercise jurisdiction so long as "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration" of six discretionary factors. *See* 28 U.S.C. § 1332(d)(3)(A-F).

"[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction."  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007).  The local controversy exception "is intended to identify . . . a controversy that uniquely affects a particular locality and to ensure that it is decided by a state rather than a federal court."  *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (2010) (per curiam) (internal citations omitted).  In *Visendi*, the Court of Appeals found that CAFA's home state exception was "related" to its local controversy exception.  *Visendi v. Bank of America*, 733 F.3d 863, 869 n.3 (9th Cir. 2013).

Plaintiff's proposed class includes citizens from both California and Washington. (ECF No. 1-3 ¶ 26).  Defendants offer evidence regarding the individuals who received calls through Hughes' declaration—however, there is no evidence in the record of the physical location of the "1,000 different persons."  *See* Hughes Decl. ECF No. 1-11 ¶ 6.  The evidence may show that a majority of class members are from California and

California's statutory damages provision applies to this matter, and the amount in controversy may exceed $5 million.  On the other hand, the evidence may show that two-thirds of the class members are citizens of California, and a CAFA exception may apply to prevent federal jurisdiction.

A court's "jurisdictional finding of fact should be based on more than guesswork." *Mondragon*, 736 F.3d at 884.  "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).  In particular, jurisdictional discovery may be ordered to determine both whether a party seeking removal has met her burden of establishing the amount in controversy requirement, and whether a party seeking remand has met her burden of establishing the application of a CAFA exception. *See Mondragon*, 736 F.3d at 885 (permitting jurisdictional discovery to determine whether the remanding party met her burden to prove application of a CAFA exception); *Dart Cherokee*, 135 S. Ct. at 554 (noting that "when a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."). *See also Benko v. Quality Loan Service Corp.*, 789 F.3d 1111, 1121 (9th Cir. 2015) (recognizing that certain "jurisdictional facts, which exist independent of the complaint, may require evidentiary clarification if the pleadings themselves are insufficient.").  The Court concludes that a more satisfactory showing is necessary before it can rule on the amount in controversy and the CAFA exception issues.

**VI. Conclusion**

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 12) will remain pending during the period of jurisdictional discovery.  The court will allow the parties a period of 60 days to engage in limited jurisdictional discovery regarding the amount in controversy requirement and the CAFA exceptions.  The parties shall file any supplemental responses within 90 days of this Order, and any replies shall be filed

1  within 14 days of any supplemental response.  Any discovery disputes will be resolved

2  by the Magistrate Judge.

3  DATED:  September 15, 2016

4  *William Q. Hayes*
   **WILLIAM Q. HAYES**

5  United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28