**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIFFANY BRINKLEY, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, INC.; DOE NO. 1 MONTEREY FINANCIAL SERVICES, LLC DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 16cv1103-WQH-WVG<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Strike New Facts and Legal Arguments in Defendants' Reply filed by Plaintiff Tiffany Brinkley. (ECF No. 42).

**I. Background**

On October 15, 2013, Plaintiff Tiffany Brinkley ("Plaintiff") commenced an action against Monterey Financial Services, Inc. in the Superior Court of the State of California for the County of San Diego by filing a Complaint. (ECF No. 1-3 at 2). On May 6, 2016, Defendants Monterey Financial Services, LLC and Monterey Financial Services, Inc. ("Defendants") removed this action to federal district court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1453(b). (ECF No. 1).

On May 19, 2016, Plaintiff filed a motion to remand. (ECF No. 12). On June 6,

2016, Defendants filed a response. (ECF No. 15). On June 13, 2016, Plaintiff filed a reply. (ECF No. 20). On September 15, 2016, the Court issued an order allowing "the parties a period of 60 days to engage in limited jurisdictional discovery regarding the amount in controversy requirement and the CAFA exceptions." (ECF No. 21 at 11). The Court ordered that "[t]he parties shall file any supplemental responses within 90 days of this Order, and any replies shall be filed within 14 days of any supplemental response." *Id.* at 11-12. The Court ordered that Plaintiff's motion to remand (ECF No. 12) would remain pending during the period of jurisdictional discovery. *Id.* at 11.

On December 14, 2016, Defendants filed a supplemental brief in response to Plaintiff's motion to remand. (ECF No. 27). On December 14, 2016, Plaintiff filed a supplemental brief in support of her motion to remand. (ECF No. 28). On December 28, 2016, Defendants filed a response to Plaintiff's supplemental brief. (ECF No. 36). On December 28, 2016, Defendants filed a motion to strike the declaration of James R. Lackritz, Ph.D. included in Plaintiff's supplemental brief. (ECF No. 37). On December 28, 2016, Plaintiff filed a response to Defendant's supplemental brief. (ECF No. 38). On December 28, 2016, Plaintiff filed a motion to strike declarations submitted by Defendants throughout this action, as well as to strike an exhibit to Defendants' supplemental brief. (ECF No. 39). On December 30, 2016, Plaintiff filed an amended motion to strike. (ECF No. 40). On January 3, 2017, Plaintiff filed an amended memorandum in support of her amended motion to strike. (ECF No. 41).

On January 3, 2017, Plaintiff filed the Motion to Strike Defendants' reply to Plaintiff's supplemental brief (ECF No. 36), the declaration of William P. Cole (ECF Nos. 36-1), and the declarations attached to the Cole declaration (ECF Nos. 36-2; 36-3). (ECF No. 42). On January 20, 2017, Defendants filed a response in opposition. (ECF No. 46). On January 30, 2017, Plaintiff filed a reply. (ECF No. 48).

**II. Contentions of the Parties**

Plaintiff contends that Defendants violated this Court's September 15, 2016 order by "introduc[ing] new facts and new legal arguments regarding the CAFA exceptions

in their Reply to Plaintiff's Supplemental [brief] . . . rather than presenting them in their Supplemental Response, as they were ordered to do[.]" (ECF No. 42 at 2). Plaintiff contends that "Defendants now argue for the first time in their Reply that the 'list of putative California and Washington class members' that Defendants were order to produce as a result of Magistrate Judge Gallo's November 7, 2016 Order was really not the class list." (ECF No. 42-1 at 7). Plaintiff contends that "Defendants argue that the class list they produced includes persons who only had calls with and recorded by Monterey after October 15, 2013 . . . and by such argument, Defendants further argue that Plaintiff's evidence (i.e. Defendants' class list) is over-inclusive because Defendants now argue that the class ends on October 15, 2013." *Id.* Plaintiff contends that "previous to the filing of their Reply[, Defendants] never once argued that the class period ends on October 15, 2013, instead of May 6, 2016 as Plaintiff has continuous asserted[.]" (ECF No. 48 at 6). Plaintiff further contends that Defendants made arguments for the first time in their reply to Plaintiff's supplemental brief that the class list is both over-inclusive and under-inclusive. *Id.* at 8.

Plaintiff contends that newly-submitted information and arguments in Defendants' reply (ECF No. 36) have deprived her of "the adversary exchange that sequential briefing established by the Court's September 15, 2016 Order was designed to accomplish." (ECF No. 42 at 2). Plaintiff requests that if the Court intends to rely on new information and/or arguments in Defendants' reply, the Court should allow Plaintiff an opportunity to conduct additional jurisdictional discovery, permit Plaintiff's expert witness Dr. Lackritz to file a supplemental declaration, or permit Plaintiff to submit a sur-reply to respond to any new information and/or arguments made by Defendants. (ECF No. 48 at 13).

Defendants contend that they "could not have previously addressed" the declarations submitted by Plaintiff in support of her supplemental brief, "much less [Plaintiff's] arguments based upon them[], because [Plaintiff] did not even serve those documents until *after* Monterey filed its own supplemental brief." (ECF No. 46 at 4).

Defendants contend they "had already responded to the *de minimis* evidence submitted with [Plaintiff's] original motion to remand" in their opposition to Plaintiff's pending motion to remand – and therefore "[t]here was nothing more for Monterey to address concerning CAFA exceptions until it received [Plaintiff's] supplemental brief." *Id.* at 5; ECF No. 15. Defendants contend that their reply "directly responded to Dr. Lackritz's opinions and the information contained in Exhibit C to" a declaration submitted by Plaintiff in support of her supplemental brief. *Id.* Defendants contend they "did not present 'new evidence'" – and the declaration Plaintiff moves to strike "merely summarized information contained on Exhibit C to" a declaration submitted by Plaintiff "and the November 8, 2016 file, upon which [Plaintiff] herself relies." *Id.* at 6. Defendants contend that "the fact that the putative class period ends on October 15, 2013 is not a 'new argument.'" *Id.* at 7. Defendants further contend they have "no burden to present any evidence concerning CAFA exceptions, either before or after [Plaintiff] filed her supplemental briefing" because Plaintiff, "as the party seeking remand . . . bears the burden of proving any CAFA exception." *Id.* at 4-5.

**III. Conclusion**

After a review of the filings by the parties, the Court will allow Plaintiff to file a sur-reply to respond to any new information and/or arguments made by Defendants in their reply to Plaintiff's supplemental brief (ECF No. 36).

IT IS HEREBY ORDERED that the Motion to Strike filed by Plaintiff (ECF No. 42) is granted in part and denied in part. The Court will allow Plaintiff to submit a sur-reply to Defendants' reply to Plaintiff's supplemental brief (ECF No. 36). Any sur-reply shall be filed by Plaintiff within **fourteen (14) days** from the date of this Order. The Motion to Strike (ECF No. 42) is denied in all other respects.

DATED: February 8, 2017

**WILLIAM Q. HAYES**
United States District Judge