1
2
3
4
5
6
7
8
**UNITED STATES DISTRICT COURT**
9
**SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| TIFFANY BRINKLEY, on behalf of herself and others similarly situated, | CASE NO. 16cv1103-WQH-WVG |
| Plaintiff, | ORDER |
| v. | |
| MONTEREY FINANCIAL SERVICES, INC.; DOE NO. 1 MONTEREY FINANCIAL SERVICES, LLC DOES 1 through 100, inclusive, | |
| Defendants. | |

17 HAYES, Judge:

18    The matters before the Court are the Motion to Remand filed by Plaintiff Tiffany

19 Brinkley ("Plaintiff") (ECF No. 12); the Motions to Strike filed by Defendant Monterey

20 Financial Services, Inc. and Defendant Monterey Financial Services, LLC

21 ("Defendants") (ECF Nos. 37, 51); and the Motion to Strike filed by Plaintiff (ECF

22 Nos. 40, 41).

23 **I. Background**

24    On October 15, 2013, Plaintiff commenced an action against Monterey Financial

25 Services, Inc. in the Superior Court of the State of California for the County of San

26 Diego by filing a Complaint. (ECF No. 1-3 at 2). On May 6, 2016, Defendants

27 removed this action to federal district court pursuant to the Class Action Fairness Act

28 ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1453(b). (ECF No. 1). On May 13, 2016,

Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 7), and a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 8).

On May 19, 2016, Plaintiff filed a motion to remand. (ECF No. 12). On June 6, 2016, Defendants filed a response. (ECF No. 15). On June 13, 2016, Plaintiff filed a reply. (ECF No. 20). On September 15, 2016, the Court issued an order allowing "the parties a period of 60 days to engage in limited jurisdictional discovery regarding the amount in controversy requirement and the CAFA exceptions." (ECF No. 21 at 11). The Court ordered that "[t]he parties shall file any supplemental responses within 90 days of this Order, and any replies shall be filed within 14 days of any supplemental response." *Id.* at 11-12.

On December 14, 2016, Defendants filed a supplemental brief in response to Plaintiff's motion to remand. (ECF No. 27). On December 14, 2016, Plaintiff filed a supplemental brief in support of her motion to remand. (ECF No. 28). On December 28, 2016, Defendants filed a response to Plaintiff's supplemental brief. (ECF No. 36). On December 28, 2016, Defendants filed a motion to strike the declaration of James R. Lackritz, Ph.D. included in Plaintiff's supplemental brief. (ECF No. 37). On December 28, 2016, Plaintiff filed a response to Defendants' supplemental brief. (ECF No. 38). On December 30, 2016, Plaintiff filed an amended notice of motion to strike declarations of Chris Hughes submitted by Defendants, as well as to strike an exhibit to Defendants' supplemental brief. (ECF No. 40). On January 3, 2017, Plaintiff filed an amended memorandum in support of her amended notice of motion to strike. (ECF No. 41). On January 3, 2017, Plaintiff filed a Motion to Strike Defendants' reply to Plaintiff's supplemental brief, including an attached declaration and exhibits. (ECF No. 42).

On January 13, 2017, Defendants filed a response in opposition to the motion to strike declarations of Chris Hughes and an exhibit to Defendants' supplemental brief. (ECF No. 43). On January 13, 2017, Plaintiff filed a response in opposition to

Defendants' motion to strike the declaration of Dr. Lackritz.  (ECF No. 44).  On January 20, 2017, Defendants filed a reply to their motion to strike the declaration of Dr. Lackritz.  (ECF No. 45).  On January 23, 2017, Plaintiff filed a reply to her motion to strike declarations of Chris Hughes and an exhibit to Defendants' supplemental brief. (ECF No. 47).

On February 8, 2017, the Court issued an order granting in part and denying in part Plaintiff's motion to strike Defendants' reply to Plaintiff's supplemental brief. (ECF No. 49).  The Court "allow[ed] Plaintiff to file a sur-reply to respond to any new information and/or arguments made by Defendants in their reply to Plaintiff's supplemental brief (ECF No. 36)." *Id.* at 4.  On February 22, 2017, Plaintiff filed a sur-reply (ECF No. 50) and a supplemental declaration by Dr. Lackritz (ECF No. 50-1). On March 1, 2017, Defendants filed a motion to strike the supplemental declaration of Dr. Lackritz.  (ECF No. 51).  On March 7, 2017, Plaintiff filed a response.  (ECF No. 53).  On March 9, 2017, Defendants filed a reply.  (ECF No. 54).

**II. Motion to Strike Dr. Lackritz's February 17, 2017 Supplemental Declaration (ECF No. 51)**

Defendants contend that Dr. Lackritz's supplemental declaration included in Plaintiff's sur-reply (ECF No. 50-1) should be stricken because the Court did not allow Plaintiff to file a supplemental declaration.  Plaintiff contends that the Court's order did not prohibit Plaintiff from filing a supplemental declaration.

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, "there is a strong preference against motions to strike." *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 275 (N.D. Cal. 2015).  In this case, the Court allowed Plaintiff "to file a sur-reply to respond to any new information and/or arguments made by Defendants in their reply to Plaintiff's supplemental brief."  (ECF No. 49 at 4). Defendants have not identified any prejudice that would result if the supplemental

declaration was not stricken.  *See Hawn v. Exec. Jet. Mgmt., Inc.*, 615 F.3d 1151, 1161-62 (9th Cir. 2010) (affirming district court's denial of a motion to strike, in part because "[the moving parties] have made no showing of prejudice"); *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165-66 (C.D. Cal. 1995) ("courts often require a showing of prejudice by the moving party" before granting a motion to strike).

Defendants' Motion to Strike the supplemental declaration (ECF No. 51) is denied.  *See Chaconas v. JP Morgan Chase Bank*, 713 F. Supp.2d 1180, 1190 (S.D. Cal. 2010) (Hayes, J.) ("whether to grant a motion to strike lies within the sound discretion of the district court . . . [and i]n exercising its discretion, the court views the pleadings in the light most favorable to the non-moving party") (citation omitted).

**III. Motion to Remand (ECF No. 12)**

**A. CAFA Home-State Exception**

**i. Contentions of the Parties[1]**

Plaintiff contends that the home-state exception to CAFA applies to this case because approximately 83.8% to 87.7% of the putative class members are citizens of California.  Plaintiff contends that an expert analysis of the most recent residential addresses of persons on the class list is sufficient to establish that at least two-thirds of the proposed class members are California citizens.  Plaintiff contends that she may rely on the presumption of "continuing domicile" to establish the citizenship of proposed class members.  (ECF No. 28 at 5).  Plaintiff contends the analysis of the class list conducted by her expert shows that the average continuous residency in California for class members whose most recent address is in California ranges from 13.5 to 20.91 years.  *Id.* at 6, ECF No. 50 at 7.  Plaintiff contends that she has met her burden of establishing domicile in this case by presenting the Court with the residential addresses of proposed class members.

---

[1] The Court previously reviewed the contentions of the parties made in Plaintiff's Motion to Remand (ECF No. 12), Defendants' response in opposition (ECF No. 15), and Plaintiff's reply (ECF No. 20) in its September 15, 2016 order.  (ECF No. 21).  In this order, the Court only reviews the contentions of the parties' supplemental briefs filed in response to the Court's September 15, 2016 order.  (ECF No. 21).

1  Defendants contend that Plaintiff has failed to meet her burden of establishing
2  that at least two-thirds of the proposed class members are citizens of California.
3  Defendants contend that the expert analysis submitted by Plaintiff included individuals
4  who fall outside of Plaintiff's class definition, as defined in the complaint filed in state
5  court.  Defendants contend that the expert analysis submitted by Plaintiff did not
6  account for proposed class members "who were merely 'physically located' in
7  California or Washington at the time of a call" with Defendants but who were not
8  citizens of California.  (ECF No. 36 at 5) (citing ECF No. 1-3 at ¶ 26).  Defendants
9  contend that the expert analysis submitted by Plaintiff did not account for United States
10  citizenship.

11  ### ii. Applicable Law

12  CAFA confers "original" federal diversity jurisdiction over proposed class
13  actions if "(1) the aggregate amount in controversy exceeds $5,000,000, and (2) any
14  class member is a citizen of a state different from any defendant." *Serrano v. 180*
15  *Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007) (citing 28 U.S.C. § 1332(d)(2)).
16  "However, Congress also provided exceptions allowing certain class actions that would
17  otherwise satisfy CAFA's jurisdictional requirements to be remanded to state court."
18  *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 882 (9th Cir. 2013).  When a
19  federal court's jurisdiction is not based on the CAFA statute, courts impose a "[s]trong
20  presumption against removal jurisdiction . . . [and] the defendant always has the burden
21  of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 568 (9th Cir.
22  1992) (citation omitted).  However, when a party moves to remand pursuant to an
23  exception in a CAFA case, the burden shifts to "the party seeking remand . . . to prove
24  an exception to CAFA's jurisdiction." *Serrano*, 478 F.3d at 1021-22.

25  The home-state controversy exception to CAFA states that:

26  A district court shall decline to exercise jurisdiction under [CAFA] . . .
27  [where] two-thirds or more of the members of all proposed plaintiff
   classes in the aggregate, and the primary defendants, are citizens of the
28  State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(B).  The purpose of this exception is to ensure "that aggregate actions with substantial ties to a particular state remain in the courts of that state" – despite CAFA's general objective of ensuring federal jurisdiction over class action disputes. *Allen v. Boeing Co.*, 784 F.3d 625, 630 (9th Cir. 2015); *see Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) ("CAFA's primary objective [is] ensuring Federal court consideration of interstate cases of national importance.") (citation omitted).  When considering whether a CAFA exception applies to an action in federal court, citizenship is analyzed "as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction."  28 U.S.C. § 1332(d)(7).  While CAFA's home-state exception is not jurisdictional, a federal court must remand the action to state court if it finds the requirements of the exception have been satisfied. *See Visendi v. Bank of America, N.A.*, 733 F.3d 863, 869 n.3 (9th Cir. 2013) (finding that "the court . . . must decline to exercise [] jurisdiction" over a matter if a CAFA exception applies).  "A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard." *Mondragon*, 736 F.3d at 884.

### iii. Analysis

Plaintiff bears the burden of establishing that (1) two-thirds or more of the members of her proposed class, in the aggregate, are citizens of California; and (2) Defendants are citizens of California.  The parties do not dispute that Defendants are citizens of California. *See* ECF No. 1-11 at 2; Hughes Decl. at ¶ 2 ("In October Monterey underwent a legal conversion to a California limited liability company . . . Monterey remains a California LLC with its sole member domiciled in California today").[2]  Therefore, the Court's analysis focuses solely on whether Plaintiff has met

---

[2] Plaintiff filed a Motion to Strike (ECF Nos. 40, 41) two declarations of Chris Hughes (ECF Nos. 1-11, 27-2) because Defendants refused to produce Hughes for a noticed deposition.  Under Rule 37(b)(2) of the Federal Rules of Civil Procedure, the Court may strike any pleading if a party's officer "fails to obey an order to provide or permit discovery[.]"  Fed. R. Civ. P. 37(b)(2)(A)(iii).  "Imposition of sanctions under Rule 37(b), and the selection of the particular sanction, are matters left to the discretion

her burden to demonstrate that at least two-thirds of her proposed class members are California citizens.  The Court of Appeals has held that a district court's order to remand, pursuant to a CAFA exception, cannot "be based simply on a plaintiff's allegations, when they are challenged by the defendant." *Mondragon*, 736 F.3d at 884.  However, Plaintiff's burden of proof "should not be exceptionally difficult to bear[,]" and the Court is "permitted to make reasonable inferences from facts in evidence . . . in applying" the home-state exception to this case.  *Id.* at 886.

In *Mondragon*, the Court of Appeals was presented with an appeal from the district court's order remanding an action to state court pursuant to CAFA's local-controversy exception.[3]  736 F.3d at 881; *see* 28 U.S.C. § 1332(d)(4)(A).  The Court of Appeals concluded that the party with the burden of establishing citizenship "may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon*, 736 F.3d at 885.  District courts in this circuit have found that, after *Mondragon*, providing a class list with recent residential addresses may be sufficient to satisfy a CAFA exception – so long as at least two-thirds of the listed addresses are in the same state.  *See Walker v. Apple, Inc.*, Case No. 15-cv-1147 L (BGS), 2015 WL 12699871, at *3-5 (S.D. Cal. Sept. 17, 2015) (Lorenz, J.) (providing class list containing approximately 80% residential addresses in California led the court to draw "reasonable . . . infer[ence] that most (more than two-thirds) of the purported class members live and intend to remain in California."); *Serrano v. Bay Bread LLC*,

---

of the trial court." *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981).  The Court declines to strike the two Hughes declarations, and denies Plaintiff's Motion to Strike (ECF Nos. 40, 41) as to the two Hughes declarations.  The Court does not address Plaintiff's Motion to Strike as to Exhibit 1 to the Supplemental Declaration of Matthew Orr (ECF No. 27-1 at 3-11).

[3] In *Mondragon*, the Court of Appeals analyzed the district court's findings as to the local-controversy exception, and not the home-state exception. 736 F.3d at 881-82.  The reasoning of the Court of Appeals is relevant to a home-state exception analysis. *See also Visendi*, 733 F.3d 869 n.3 (finding the local-controversy and home-state exceptions are "related"); *Allen*, 784 F.3d at 630 (considering the local-controversy and home-state exceptions together).

Case No. 14–cv–01087–TEH, 2014 WL 4463843, at *3 (N.D. Cal. Sept. 10, 2014) (finding the plaintiffs met their burden to establish CAFA exception by "produc[ing] evidence that 99.7% of the putative class had a mailing address in California").

Plaintiff relies on the purported class list provided by Defendants during jurisdictional discovery, along with the expert analysis of Dr. Lackritz, to demonstrate that at least two-thirds of the proposed class are California citizens. The parties do not dispute that the list contains 152,141 persons in total. (ECF No. 28 at 5). The parties also do not dispute that 133,496 out of the 152,141 persons on the list, or 87.7%, have a residential address listed in California. *Id.* In response to Defendants' argument that the list contains individuals outside of Plaintiff's proposed class definition, Plaintiff instructed her expert to restrict his analysis to include only those individuals who fall within the class definition. (ECF No. 50 at 6-7). Plaintiff contends – and Defendants do not contend otherwise – that 57,950 out of 69,145 individuals on the narrowed-down list, or 83.8%, contain a residential address listed in California. *Id.* at 6. Defendants do not contest that more than two-thirds of the residential addresses on the class list are in California – including the narrowed-down class list. The Court finds that Plaintiff "may rely on the presumption of continuing domicile" set forth by the Court of Appeals in *Mondragon*. 736 F.3d at 885. Based on this presumption, between 83.8% and 87.7% of the proposed class members are domiciled in California "unless rebutted with sufficient evidence of change." *Id.*

Plaintiff's presumption of continuing domicile is strengthened by her expert's analysis of additional evidence of voter registration information and up to the last ten known addresses and dates of residency for 400 randomly-chosen individuals from the class list. (ECF No. 28-25 at 2-3; Lackritz Decl. at ¶¶ 3, 7). Plaintiff filed under seal a list of the 400 randomly-chosen individuals – and this list contains corresponding historical addresses, phone numbers, property tax information, and voter registration

information.  (ECF No. 29 at 1-2).  *See also* ECF No. 33.[4]  The expert analysis submitted by Plaintiff states that the average residency of proposed class members in the sample with a California address on the list ranges from an average of 13.5 years to 20.91 years.  (ECF No. 28-25 at 4, Lackritz Decl. at ¶ 11; ECF No. 50-1 at 4, Lackritz Decl. at ¶ 10).  Defendants have not submitted information to "rebut" Plaintiff's evidence "with sufficient evidence of change."  *Mondragon*, 736 F.3d at 885.

Rather, Defendants contend that Dr. Lackritz's analysis is not relevant or admissible under Federal Rule of Evidence 702.  Under Rule 702, expert testimony is relevant if it "'logically advances a material aspect of the proposing party's case.'"  *Messick v. Novartis Pharmas. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (quoting *Daubert v. Merrill Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995)).  When "facts are in dispute" over a federal court's jurisdiction under CAFA, "district courts [are required] to make factual findings before granting a motion to remand a matter to state court."  *Mondragon*, 736 F.3d at 883.

On September 15, 2016, the Court permitted the parties "to engage in limited jurisdictional discovery regarding the amount in controversy requirement and the CAFA exceptions."  (ECF No. 21 at 11).  The CAFA statute "does not say that remand can be based simply on a plaintiff's allegations, when they are challenged by the defendant."  *Mondragon*, 736 F.3d at 884.  Dr. Lackritz's declaration was produced following the period of jurisdictional discovery imposed by the Court, and the Court considers information other than "[P]laintiff's allegations" because Defendants have challenged the application of CAFA exceptions to this case.  *Id.*  In *Mondragon*, the Court of Appeals found that the residential addresses of class members were relevant to establishing domicile.  *Id.* at 885-86.  The Court concludes that Dr. Lackritz's declarations are relevant because they "logically advance[] a material aspect of the

---

[4] Defendants provided Plaintiff with "a class list identifying 152,141 putative class members, containing their most recent name, address, and telephone number and the dates of the first and last recorded calls."  (ECF No. 28 at 4).  While the list of 400 randomly-selected class members has been filed under seal in this case (ECF No. 33), the list identifying 152,141 putative class members has not been filed in this case.

[Plaintiff's] case." *Messick*, 747 F.3d at 1196 (citation omitted).

Defendants further contend that Dr. Lackritz's declarations are inadmissible because they are not sufficiently reliable under Rule 702. Dr. Lackritz states that he generated his report and conclusions after "creat[ing] a sample of 400 people using a random number generator in an Excel spreadsheet" based on the class list provided by Defendants. (ECF Nos. 28 at 18; 28-25 at 2, Lackritz Decl. at ¶ 3; 50-1 at 2, Lackritz Decl. at ¶ 3). Defendants do not challenge the methodology, techniques, or practices used by Dr. Lackritz in performing his analysis. *See Daubert v. Merrell Dow Pharmas., Inc.*, 509 U.S. 579, 593 (1993). Defendants do not assert that the analysis lacks a scientific basis or contains an unacceptable rate of error. *Id.* at 592, 594. Defendants do not challenge the methodology used by Dr. Lackritz to choose the random sampling or the procedures utilized by Dr. Lackritz in performing his analysis. The Court of Appeals has held that a *Daubert* reliability analysis is concerned only with "the soundness of [the expert's] methodology" and "not the correctness of the expert's conclusions." *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (citation omitted). In *Rudebusch v. Hughes*, the Court of Appeals found that "the propriety of controlling for particular variables in a[n] . . . analysis goes to weight rather than admissibility." 313 F.3d 506, 516 (9th Cir. 2002). The Court concludes Defendants' Motion to Strike Dr. Lackritz's declaration on reliability grounds is a challenge that "go[es] to the weight, not the admissibility" of the declaration. *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230-31 (9th Cir. 1998).[5] *See also American Dental Ass'n v. Khorrami*, No. CV 02-3853-RSWL (RZx), 2006 WL 5105271, at *3 (C.D. Cal. June 9, 2006) ("Because Plaintiff does not challenge the methodology [of an expert report], its challenge to the conclusions alone is not a basis to preclude expert testimony under either *Daubert* or Federal Rule of Evidence 702.").

---

[5] The Court denies both Defendants' Motion to Strike Dr. Lackritz's Declaration (ECF No. 37) and Motion to Strike Dr. Lackritz's supplemental declaration on relevancy and reliability grounds (ECF No. 51). The Court concludes that these challenges address the weight, and not the admissibility of the declarations submitted by Dr. Lackritz.

1     The Court finds that Defendants have not come forward with evidence rebutting

2  the reasonable inferences to be drawn from Plaintiff's evidence – including the

3  presumption of continuing domicile as permitted by the Court of Appeals in

4  *Mondragon*.  The Court concludes that Plaintiff has presented evidence to demonstrate,

5  by a preponderance, that "greater than two-thirds of prospective class members were

6  citizens of California as of the date the case became removable[.]"[6] *Mondragon*, 736

7  F.3d at 883.  *See also Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp.2d 1096, 1102

8  (D. Or. 2012) ("In determining whether the requirements of . . . the 'home-state

9  controversy' exception have been satisfied, it is permissible for a court to apply

10  common sense and reasonable inferences.").  The Court concludes that Plaintiff has met

11  her burden to demonstrate the home-state exception to CAFA applies to this matter.

12  Plaintiff's Motion to Remand (ECF No. 12) is granted.

13  **V. Conclusion**

14     IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 12) is

15  granted.

16     IT IS FURTHER ORDERED that Defendants' Motion to Strike Dr. Lackritz's

17  Declaration (ECF No. 37) is denied.

18     IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (ECF Nos. 40, 41)

19  is denied as to the two Hughes declarations.

20     IT IS FURTHER ORDERED that Defendants' Motion to Strike the supplemental

21  declaration of Dr. Lackritz is denied.  (ECF No. 51).

22     IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendants

23

24     [6] Plaintiff's class list and analysis contains residential address information
through November 2015.  *See* ECF No. 28 at 5.  The Court determines citizenship of
25  the proposed class members as of "the date of service by plaintiffs of an amended
pleading, motion, or other paper, indicating the existence of Federal jurisdiction" –
26  which in this case was May 6, 2016, or the date of service of the Notice of Removal.
28 U.S.C. § 1332(d)(7); ECF No. 1-12; *see also Whiting v. Hertling Indus., Inc.*, No.
27  C–93–0217–DLJ, 1993 WL 69186, at *2-4 (N.D. Cal. Feb. 26, 1993) (finding the date
of service for notice of removal was the date defendant deposited the notice in the mail).
28  The Court draws a reasonable inference from the evidence that at least two-thirds of the
purported class members lived and intended to remain in California as of May 6, 2016.

1  (ECF No. 7) and the Motion for Judgment on the Pleadings filed by Defendants (ECF
2  No. 8) are denied without prejudice as moot.
3        IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1447(c), this action
4  is remanded back to the Superior Court of California, County of San Diego, where it
5  was originally filed and assigned the case number 37-02013-00071119-CU-MC-NC.
6  DATED:  March 23, 2017
7
8                                          **WILLIAM Q. HAYES**
                                           United States District Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28