William P. Cole, Bar No. 186772
  wcole@calljensen.com
Matthew R. Orr, Bar No. 211097
  morr@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant Monterey Financial Services, Inc.
and Monterey Financial Services, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BRINKLEY, on behalf of herself and others similarly situated,<br><br>           Plaintiff,<br><br>           vs.<br><br>MONTEREY FINANCIAL SERVICES, INC.; DOE NO. 1 MONTEREY FINANCIAL SERVICES, LLC; DOES 1 through 100, inclusive,<br><br>           Defendants. | Case No.  3:16-cv-01103-WQH-WVG<br><br>**DEFENDANT MONTEREY FINANCIAL SERVICES, INC.'S NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 25(c) TO SUBSTITUTE A PARTY**<br><br>Date:  February 28, 2018<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 28, 2018, or as soon thereafter as may be heard by the Court, Defendant Monterey Financial Services, Inc. ("Monterey Inc.") will and hereby does move the Court, pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, to substitute Defendant Doe No. 1 Monterey Financial Services, LLC ("Monterey LLC") as a named defendant for Monterey Inc.

1    This motion is brought on the grounds that Monterey Inc. underwent a statutory

2    conversion to Monterey LLC.

3    This motion is based on this notice of motion and motion, the accompanying

4    memorandum of points and authorities, the Declaration of Matthew R. Orr and the

5    accompanying exhibits, the Request for Judicial Notice and accompanying exhibit, and

6    any other pleadings or documents the Court may consider at the hearing on this motion.

7

8    Dated:  February 28, 2018            CALL & JENSEN
                                          A Professional Corporation
9                                         William P. Cole
                                          Matthew R. Orr
10

11

12                                        By: */s/ Matthew R. Orr*
                                              Matthew R. Orr

13                                        Attorneys for Monterey Financial Services, Inc.
                                          and Monterey Financial Services, LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MON08-10:2139942_2:2-28-18                    - 2 -
DEFENDANT MONTEREY FINANCIAL SERVICES, INC.'S NOTICE OF MOTION AND MOTION UNDER FED. R.
CIV. P. 25(c) TO SUBSTITUTE A PARTY

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

After Plaintiff Tiffany Brinkley ("Plaintiff") rebuffed Defendants' counsel's multiple offers to stipulate to substituting Defendant Doe No. 1 Monterey Financial Services, LLC ("Monterey LLC") as a named defendant for Defendant Monterey Financial Services, Inc. ("Monterey Inc." or "Defendant") following the 2015 statutory conversion of Monterey Inc. to Monterey LLC, Defendant is left with no choice but to file this motion for substitution.  Plaintiff has expressly acknowledged that Monterey Inc. converted to Monterey LLC.  Monterey Inc. no longer exists, has no employees, and has no documents or information.  Yet Plaintiff continues to insist that Monterey Inc. respond to discovery requests.  California law is clear that the converted entity is effectively the same as the converting entity, and any action against a converting defendant may proceed against the converted defendant.  This action should proceed against Monterey LLC, the converted defendant.

To prevent Plaintiff from further harassing Defendant and misusing judicial resources to resolve Plaintiff's repeated discovery requests that are wholly unsupported by law, this Court should grant this motion to substitute Monterey LLC for Monterey Inc. pursuant to Rule 25(c) of the Federal Rules of Civil Procedure.

## II.   FACTUAL BACKGROUND

On October 15, 2013, Plaintiff filed this action against Monterey Inc. and Does 1 through 100 in the Superior Court of California for the County of San Diego.  Dkt. 1-2, Ex. 1.

On October 5, 2015, Monterey Inc. underwent a statutory conversion to Monterey LLC pursuant to sections 1151-1156 of the California Corporations Code. Form LLC-1A.[1]  On February 24, 2016, Plaintiff acknowledged that she was aware of

---

[1] A copy of Monterey Financial Services LLC's Form LLC-1A is filed as an exhibit to Monterey's concurrently filed Request for Judicial Notice.

CALL&
JENSEN

1  the conversion from Monterey Inc. to Monterey LLC.  Declaration of Matthew R. Orr

2  ("Orr Decl."), Ex. 1, Plaintiff's Counsel's Feb. 24, 2016 E-mail.

3      In light of the conversion, on April 1, 2016, the Superior Court allowed Plaintiff

4  to amend the Complaint ("Amendment") under section 473 of the Code of Civil

5  Procedure, seeking to add Monterey LLC as Doe No. 1.  *Id.*, Ex. 2, Amendment to

6  Complaint.  In the Amendment, Plaintiff represented that Monterey Inc. "also uses the

7  name of Monterey Financial Services, LLC."  *Id.*, Ex. 2.  Plaintiff did not explain why it

8  sought to add Monterey LLC rather than substitute Monterey LLC for Monterey Inc.

9  given the conversion. *Id.*, Ex. 2.  On May 6, 2016, Defendants filed a notice of removal

10  in the United States District Court for the Southern District of California.  Dkt No. 1.

11      Thereafter, Monterey LLC proposed stipulating to the substitution of Monterey

12  LLC for Monterey Inc., but to no avail.   In the parties' November 4, 2016

13  teleconference with Judge Gallo, Monterey LLC represented that it would work with

14  Plaintiff to find a solution, such as a stipulation to substitute the parties. Orr Decl., Ex.

15  3, Tr. at 7:2-14; 14:13-15:11 (Nov. 4, 2016). Monterey subsequently supplemented

16  discovery as to the conversion from Monterey Inc. to Monterey LLC and its legal effect.

17  *See id.*, Ex. 4, Supp. Responses to RFA Nos. 1-3 (Nov. 11, 2016).  On February 12,

18  2018, Monterey again offered to work cooperatively with Plaintiff to substitute the

19  parties, but Plaintiff rejected Monterey's offers.  *See id.*, Ex. 5, Letter from Orr to

20  Plaintiff's Counsel, at 2 (Feb. 12, 2018); *id.*, Ex. 6, Letter from Plaintiff's Counsel to

21  Orr (Feb. 15, 2018), at 2-3.

22      Instead, Plaintiff refused and continued to pursue discovery against Monterey

23  Inc., and threatened sanctions and recovery of attorney's fees.  *Id.*, Ex. 6.  Plaintiff's

24  counsel insisted that Monterey Inc. serve identical responses to Monterey LLC's

25  responses even though the companies were deemed the same entity upon the date of the

26  conversion, and Monterey LLC may respond on behalf of Monterey Inc.  *Id.*, Ex. 6, at

27  2-3 ("Please consider this to be Plaintiff's request that Monterey, Inc. respond to

28  Plaintiff's Second Set of Interrogatories and Second Request for Documents").  On

CALL &
JENSEN

February 16, 2018, Plaintiff moved for leave to further amend the First Amended Class Action Complaint to "include a description of Defendant Monterey Financial Services, LLC," but failed to remove Monterey Inc. as a party.  Dkt. 80-3.  And on February 23, 2018, Plaintiff submitted her brief on discovery disputes, insisting that Monterey Inc. should be compelled to respond to Plaintiff's discovery requests because "Monterey, Inc. remains a party."  Dkt. 81, at 2.  Yet Plaintiff's brief strikingly makes no mention of the conversion, and its effect on Monterey Inc.'s legal status.

Defendant now seeks substitution of Monterey LLC for Monterey Inc. under Rule 25(c) so Plaintiff may no longer harass Defendant and misuse judicial and party resources.  Fed. R. Civ. P. 25(c).

## III.   LEGAL STANDARD

Rule 25(c) provides that, "[i]f an interest is transferred, the action may be continued . . . against the original party unless the court, on motion, orders the transferee to be substituted in the action . . . ."  *Id.*  While "substitution is not mandatory in every case of a transfer of interest in an action, . . . the decision to order . . . substitution rests in the discretion of the district court, taking into account all the exigencies of the situation"  *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10-cv-0541-GPC-WVG, 2013 WL 574834, at *3 (S.D. Cal. Oct. 16, 2013) (citing *Dodd v. Pioche Mines Consol. Inc.*, 308 F.2d 673, 674 (9th Cir. 1962)).  For example, courts have granted a substitution of parties "where the [party] below has transferred his interest in the subject matter of the action."  *McComb v. Row River Lumber Co.*, 177 F.2d 129, 130 (9th Cir. 1949).  A company's "purchase of all assets of corporate defendant constitutes a 'transfer of interest' under Rule 25(c)."  *Zest IP Holdings, LLC*, 2013 WL 574834, at *1.

/ / /

/ / /

/ / /

## IV.  ARGUMENT

The Court should allow Monterey LLC to be substituted for Monterey Inc. in this action because (i) Monterey Inc. converted all of its interest to Monterey LLC; (ii) Monterey LLC is now, for all material purposes, the same entity as Monterey Inc. as a result of the conversion; and (iii) Plaintiff will not suffer any prejudice.

### A.  Monterey Inc. Converted Its Interest to Monterey LLC

Section 1158(b) of the California Corporations Code provides that

> (b) Upon a conversion taking effect, all of the following apply:
>
> (1) All the rights and property, whether real, personal, or mixed, of the . . . converting corporation are vested in the converted entity . . . .
>
> (2) All debts, liabilities, and obligations of the . . . converting corporation continue as debts, liabilities, and obligations of the converted entity . . . .
>
> (3) All rights of creditors and liens upon the property of the . . . converting corporation continue as debts, liabilities, and obligations of the converted entity . . . .

Cal. Corp. Code § 1158(b).  That is, upon a conversion, the converting corporation vests all of its assets, among other things, to the converted corporation, thereby constituting a "transfer of interest" under Rule 25(c).  *Zest IP Holdings, LLC*, 2013 WL 574834, at *1.  Here, Monterey Inc.'s interests were, by operation of law, vested to Monterey LLC upon the conversion on October 5, 2015.

### B.  Because Monterey LLC Is Effectively the Same Entity as Monterey Inc., Monterey Inc. Should Be Substituted Out as a Defendant

Under California law, "[a]n entity that converts into another entity . . . is for all purposes," except for circumstances not applicable here, "the same entity that existed before the conversion."  Cal. Corp. Code § 1158(a).  Moreover, "[a]ny action or proceeding . . . against the . . . converting corporation *may be continued against the*

DEFENDANT MONTEREY FINANCIAL SERVICES, INC.'S NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 25(c) TO SUBSTITUTE A PARTY

*converted entity* . . . as if the conversion had not occurred. *Id.* § 1158(b)(4)(emphasis added).

First, because Monterey LLC is effectively "the same entity" as Monterey Inc., Monterey LLC not only assumes Monterey Inc.'s potential liabilities for Plaintiff's lawsuit, but Monterey LLC may also respond to discovery requests and file pleadings as if it were Monterey Inc. *See Delamater v. Anytime Fitness, Inc.*, 722 F.Supp.2d 1168, 1176 (E.D. Cal. 2010) (holding converted LLC was "deemed to be the same entity as" the converting corporation under analogous Minnesota law). Monterey Inc. should not continue to be a party to this case when Monterey Inc. has no separate liability from Monterey LLC. In any event, Monterey Inc. no longer exists, has no corporate employees, possesses no documents, and has no ability to act or otherwise direct the litigation.

Second, according to the plain language of the statute, Plaintiff's action against Monterey Inc. may be continued against Monterey LLC "as if the conversion had not occurred." Cal. Corp. Code § 1158(b)(4). So long as the action may be continued against Monterey LLC as if Monterey LLC were Monterey Inc., then Monterey Inc. need not continue to be a party to the litigation.

**C.    Plaintiff Will Not Suffer Prejudice from a Substitution of Monterey LLC for Monterey Inc.**

Plaintiff will not suffer any prejudice from a substitution of Monterey LLC for Monterey Inc.

Indeed, Plaintiff has already affirmed its intention to add Monterey LLC as a named defendant by seeking leave to amend the complaint to change the caption and add allegations concerning Monterey LLC. Removing Monterey Inc. will not affect the liability in this case, as Monterey Inc.'s liability vests in Monterey LLC by operation of law. Likewise, a substitution will not impact Plaintiff's potential recovery because Monterey Inc.'s assets have vested in Monterey LLC and, in any event, Monterey Inc. has no assets or operations.

Any assertion by Plaintiff that she needs additional facts concerning the conversion to ascertain whether Monterey Inc. falls flat. The California Secretary of State's website, which Plaintiff's counsel acknowledged, affirms that Monterey Inc. converted to Monterey LLC. Orr Decl., Ex. 1, Plaintiff's Counsel's Feb. 24, 2016 E-mail. A plain reading of California Corporations Code section 1158 confirms the legal relationship between the companies. Cal. Corp. Code § 1158. To the contrary, a substitution of Monterey LLC for Monterey Inc. would prevent Plaintiff from continuing to harass Defendant and to misuse judicial resources.

## V.   CONCLUSION

This Court should grant Monterey Inc.'s motion to substitute Monterey Inc. out of the case in favor of Monterey LLC.

Dated: February 28, 2018          CALL & JENSEN
                                  A Professional Corporation
                                  William P. Cole
                                  Matthew R. Orr


                                  By: /s/ Matthew R. Orr
                                      Matthew R. Orr

                                  Attorneys for Monterey Financial Services, Inc.
                                  and Monterey Financial Services, LLC

DEFENDANT MONTEREY FINANCIAL SERVICES, INC.'S NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 25(c) TO SUBSTITUTE A PARTY

# CERTIFICATE OF SERVICE
(United States District Court)

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On February 28, 2018, I have served the foregoing document described as **DEFENDANT MONTEREY FINANCIAL SERVICES, INC.'S NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 25(c) TO SUBSTITUTE A PARTY** on the following person(s) in the manner(s) indicated below:

## SEE ATTACHED SERVICE LIST

**[ X ]  (BY ELECTRONIC SERVICE)**  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

**[ ]  (BY MAIL)**  I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[ ]  (BY OVERNIGHT SERVICE)**  I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[ ]  (BY FACSIMILE TRANSMISSION)**  On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein.

The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[   ]   (BY E-MAIL)   I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

[   ]   (FEDERAL) I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

[ X ]   (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on February 28, 2018, at Newport Beach, California.

*Janelle Mulford*

Janelle Mulford

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Steven A. Wickman, Esq.                    **Attorneys for**
Christina E. Wickman, Esq.
Wickman & Wickman                          **Plaintiff Tiffany Brinkley**
500 La Terraza Blvd., Suite 150
Escondido, CA 92025
Tel: (760) 732-3300
Fax: (619) 271-8656
Steve@wickmanlaw.com
Christina@wickmanlaw.com

Patrick N. Keegan, Esq.
Keegan & Baker, LLP
6156 Innovation Way
Carlsbad, CA 92009
Tel: (760) 929-9303
Fax: (760) 929-9260
pkeegan@keeganbaker.com

CALL &
JENSEN