UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BRINKLEY, on behalf of herself and others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, INC. and MONTEREY FINANCIAL SERVICES, LLC,<br><br>　　　　　　　　　　Defendants. | Case No.: 16-cv-1103-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Sanctions (ECF No. 70) filed by Defendant Monterey Financial Services, LLC and the Motion for Leave to Amend and to File a First Amended Class Action Complaint (ECF No. 80) filed by Plaintiff Tiffany Brinkley.

**I.     Background**

On October 15, 2013, Plaintiff Tiffany Brinkley initiated this action by filing a Complaint (ECF No. 1-3) against Monterey Financial Services, Inc. ("Monterey Inc.") and Doe Defendants in the Superior Court of the State of California in and for the County of San Diego. On April 1, 2016, Brinkley amended the Complaint to add Monterey Financial Services, LLC ("Monterey LLC") as a defendant. (ECF No. 1-8 at 2). The Complaint brings claims on behalf of Brinkley and a proposed class of

1

> [a]ll persons who, while physically located or residing in California and Washington, made or received one or more telephone calls with Defendant Monterey Financial Services, Inc. during the four year period preceding the filing of this lawsuit (the "Class Period") and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored.

(ECF No. 1-3 at ¶ 26). The Complaint brings claims for invasion of privacy, unlawful recording of telephone calls, and unlawful and unfair business acts. *Id*. at 3. The Complaint alleges that

> [f]rom December 2012 through March 2013, and specifically on December 19, 2012 and again on January 10, 2013, Plaintiff had telephonic communications with certain employees, officers and/or agents of Defendant . . . . At no time during such telephone conversations . . . was Plaintiff told that her telephone conversations would be or may be recorded or monitored . . . .

*Id.* at ¶ 18.

On December 10, 2013, Monterey Inc. filed a motion to compel arbitration of Brinkley's individual claims and dismiss Brinkley's class claims. (ECF No. 1-5 at 2–14). On April 7, 2014, the Superior Court entered an Order granting Monterey Inc.'s motion, ordering Brinkley's individual claims to arbitration, and dismissing Brinkley's class claims. *Id.* at 41–42. On May 29, 2014, Brinkley appealed the Superior Court's order to the California Court of Appeal. *Id.* at 43. On November 19, 2015, the California Court of Appeal entered an Order affirming the portion of the Superior Court's order compelling the arbitration of Brinkley's individual claims, reversing the portion of the Superior Court's order dismissing Brinkley's class claims, and holding that "[t]he entire matter should be sent to arbitration." *Brinkley v. Monterey Fin. Servs., Inc.*, 196 Cal. Rptr. 3d 1, 35 (Cal. Ct. App. 2015). Brinkley and Monterey Inc. subsequently "waive[d] their rights to arbitrate Plaintiff's Complaint and agree[d] to litigate Plaintiff's matter in Court." (ECF No. 1-6 at 8).

On May 6, 2016, Monterey Inc. and Monterey LLC (together, the "Defendants") removed the matter to this court. (ECF No. 1). On May 19, 2016, Brinkley filed a Motion

to Remand the Case to State Court (ECF No. 12).  On March 23, 2017, the Court issued an Order granting the Motion to Remand.  (ECF No. 55).  On April 4, 2017, the Defendants appealed the Order granting the Motion to Remand to the United States Court of Appeals for the Ninth Circuit.  (ECF No. 56).  On November 15, 2017, the Court of Appeals vacated the Order granting the Motion to Remand.  (ECF No. 63).

On May 13, 2016, Monterey LLC filed a Motion to Dismiss (ECF No. 7) and Monterey Inc. filed a Motion for Judgment on the Pleadings (ECF No. 8).  On June 6, 2016, Brinkley filed Memorandums in Opposition to the Motion to Dismiss and the Motion for Judgment on the Pleadings.  (ECF Nos. 16, 17).  On June 13, 2016, Monterey LLC filed a Reply in Support of the Motion to Dismiss and Monterey Inc. filed a Reply in Support of the Motion for Judgment on the Pleadings.  (ECF Nos. 18, 19).  On March 23, 2017, the Court issued an Order denying the Motion to Dismiss and the Motion for Judgment on the Pleadings.  (ECF No. 55).

On October 6, 2016, Matthew Orr, counsel for the Defendants, provided Brinkley's counsel with a copy of an audio recording of a call from Brinkley to Monterey, Inc. made on December 19, 2012.  Declaration of Matthew Orr, ECF No. 70-2, at ¶ 3.  On the recording, a prerecorded voice states "Thank you for calling Monterey Financial, your call may be monitored or recorded."  (ECF No. 70-6).

In December 2017, Brinkley sent Monterey LLC interrogatories (ECF No. 88-2), requests for documents (ECF No. 88-3), and requests for admission (ECF No. 88-4).  Monterey LLC's responses "were based upon the class period alleged in the Complaint— that is, October 15, 2009 through October 15, 2013."  Declaration of William P. Cole, ECF No. 88-1, at ¶ 2.

On January 8, 2018, United States Magistrate Judge William V. Gallo entered a Scheduling Order Regulating Class Certification (ECF No. 69) (the "Scheduling Order").  The Scheduling Order provided that "[a]ny motion . . . to amend the pleadings . . . shall be filed by February 16, 2018."  ECF No. 69 at ¶ 1 (emphasis omitted).  The Scheduling Order also provided that "[a]ll fact discovery related to class certification shall be completed by

all parties by April 5, 2018" and that "[t]he parties shall designate their respective class certification experts in writing by April 19, 2018." *Id.* at ¶¶ 2, 3 (emphasis omitted). On March 14, 2018, Brinkley and the Defendants filed a Joint Motion to vacate those deadlines, (ECF No. 90), which the Magistrate Judge granted that same day. (ECF No. 91).

On January 9, 2018, Monterey LLC filed a Motion for Sanctions (ECF No. 70). On January 29, 2018, Brinkley filed an Opposition to the Motion for Sanctions. (ECF No. 74).[1] On February 5, 2018, Monterey LLC filed a Reply in Support of its Motion for Sanctions. (ECF No. 77).

On February 16, 2018, Brinkley filed a Motion for Leave to Amend and to File a First Amended Class Action Complaint (ECF No. 80) (the "Motion to Amend"). Brinkley's proposed First Amended Complaint (the "Proposed FAC") brings claims on behalf of Brinkley and a proposed class of

> [a]ll persons who, while residing in California and Washington, made or received one or more telephone calls with Defendants from October 15, 2009 through the date of trial (the "Class Period") and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored.

(ECF No. 80-1 at ¶ 26). On March 12, 2018, Monterey LLC filed an Opposition to the Motion to Amend. (ECF No. 88). On March 18, 2018, Brinkley field a Reply in Further Support of the Motion to Amend. (ECF No. 94).

## II. Sanctions

### A. Monterey LLC's Motion for Sanctions

Monterey LLC moves the Court to sanction Brinkley and her counsel by dismissing the Complaint and awarding Monterey LLC $50,000 in attorneys' fees. (ECF No. 70 at 2).

---

[1] In her Opposition to the Motion for Sanctions, Brinkley requests sanctions against Monterey LLC and Monterey LLC's counsel. (ECF No. 74 at 20–21). The Court declines to consider Brinkley's request for sanctions. *See* Fed. R. Civ. P. 11(c)(2) ("A *motion* for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)" (emphasis added)).

4

Monterey LLC's Motion for Sanctions is based on the following allegation in the Complaint:

> From December 2012 through March 2013, and specifically on December 19, 2012 . . . Plaintiff had telephonic communications with certain employees, officers and/or agents of Defendant . . . . At no time during such telephone conversations . . . was Plaintiff told that her telephone conversations would be or may be recorded or monitored . . . .

ECF No. 70-1 at 5 (citing ECF No. 1-3 at ¶ 18). Monterey LLC contends that this allegation "lacks any evidentiary support," citing a recording of a December 19, 2012 call between Brinkley and Monterey, Inc. on which a prerecorded voice states "Thank you for calling Monterey Financial, your call may be monitored or recorded." *Id.* (citing Orr Decl. at ¶ 3; ECF No. 70-6). Monterey LLC contends that three filings repeated the allegation at issue: (1) Brinkley's Memorandum in Support of the Motion to Remand (ECF No. 12-1), filed on May 19, 2016; (2) Brinkley's Memorandum in Opposition to the Motion for Judgment on the Pleadings (ECF No. 16), filed on June 6, 2016; and (3) Brinkley's Memorandum in Opposition to the Motion to Dismiss (ECF No. 17), also filed on June 6, 2016. (ECF No. 70-1 at 5). Monterey LLC contends that Brinkley can be sanctioned for the allegation in the Complaint, even though the Complaint was originally filed in state court, because "by advocating [the allegation] to this Court, she is deemed to have certified those allegations under Rule 11, just as if she had originally filed Complaint in this Court." (ECF No. 77 at 6). Monterey LLC also complains that "Plaintiff and her counsel have failed to withdraw this baseless allegation, despite repeated warnings and requests by Monterey." *Id.*

Brinkley contends that Monterey LLC "cannot bring a Rule 11 motion based solely on the filing of Brinkley's complaint in state court." ECF No. 74 at 17 (citing *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), *as amended on denial of reh'g* (Mar. 26, 1997)). Brinkley contends that the statements in the Memorandums referenced by Monterey LLC were not false. *Id.* at 18. Monterrey also notes that the Proposed FAC "eliminate[s] any reference to the December 19, 2012 call." *Id.* at 19; *see also* ECF No. 80-2 at ¶ 18.

The Court concludes that there is no basis for sanctioning Brinkley for the conduct described in the Motion for Sanctions. Orr provided Brinkley the recording of the December 19, 2012 call on October 6, 2016, months after Brinkley filed the Memorandums referenced in the Motion for Sanctions and years after Brinkley filed the Complaint. Orr Decl. at ¶ 3. Furthermore, Monterey LLC seeks permission to file the Proposed FAC, which does not reference the December 19, 2012 call. (ECF No. 80; ECF No. 80-2 at ¶ 18).[2]

### III. Leave to Amend

The Proposed FAC defines the proposed class as "[a]ll persons who, while physically located or residing in California and Washington, made or received one or more telephone calls with Defendants [during ]the 'Class Period'[] and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored." (ECF No. 80-1 at ¶ 26). The Complaint defines the Class Period as "the four year period preceding the filing of this lawsuit." (ECF No. 1-3 at ¶ 26). The Proposed FAC amends the Class Period to "October 15, 2009 through the date of trial." (ECF No. 80-2 at ¶ 26).

Monterey LLC contends that the Court should not allow Brinkley to amend the Class Period to encompass the period of time beginning on October 15, 2013 (the date on which the Complaint was filed) and ending on the trial date. (ECF No. 88). Monterey LLC contends that allowing Brinkley's proposed amendment to the Class Period would "prejudice[] Monterey [LLC] by seeking to vastly expand its potential liability only days before the current discovery cut-off and only a few weeks before the current deadline to designate class certification experts." *Id.* at 5 (citing ECF No. 69). Monterey LLC notes

---

[2] In her Opposition to the Motion for Sanctions, Brinkley asks the Court to award her $17,997.50 in attorney's fees under Federal Rule of Civil Procedure 11(c)(2). (ECF No. 74 at 20). Federal Rule of Civil Procedure 11(c)(2) provides that, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for [a] motion [for sanctions]." The Court denies Brinkley's request for attorney's fees.

that its "discovery responses were based on the much narrower class period alleged in the original Complaint" and contends that "[i]f Plaintiff seeks leave to propound new discovery, based on a vastly-expanded class period, Monterey [LLC] will be further prejudiced by the time and expense required to respond to the new discovery." *Id.* Monterey LLC also contends that the Court should deny Brinkley's request to amend the Class Period because Brinkley unduly delayed filing the Motion to Amend until more than four years after the Complaint was filed. *Id.*

Brinkley contends that "the need for additional discovery 'do[es] not constitute undue prejudice to the defendant' and is insufficient to deny a proposed amended pleading." ECF No. 94 at 5 (alteration in original) (quoting *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 531 (N.D. Cal. 1989)) (citing *Bear, LLC v. Marine Grp. Boat Works, LLC*, No. 14-cv-2960-BTM-BLM, 2016 WL 3667152, at *3 (S.D. Cal. July 11, 2016)). Brinkley contends that the Defendants cannot claim prejudice from the proposed amendment to the Class Period because "there is no showing by Defendants of inability to respond to the proposed First Amended Complaint." *Id.* Brinkley contends that the "Defendants' argument that the amendment prejudices them because it is sought 'only days before the current [class certification] discovery cut-off and only a few weeks before the current deadline to designate class certification experts' is now moot" in light of the Magistrate Judge's Order vacating those deadlines (ECF No. 91). *Id.* at 8 (quoting ECF No. 88 at 5). Brinkley contends that "the filing of the proposed First Amended Complaint would not cause und[ue] delay in the litigation." (ECF No. 80-3 at 10).

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

The Court finds that the proposed amendment to the Class Period will not cause Defendants to suffer prejudice that requires denying a motion to amend. Defendants' concern that allowing Plaintiff's proposed amendment to the Class Period would "vastly expand [their] potential liability only days before the current discovery cut-off and only a few weeks before the current deadline to designate class certification experts," (ECF No. 88 at 5), was addressed by the Magistrate Judge's Order vacating the deadlines for class discovery and the designation of class experts (ECF No. 91). Any time and expense that Defendants may have to spend responding to additional discovery necessitated by the proposed amendment to the Class Period does not support denying the Motion to Amend. *See Bear, LLC*, 2016 WL 3667152, at *3 (citing *Genentech, Inc.*, 127 F.R.D. at 531) ("[T]he need for additional discovery and postponement of trial do not constitute prejudice to the defendant.").

The Court also finds that Brinkley did not unduly delay filing the Motion to Amend. Although the Motion to Amend was filed more than four years after the date on which the Complaint was filed, during that time motions concerning the Complaint were appealed to and addressed by both the California Court of Appeals and the United States Court of Appeals for the Ninth Circuit. *Brinkley v. Monterey Fin. Servs., Inc.*, 196 Cal. Rptr. 3d 1

(Cal. Ct. App. 2015); ECF No. 63. In this case, the Motion to Amend was filed before the deadline for motions to amend. *See* ECF No. 69 at 1.

**IV. Conclusion**

Monterey LLC's Motion for Sanctions (ECF No. 70) is DENIED. Brinkley's request for sanctions, *see* ECF No. 74, is DENIED. Brinkley's Motion to Amend (ECF No. 80) is GRANTED. Brinkley may file the Proposed FAC (ECF No. 80-1) on or before May 18, 2018.

Dated: May 9, 2018

Hon. William Q. Hayes
United States District Court