Patrick N. Keegan, Esq. (SBN 167698)
**KEEGAN & BAKER, LLP**
6156 Innovation Way
Carlsbad, CA 92009
Tel:   (760) 929-9303
Fax:   (760) 929-9260

Steven A. Wickman, Esq. (SBN 165149)
Christina E. Wickman, Esq. (SBN 236882)
**WICKMAN & WICKMAN**
500 La Terraza Boulevard, Suite 150
Escondido, CA 92025
Tel:   (760)732-3300
Fax:   (619) 271-8656

Attorneys for Plaintiff
TIFFANY BRINKLEY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BRINKLEY on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MONTEREY FINANCIAL SERVICES, INC.; and MONTEREY FINANCIAL SERVICES, LLC (formerly DOE DEFENDANT NO. 1);<br><br>Defendants. | Case No. 16-CV-1103-WQH-WVG<br><br>Assigned to: Hon. William Q. Hayes<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR THE UNLAWFUL RECORDING AND MONITORING OF TELEPHONE CALLS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff TIFFANY BRINKLEY, on behalf of herself and others similarly situated, alleges upon personal knowledge as to herself and her acts stated herein, and as to all other matters upon information and belief as follows:

## I. **PRELIMINARY STATEMENT**

1.     Plaintiff TIFF ANY BRINKLEY ("Brinkley" or "Plaintiff"), on behalf of herself and others similarly situated, brings this action against Defendants MONTEREY FINANCIAL SERVICES, INC. and MONTEREY FINANCIAL SERVICES, LLC (hereinafter collectively referred to as "Defendants") for the

unlawful recording and/or monitoring of telephone calls in violation of the privacy laws of California and Washington.  Specifically, on <u>October 15, 2013</u>, Brinkley, on behalf of herself and others similarly situated, filed her "Class Action Complaint for Damages and Injunctive Relief for Unlawful Recording or Monitoring of Telephone Calls" ("Class Action Complaint") against Defendants in the San Diego Superior Court, alleging that Defendants unlawfully recorded telephone calls of California and Washington residents without their knowledge or consent, in violation of California Penal Code §§ 630, *et seq*., and Washington Rev. Code §§ 9.73, *et seq*., by asserting three causes of action (ECF No. 1-10 at pp. 145-161): (1) First Cause of Action for Invasion of Privacy Under Applicable State Statutory Laws for violations of Cal. Penal Code § 632, and Washington Revenue Code § 9.73.030, (id. at pp. 155-156, Class Action Complaint, pp. 11-12, ¶¶38-48); (2) Second Cause of Action for Unlawful Recording of Telephone Calls Under Cal. Penal Code §632.7 (*id*. at p. 157, Class Action Complaint, p. 13, ¶¶49-54); and (3) Third Cause of Action for Unlawful and Unfair Business Acts and Practices in Violation of California Business & Professions Code §17200, et seq. (*id*. at pp. 158-159, Complaint, pp. 14-15, ¶¶55-60). Additionally, Brinkley sought injunctive relief under all three of her causes of action. (*Id*. at Class Action Complaint, pp. 12, 13, 15, 47, 53, 60).

2.     California Penal Code §§ 630, et seq., and Washington Rev. Code §§ 9.73, *et seq*., prohibit one party to a telephone call from intentionally recording or monitoring the conversation without the knowledge or consent of the other. These statutes are violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by the aforementioned statutory laws is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to violate the applicable state law, or to invade the privacy right of any other person. Plaintiff alleges that, despite California's and Washington's two-party consent laws and despite Defendants' representations that they maintain

1   compliance with all federal and state regulations, Defendants, on behalf of themselves
2   and their many clients, continues to violate California's and Washington's two-party
3   consent statutes. Defendants continue to impermissibly record and/or monitor upon
4   telephone conversations on telephone calls made or received by Defendants from
5   their principal place of business in Oceanside, California with persons residing in
6   California and Washington.

7       3.    Defendants' employees and/or agents called and spoke to Plaintiff and
8   other persons residing in California and Washington numerous times, and Plaintiff
9   and other persons residing in California and Washington called and spoke to
10  Defendants' employees and/or agents numerous times, and Defendants have had a
11  policy and practice to secretly and illegally recorded and/or monitored such telephone
12  conversations. Plaintiff asserts that such surreptitious recording and/or monitoring
13  was done in violation of the telephonic privacy laws of California and Washington,
14  and that Defendants continue to secretly and illegally record and/or monitored their
15  telephone conversations with persons residing in California and Washington.
16  Plaintiff, on behalf of herself and other persons residing in California and Washington
17  similarly situated, seeks damages, injunctive relief, attorneys' fees and costs
18  according to statute.

19      4.    Plaintiff does not seek any relief greater than or different from the relief
20  sought for other persons residing in California and Washington similarly situated who
21  are members of the Class and the Subclass (defined infra) of which Plaintiff is a
22  member. The action, if successful, will enforce an important right affecting the public
23  interest and would confer a significant benefit, whether pecuniary or non-pecuniary,
24  or a large class of persons. Private enforcement is necessary and places a
25  disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the
26  matter.

27  / / /
28  / / /

1

## II. **PARTIES**

2   5.   Plaintiff TIFFANY BRINKLEY ("Brinkley" or "Plaintiff") was, at all

3   times relevant herein, a natural person, a resident of Tukwila, Washington and a

4   citizen of Washington.  On August 10, 2011, Plaintiff Tiffany Brinkley ("Brinkley"),

5   entered into a contact to receive six real estate coaching sessions from one of

6   Defendant Monterey Financial Services, Inc.'s ("MFS") customers, Real Estate

7   Investor Education ("REIE"), for $4,195. Ms. Brinkley paid REIE $850, and financed

8   the remainder of the purchase price through REIE's "Retail Installment Contract,"

9   financed by MFS.  *Brinkley v. Monterey Fin. Servs., Inc*., 242 Cal.App.4th 314, 322

10   (2015).  Brinkley never received any of the coaching sessions from REIE, which went

11   out of business in August 2012.  *Id*. at 323.   MFS, headquartered in Oceanside,

12   California, took the position that Brinkley owed it the remaining payments, and began

13   aggressive collection efforts against her. *Id.*   From its offices in Oceanside,

14   California, MFS' employees and/or agents called and spoke to Brinkley in

15   Washington on her cellular phone by dialing Brinkley's cellular phone number with

16   a Washington area code numerous times, and from Washington, Brinkley called MFS

17   offices in Oceanside, California and spoke to MFS' employees and/or agents using

18   her cellular phone number with a Washington area code using a cellular phone

19   numerous times. *Id*.  Each of Brinkley's telephone  conversations with MFS'

20   employees and/or agents were recorded by MFS, including MFS' telephone

21   conversations with Brinkley on <u>February 14, 2013</u> and <u>March 6, 2013</u> which were

22   recorded by MFS without her knowledge or consent causing harm and damage to

23   Plaintiff.  Thereafter, MFS filed a small claims court action against Brinkley in San

24   Diego and MFS originally obtained a small claims court judgment against her.

25   However, the judgment was reversed on her appeal to the San Diego Superior Court,

26   whereby Brinkley obtained a judgment against MFS for all of the monies Brinkley

27   paid to MFS pursuant to REIE's "Retail Installment Contract."

28   5a.   <u>During the last four years of litigation</u>, Defendants have steadfastly

refused to identify all of the times when MFS recorded its telephone conversations with Brinkley and to the produce all of its recordings of its telephone conversations with Brinkley in response to informal and formal discovery. Only after the issuance of Magistrate Judge William V. Gallo's November 7, 2016 Order (ECF No. 26), Defendants produced a "Class list," i.e. a Excel spreadsheet entitled, "Brinkley Data List_November 8 2016_Highly Confidential Attorney Eyes Only" in .pdf and .xlsx file formats on November 8, 2016, at 4:18 p.m. and 4:19 p.m., respectively. Subsequently, on November 11, 2016, Monterey served a supplemental interrogatory response[1] stating that it "produced a report dated November 8, 2016, which contains

---

[1] Specifically, Defendants served responses to Plaintiff's Interrogatory Nos. 3 and 4 which request the following information:

**Interrogatory No. 3:**

For each CALIFORNIAN who had a telephone voice communication with one of YOUR EMPLOYEES during the APPLICABLE PERIOD that was RECORDED by YOU, set forth (a) their name, their last ADDRESS known to YOU, and their telephone number(s) on which their telephone voice communication with one of YOUR EMPLOYEES was RECORDED by YOU, (b) state the date and time when each of their telephone voice communication was RECORDED by YOU, (c) the total number of telephone voice communications YOU RECORDED of each such person during each month of the APPLICABLE PERIOD, (d) every one of their telephone numbers YOU called each such person on during each month of the APPLICABLE PERIOD and the date(s) and time(s) when YOU call each such telephone number, (e) every ADDRESS each such person provided YOU and the date(s) and time(s) when each such ADDRESS was provided, (f) every ADDRESS YOU recorded for each such person and the date(s) and time(s) when YOU recorded each such ADDRESS, and (g) whether there are DOCUMENTS REFERRING TO OR REFLECTING RECORDING of their telephone voice communications and/or their ADDRESSES provided to or recorded by YOU, and for each such DOCUMENT that exists, set forth (1) a description of the type and subject matter of the document with sufficient particularity to enable Plaintiff and the Court to identify the DOCUMENT, and (2) the name, ADDRESS and telephone number of each PERSON who has custody, possession or control of the original and/or copy of each such DOCUMENT.

**Interrogatory No. 4:**

For each WASHINGTONIAN who had a telephone voice communication with one of YOUR EMPLOYEES during the APPLICABLE PERIOD that was

a list of Monterey accounts listing California and Washington street addresses with respect to which accounts <u>telephone call (to and/or from) were recorded between October 15, 2009 and May 6, 2016</u>. The list includes the most recent name, address, and telephone number associated with each account and also includes <u>the dates of the first and last recorded calls associated with each account</u>." (Emphasis added).  As set forth in the "Class list" produced by Defendants in this case, Defendants' <u>first</u> recorded a telephone conversation with Brinkley on <u>October 17, 2011</u> and <u>last</u> recorded a telephone conversation with Brinkley on <u>October 9, 2013</u>.[2]

---

RECORDED by YOU, set forth (a) their name, their last ADDRESS known to YOU, and their telephone number(s) on which their telephone voice communication with one of YOUR EMPLOYEES was RECORDED by YOU, (b) state the date and time when each of their telephone voice communication was RECORDED by YOU, (c) the total number of telephone voice communications YOU RECORDED of each such person  during each month of the APPLICABLE PERIOD, (d) every one of their telephone numbers YOU called each such person on during each month of the APPLICABLE PERIOD and the date(s) and time(s) when YOU call each such telephone number, (e) every ADDRESS each such person provided YOU and the date(s) and time(s) when each such ADDRESS was provided, (f) every ADDRESS YOU recorded for each such person and the date(s) and time(s) when YOU recorded each such ADDRESS, and (g) whether there are DOCUMENTS REFERRING TO OR REFLECTING RECORDING of their telephone voice communications and/or their ADDRESSES provided to or recorded by YOU, and for each such DOCUMENT that exists, set forth (1) a description of the type and subject matter of the document with sufficient particularity to enable Plaintiff and the Court to identify the DOCUMENT, and (2) the name, ADDRESS and telephone number of each PERSON who has custody, possession or control of the original and/or copy of each such DOCUMENT.

[2]   To date, Defendants have not produced (i) the <u>first</u> recorded telephone conversation with Brinkley on <u>October 17, 2011</u>, or (ii) the <u>last</u> recorded telephone conversation with Brinkley on <u>October 9, 2013</u>. Defendants' selective production of recorded telephone conversations in this case was specifically cited as an example by the California Supreme Court in *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95 (2006) as a reason supporting its decision to enforce the California Invasion of Privacy Act, (Pen.Code §§ 630-637.5, hereafter "CIPA"), since it held that "if section

6.     Defendant MONTEREY FINANCIAL SERVICES, INC. (or "MFS"), at all times relevant herein, was and is a California corporation, with its headquarters and principal place of business located at 4095 Avenida de la Plata, Oceanside, CA 92056, and was and is licensed to do business, and was and is doing business in California and Washington.  MFS' agent of service of process is Chris Hughes located at 4095 Avenida de la Plata, Oceanside, CA 92056. In its supplemental response to form interrogatory no. 3.3 response dated March 17, 2016, MFS stated that "[i]n or about October of 2015, Monterey Financial Services, Inc. was converted from a corporation into a limited liability company now known as Monterey Financial Services, LLC. Aside from the legal change from a corporation to a limited liability company, there is no material change to Defendant's business, qualification to do business in California and elsewhere, location, structure, and/or operations." MFS, at all times relevant herein, surreptitiously recorded and had policy and a practice of recording and/or monitoring telephone conversations with the public, including Plaintiff and other persons residing in California and Washington, which was in violation of applicable statutory laws as set forth below. At all times relevant herein, MFS's employees and agents were directed, trained and instructed to, and did, record, monitor and/or eavesdrop upon telephone conversations with the public, including Plaintiff and other residents located in California and Washington.

7.     Defendant MONTEREY FINANCIAL SERVICES, LLC (or "MFS LLC"), at all times relevant herein, was and is a California limited liability company, with its headquarters and principal place of business located at 4095 Avenida de la Plata, Oceanside, CA 92056, and was and is licensed to do business, and was and is

---

632—and, by analogy, other similar consumer-oriented privacy statutes that have been enacted in California" were not enforced, then, "companies may utilize such undisclosed recording to further their economic interests—perhaps in selectively disclosing recordings when disclosure serves the company's interest, but not volunteering the recordings' existence (or quickly destroying them) when they would be detrimental to the company." *Kearney*, 39 Cal.4th at 126.

1  doing business in California and Washington. MFS LLC's agent of service of process

2  is Chris Hughes located at 4095 Avenida de la Plata, Oceanside, CA 92056.  On or

3  about October 5, 2015, Monterey Financial Services, Inc. was converted from a

4  corporation into a limited liability company now known as Monterey Financial

5  Services, LLC. Aside from the change from a corporation to a limited liability

6  company, there is no material change to Monterey Financial Services, Inc.'s business,

7  qualification to do business in California and elsewhere, location, structure, and/or

8  operations.   On April 1, 2016, Plaintiff's filed an "Amendment to Complaint"

9  pursuant to Cal. Code Civ. Proc. § 474 with the San Diego Superior Court which

10  amended the Class Action Complaint to name "Monterey Financial Services, LLC"

11  in place of fictitiously named defendant "Doe No. 1," and such amendment of the

12  Class Action Complaint was approved by the San Diego Superior Court on April 1,

13  2016. Subsequently, in its supplemental responses to Plaintiff's requests for

14  admissions nos. 1-3, dated November 11, 2016, MFS LLC stated that "[p]ursuant to

15  the conversion," Monterey Financial Services, Inc. "ceased to exist" and transferred

16  "all of its assets and liabilities, including any potential liability stemming from past

17  conduct associated with the present lawsuit, ... to Monterey Financial Services, LLC."

18  MFS LLC, at all times relevant herein, surreptitiously recorded and had policy and

19  a practice of recording and/or monitoring telephone conversations with the public,

20  including persons residing in California and Washington, which was in violation of

21  applicable statutory laws as set forth below. At all times relevant herein, MFS LLC's

22  employees and agents were directed, trained and instructed to, and did, record,

23  monitor and/or eavesdrop upon telephone conversations with the public, including

24  residents located in California and Washington.

25       8.       Plaintiff alleges on information and belief that at all relevant times that

26  Defendant Monterey Financial Services, Inc.'s successor in-interest or successor

27  entity, Defendant Monterey Financial Services, LLC, was responsible in some manner

28  for the acts, omissions and occurrences herein alleged and Plaintiff's damages were

proximately caused thereby. At all relevant times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other defendant, and in doing the acts alleged herein, were acting with the course and scope of such agency.

9. Each defendant had actual and/or constructive knowledge of the acts of each of the other defendant, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

10. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other defendant in breaching their obligations to Plaintiff and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11. Plaintiff is informed and believes and thereupon alleges that at all relevant times, each defendant was the agent, employee, representative, member, officer, director, partner, parent company, subsidiary or affiliate of the other defendants and was acting, or was acted for, within the authority of such agency, employment, representation, limited liability company or corporate affiliation while doing or omitting to do the acts alleged herein and with the permission, approval, consent and/or ratification of all other defendants. The allegations against each named defendant incorporate by reference the allegations against each other defendant.

12. There exists, and at all times herein mentioned existed, a unity of interests and ownership between all of the defendants, including the limited liability company and corporate defendants, and their principals, such that all individuality and separation ceased and Defendants became the alter egos of the other defendants and their principals.

13. Defendants are, and at all times herein mentioned were, so inadequately

capitalized that, compared to the business to be done by them and where such business was being conducted in relation to Plaintiff, and the risk of loss attendant thereto, the available capital of the entities was practically non-existent. Limited liability company, corporate and other formalities were disregarded such that the separate identities of the entities ceased to exist and such entities became the alter egos of the other defendants and their principals, and vice versa.

14.  Adherence to the fiction of any separate existence of any of the defendants as a distinct entity apart from the other defendant or their principals and/or the fiction that Defendants or their principals and/or the fiction that defendant limited liability company has "limited" liability would permit an abuse of the corporate and/or limited liability company privilege and other privileges allowing the formation of business entities under the laws of California and Washington. Injustice would also result given that Defendants and their principals have specifically created the multiple entities in an effort to avoid their liabilities and responsibilities. Such a result would promote injustice.

15.  Whenever in this complaint reference is made to any act or omission of a particular defendant, such allegation shall be deemed to mean that said defendant, and its officers, directors, members, agents, representatives, and employees, did authorize such act while actively engaged in the management direction or control of that defendant, and while acting within the course and scope of their employment or agency.

## III. <u>JURISDICTION AND VENUE</u>

16.  Defendants removed this action from the Superior Court of the State of California for the County of San Diego alleging in their Notice of Removal (ECF No. 1) that this Court has federal jurisdiction over this case pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2 § 4(a) ("CAFA"). (ECF No. 1, ¶¶12-23). Specifically, Defendants alleged that "During the class period, Monterey recorded telephone calls to/from more than 1,000 individual

who were physically located or residing in California and/or Washington. (Declaration of Chris Hughes ("Hughes Decl."), ¶ 7) Thus, there are more than 100 members implicated by Plaintiff's proposed class." (ECF No. 1, ¶15). Defendants also alleged that "the amount in controversy exceeds the jurisdictional limit of $5,000,000" because "California Penal Code Section 637.2 provides statutory damages of up to $5,000 per violation of section 632 or section 632.7. The Declaration of Chris Hughes concurrently filed herewith, establishes that Monterey recorded well over 5,000 telephone calls to/from individuals living in and calling from California alone during the class period. (Hughes Decl., ¶ 7)." (ECF No. 1, ¶19). Lastly, Defendants alleged that minimum diversity was met under CAFA since "at least some member of the putative class, namely Plaintiff, is a citizen of a State (Washington) different than that of Defendant (California)" by alleging the following factual grounds: "At the time of the filing of the Complaint, Defendant was a California corporation, organized and existing under and by virtue of the laws of the State of California. (Hughes Decl., ¶ 2) In October 2015, Defendant converted from a California corporation to a California limited liability company, with its sole member being, from the legal conversion to the present, a citizen of California within the meaning of the Acts of Congress relating to the removal of cases. (*Id*.) From October 2015 to the present, Defendant was and is a California limited liability company. (*Id*.) Currently and before and since the commencement of this action, Defendant has had its corporate headquarters and principal place of business located in California. (Id., at ¶¶ 3-4) Defendant's California headquarters is and has been the place where the majority of Defendant's corporate books and records are located. (Id.)" (ECF No. 1, ¶20).  Defendants also alleged that "Defendant does not have and, before and after the commencement of this action, has not had its headquarters, executive offices, or executive officers based in Washington. (Hughes Decl., ¶ 5) Thus, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen of Washington within the meaning of the Acts of Congress relating to the

removal of cases. Defendant is now and has been a citizen of California for diversity purposes since this action commenced. 28 U.S.C. § 1332(c)(1)." (ECF No. 1, ¶21).

17.     Defendants removed this action from the Superior Court of the State of California for the County of San Diego alleging in their Notice of Removal (Dkt No. 1) that venue is proper in the Southern District pursuant to 28 U.S.C. § 1441(a) on the grounds that "[t]he Complaint was filed and currently is pending in the California Superior Court for the County of San Diego. This District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a) because it is the District that embraces the county where the state court action was pending." (Dkt No. 1, ¶23).

## IV.  <u>CONDUCT GIVING RISE TO VIOLATIONS</u>

18.     From October of 2011 to October of 2013, Plaintiff had telephonic communications with certain employees and/or agents of Defendants who were located in California. Therefore, from October of 2011 to October of 2013, and specifically on <u>February 14, 2013</u> and <u>March 6, 2013</u>, Plaintiff received at least one telephone call from an employee and/or an agent of Defendants and made at least one telephone call to an employee and/or an agent of Defendants at Defendants' principal place of business in Oceanside, California. During each of these two aforementioned telephone conversations, Plaintiff confirmed her identity and Plaintiff shared her personal information as she believed that each of these calls was confidential in nature and that such calls were not being monitored or recorded. At no time during either of her two aforementioned telephone conversations with employees and/or agents of Defendants was Plaintiff told that her telephone conversations would be or may be recorded or monitored, and at no time  during either of her two aforementioned telephone conversations with employees and/or agents of Defendants did Plaintiff give her consent to Defendants to record or monitor such telephone conversations.

19.     At the time when this action was originally filed in October 2013, on its website, http://www.montereyfinancial.com/, MFS represented that Robert C. Steinke

was the CEO, the Chairman of the Board, and was the controlling shareholder in MFS, and that "[i]n 1989, Robert Steinke founded Monterey Financial Services, Inc . ... to provide ... the delivery of three complimentary (sic) services: our consumer financing program, loan servicing, and delinquent debt collections." Additionally, MFS currently represents on its website that "[i]n 1996 Monterey built a 27,000 square foot facility in Oceanside, California in order to accommodate its rapidly growing operations. In addition to the state of the art office building it owns, Monterey acquired a contiguous parcel of land onto which future growth and expansion is possible. Monterey employs over one hundred full time associates ... " Furthermore, in October 2013, MFS represented on its website that "Monterey maintains compliance with all federal and state regulations governing the purchasing, servicing, and collection of consumer debt. Regular training and testing related to debt collection has been implemented since its birth. Its Wygant Call Recording System is utilized for quality control, training purposes, and protection against false consumer complaints. Monterey passes sensitive consumer data and performance reports through it secure website and ftp site." Also, in a June 2010 interview posted on MFS' website in October 2013, Scott Little, Vice President of Sales & Marketing of MFS since 1994, was quoted as saying "Quite simply, it's the phone calls that make the difference. Rather than relying on a letter series of some sort and then sitting back and waiting for payments to arrive, we get on the phone with the delinquent customer and establish a way to get your debt paid in full, as quickly as possible."

20.   After Plaintiff had a telephonic communication on <u>March 6, 2013</u> with an employee and/or an agent of Defendants who was located in California without being told that her conversation would be recorded and without obtaining her consent at the beginning of the conversation to record such telephone conversation, in response to Plaintiff's <u>March 18, 2013</u> email, Jeffrey D. Smith, Financial Manager of MFS, sent an email reply to Plaintiff on <u>March 19, 2013</u> at 7:78 a.m. confirming that

"We record our calls for Quality Assurance and training purposes . . . ." In response to Jeffrey D. Smith's March 19, 2013 email, Plaintiff sent an email reply to Jeffrey D. Smith, Financial Manager of MFS, on March 19, 2013 at 9: 14 a.m. stating that "[y]es, I would like to request access to any recording that you have of our conversation. I was not made aware of a recording . . . ." Thereafter, neither MFS nor Jeffrey D. Smith produced a copy of MFS' recording of its March 6, 2013 telephone conversation with Plaintiff or any other recording of telephone conversations with Plaintiff despite Plaintiff's written request.

21.    Defendants recorded all of its numerous telephone conversations with Plaintiff, and all of Plaintiff's telephone conversations with Defendants entailed Plaintiff using her "cellular radio telephone" as such term is defined in Cal. Penal Code §632.7(c)(1). During each of her two aforementioned telephone conversations with employees and/or agents of Defendants, Plaintiff had an objectively reasonable expectation that her telephone conversations with Defendants were not being overheard or recorded.

22.    At no time   during either of her two aforementioned telephone conversations with employees and/or agents of Defendants was Plaintiff ever informed at the beginning of the telephone calls that her telephone calls were being recorded and/or monitored. At no time during either of her two aforementioned telephone conversations with employees and/or agents of Defendants did Plaintiff give her consent to Defendants to record and/or monitor such telephone calls.

23.    During the Class Period (defined infra), Defendants have had a policy and/or a practice of recording and/or monitoring telephone conversations with the public, including  Plaintiff and other persons residing in California and Washington. During the Class Period (defined infra), Defendants' employees and agents are directed, trained and instructed to, and did and do, record and/or monitor their telephone conversations with the public, including  Plaintiff and other persons residing in California and Washington.

24.     During the Class Period (defined infra), Defendants have installed and/or caused to be installed a call recording system on their telephone lines used by their employees and/or agents at their principal place of business in Oceanside, California. Defendants used their call recording system to record, overhear and listen to each and every telephone conversation on their telephone lines.

25.     During the Class Period (defined infra), Defendants have caused their calls with Plaintiff and other persons residing in California and Washington to be recorded and/or monitored without their knowledge or consent.  Defendants' conduct alleged herein constitutes violations of the right to privacy of the public, including Plaintiff and other persons residing in California and Washington.

## V.  CLASS ACTION ALLEGATIONS

26.     This action may be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. Without prejudice to later revision, the class which Plaintiff seeks to represent is defined as follows:

> All persons who, while residing in California and Washington, made or received one or more telephone calls with Defendants from October 15, 2009 through the date of trial (the "Class Period") and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored (the "Class").

27.     Without prejudice to later revision, the subclass which Plaintiff seeks to represent as the subset of the Class is defined as follows:

> All persons who made one or more telephone calls with Defendants while using a "cellular radio telephone" as such term is defined in Cal. Penal Code § 632.7(c)(l), during the Class Period and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored (the "Subclass").

28.     The members of the Class and the Subclass identified above are so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, the individual identities of the individual members of the Class and the Subclass are ascertainable through Defendants' records or by public notice.

29.     There is a well-defined community of interests in the questions of law and fact involved affecting the members of the Class and the Subclass. The questions of law and fact common to the members of the Class and Subclass predominate over questions affecting only individual class members, and include, but are not limited to the following:

a.      Whether Defendants have or had a policy of recording and/or monitoring incoming and/or outgoing calls;

b.      Whether Defendants disclosed to callers and/or obtained their consent that their incoming and/or outgoing telephone conversations were being recorded and/or monitored by Defendants;

c.      Whether Defendants' conduct of recording and/or monitoring incoming and/or outgoing calls constituted violations of Cal. Penal Code §§ 630 *et seq*.; and/or Wash. Rev. Code §§ 9.73 *et seq*.;

d.      Whether Defendants' policy of recording and/or monitoring incoming and/or outgoing calls constitutes a violation of California Business and Professions Code §§ 17200 *et seq*.;

e.      Whether MFS LLC is liable for the actions of MFS;

f.      Whether the members of the Class and/or Subclass are entitled to the remedies available under the applicable privacy laws of California and Washington;

g.      Whether the members of the Class and/or Subclass are entitled to injunctive relief;

h.      Whether the members of the Class and/or Subclass are entitled to an award of reasonable attorney's fees and costs.

30.     Plaintiff's claims are typical of the claims of the other members of the Class and Subclass which all arise from the same operative facts involving illegal recording or monitoring of telephone conversations on incoming and outgoing telephone calls with Defendants in California and are entitled to the greater of statutory damages of five thousand dollars ($5,000) per violation or three times actual damages, pursuant to Cal. Penal Code § 637.2(a); and/or actual damages or liquidated damages computed at the rate of one hundred dollars ($100) a day for each day of violation, not to exceed one thousand dollars ($1,000), and reasonable attorney's fees and other costs of litigation, pursuant to Wash. Rev. Code § 9.73.060.

31.     Plaintiff will fairly and adequately protect the interests of the Class and the Subclass. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class and Subclass she seeks to represent during the Class Period since like all other Class members, Defendants recorded and/or monitored their telephone conversations with Plaintiff on incoming and outgoing telephone calls with certain employees and/or agents of Defendants located in California, and like all other Subclass members, each of Plaintiff's two aforementioned calls with Defendants entailed Plaintiff using her "cellular radio telephone" as such term is defined in Cal. Penal Code § 632.7(c)(1). In addition, Plaintiff has retained counsel experienced in handling class claims and claims involving illegal telephone recording and monitoring litigation to further ensure such protection and intend to prosecute this action vigorously.

32.     Prosecution of separate actions by individual members of the Class and/or the Subclass would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and the Subclass and would lead to repetitious trials of the numerous common questions of fact and law in California and Washington; and could also lead to the establishment of incompatible standards of conduct for the Defendants, especially in the realm of the confidentiality of telephone conversations and expectations of privacy. Such individual adjudications would be, as a practical matter, dispositive of the interests of, or would substantially impair or impede the interests of, the other members of the Class and/or the Subclass. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33.     Defendants have acted or has refused to act on grounds that generally apply to the Class and the Subclass and final injunctive relief is appropriate as to the Class and the Subclass as a whole. Specifically, Defendants have recorded and/or

monitored calls with Plaintiff and other persons residing in California and Washington without complying with California's and Washington's notice and consent requirements, and injunctive relief is necessary to protect the future disclosure of the telephone conversations already recorded by Defendants and to avoid ongoing violations in the future.

34.     The common questions of law and fact predominate over any questions affecting only individual members. Furthermore, a class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with applicable laws. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because of caps on statutory damages per-illegally-recorded-calls. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

35.     Proper and sufficient notice of this action may be provided to the Class and Subclass members through methods best designed to provide adequate notice, including potentially a combination of e-mail, and/or postal mail, and/or Internet website, and/or publication.

36.     Furthermore, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class and the Subclass. Absent certification of this action as a class action, Plaintiff and the members of the Class and the Subclass will continue to be damaged.

37.     Plaintiff also alleges that, as a direct result of Plaintiff bringing this action and the illegal recording/monitoring issue to Defendants' attention, Defendants have or will prospectively make substantial and important changes to their policy and practices of recording their employee's and/or agent's telephone conversations with

persons residing in California and Washington.  Specifically, Plaintiff alleges that, as a result of Plaintiff's efforts, Defendants have or will be required to ceased to surreptitiously recording and/or monitoring telephone calls, or implement changes in its policies designed to avoid surreptitious recording and/or monitoring of telephone calls. In either scenario (Plaintiff as a catalyst for change or Plaintiff as an enjoiner), Plaintiff has enforced, or will enforce, an important right affecting the public interest, conferring a significant benefit, whether pecuniary or non-pecuniary, on the general public or a large class of persons.

## VI.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Invasion of Privacy Under Applicable State Statutory Laws
(Against All Defendants on behalf of the Class)

38.    Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

39.    Cal. Penal Code § 632, and Wash. Rev. Code §§ 9.73.030(1)(a) prohibit one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other. The aforementioned state statutes are violated the moment the recording is made without the consent of all parties thereto, regardless of the whether it is subsequently disclosed. The only intent required by the aforementioned state statutes is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to violate California and/or Washington law, or to invade the privacy right of any other person.

40.    Defendants employed and/or caused to be employed certain recording and listening equipment on the telephone lines of all employees and/or agents of Defendants.

41.    Plaintiff is informed and believes and thereupon alleges that all these devices were maintained and utilized to overhear, record, and listen to each and every incoming and outgoing telephone conversation over said telephone lines. As a result,

the persons who received telephone calls from or made telephone calls to Defendants during the Class Period had their conversations recorded and/or monitored by Defendants.

42.     Said listening, recording, and eavesdropping equipment was used to record, monitor, or listen to the telephone conversations of the Plaintiff and members of the Class, all in violation of Cal. Penal Code § 632, and Wash. Rev. Code § 9.73.030(1)(a).

43.     The said telephone communications, and the recordings thereof are in the possession, custody and control of Defendants, and each of them, were disseminated by and between the Defendants, and each of them, and were otherwise willfully distributed and disclosed by and between the Defendants and each of them, all in further violation of Cal. Penal Code § 632, and Wash. Rev. Code § 9.73.030(1)(a).

44.     At the outset of the incoming and outgoing telephone conversations over said telephone lines, Defendants failed to inform members of the Class that the listening and recording of their telephone conversations was taking place. At no time during these telephone conversations did Defendants or any employee and/or agent of Defendants inform members of the Class that the listening and recording of their telephone conversations was taking place and at no time did members of the Class consent to this activity. Additionally, under Washington law, since the recordings of the incoming and outgoing telephone conversations over said telephone lines do not reflect an announcement or notice that Defendants were recording of these telephone conversations at the outset of such calls, then consent to record cannot be considered to have been obtained by Defendants from any person residing in Washington on any such call. Wash. Rev. Code § 9.73.030(b)(3).

45.     Defendants intentionally engaged in the aforementioned listening and recording activities during the telephone conversations between the Class members, on the one hand, and Defendants on the other hand, as alleged herein above. These

1   conversations were "confidential communications" within the meaning of California

2   Penal Code § 632 since members of the Class had an objectively reasonable

3   expectation that the conversations were not being overheard or recorded.

4          46.    Based on the foregoing, Plaintiff and members of the Class are entitled

5   to, seek and below herein do pray for, their damages including but not limited to the

6   greater of statutory damages of five thousand dollars ($5,000) per violation or three

7   times actual damages, pursuant to Cal. Penal Code § 637.2(a); and/or actual damages

8   or liquidated damages computed at the rate of one hundred dollars ($100) a day for

9   each day of violation, not to exceed one thousand dollars ($1,000), and reasonable

10  attorney's fees and other costs of litigation, pursuant to Wash. Rev. Code § 9.73.060.

11         47.    In addition to damages, Plaintiff and members of the Class are entitled

12  to pursuant to Cal. Penal Code § 637.2(b) and seek and below herein do pray for,

13  injunctive relief in the form of an order (1) to restrain Defendants from recording any

14  future telephonic communications with persons in California and Washington without

15  consent by prohibiting Defendants from the overhearing, recording and listening to

16  each and every incoming and outgoing telephone conversation with California and

17  Washington residents without their prior consent; (2) to compel Defendants to

18  institute policies and procedures which will educate their employees and agents as to

19  California and Washington privacy laws and assure that such employees and agents

20  follow such privacy laws; and (3) to maintain the confidentiality of the information

21  of Plaintiff and the Class already obtained by Defendant way of its illegal practices

22  set forth above by prohibiting the future dissemination and disclosure of the recorded

23  telephone conversations in the possession, custody and control of Defendants.

24         48.    Because this case is brought for the purposes of enforcing important

25  rights affecting the public interest, Plaintiff and members of the Class are entitled to

26  and seek and below herein do pray for, recovery of their attorney's fees pursuant to

27  the private attorney general doctrine codified in Cal. Code of Civil Procedure §

28  1021.5.

**SECOND CLAIM FOR RELIEF**
**For Unlawful Recording of Telephone Calls Under Cal. Penal Code § 632.7**
(Against All Defendants on behalf of the Subclass)

49.    Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

50.    During the Class Period, Defendants have routinely made and received telephone calls from their principal place of business in Oceanside, California with persons residing in California and Washington in the course of their business.

51.    During the Class Period, Defendants has made use of a call recording system which allows them to secretly record telephone "communications" as such term is defined in Cal. Penal Code § 632.7(c)(3) between Defendants and persons residing in California and Washington while such persons were utilizing a "cellular radio telephone" as such term is defined in Cal. Penal Code § 632.7(c)(1) during telephone calls made or received by Defendants in California. Moreover, Defendants did, in fact, receive and secretly record such "communications" as such term is defined in Cal. Penal Code § 632.7(c)(3) with the members of the Subclass, without their knowledge or consent, in violation of Cal. Penal Code § 632.7(a).

52.    Based on the foregoing, Plaintiff and members of the Subclass are entitled to, seek and below herein do pray for, their damages including but not limited to the greater of statutory damages of five thousand dollars ($5,000) per violation or three times actual damages, pursuant to Cal. Penal Code § 637.2(a).

53.    In addition to damages, Plaintiff and members of the Subclass are entitled to pursuant to Cal. Penal Code § 637.2(b) and seek and below herein do pray for, injunctive relief in the form of an order (1) to restrain Defendants from recording any future telephonic communications with persons in California and Washington without consent by prohibiting Defendants from the overhearing, recording and listening to each and every incoming and outgoing telephone conversation with California and Washington residents without their prior consent; (2) to compel Defendants to institute policies and procedures which will educate their employees

and agents as to California and Washington privacy laws and assure that such employees and agents follow such privacy laws; and (3) to maintain the confidentiality of the information of Plaintiff and the Class already obtained by Defendant way of its illegal practices set forth above by prohibiting the future dissemination and disclosure of the recorded telephone conversations in the possession, custody and control of Defendants.

54.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Subclass seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Cal. Code of Civil Procedure § 1021.5.

### THIRD CLAIM FOR RELIEF
**Unlawful and Unfair Business Acts and Practices in Violation of
California Business & Professions Code § 17200, *et seq*.**
(Against All Defendants on behalf of the Class)

55.     Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

56.     The acts, omissions, and practices of Defendants as alleged herein constitute unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq*. of the Cal. Business & Professions Code. Defendants' conduct in violation of Cal. Penal Code §§ 632, 632.7, and Wash. Rev. Code §§ 9.73.030(1)(a), 9.73.030(b)(3), as set forth above, constitutes unlawful and unfair business acts and practices in violation of Cal. Business and Professions Code §§ 17200 *et seq*. in the following respects:

  a.     Defendant's conduct of overhearing, recording and listening to each and every incoming and outgoing telephone conversation with Plaintiff and the Class without their prior consent, as set forth above, constitutes an unlawful business practice because Defendant's conduct violates Cal. Penal Code §§ 632, 632.7 and Wash. Rev. Code §§ 9.73.030(1)(a), 9.73.030(b)(3);

  b.     Defendant's conduct of overhearing, recording and listening to each and every incoming and outgoing telephone conversation with Plaintiff and the Class without their prior consent, as set forth above, constitutes an unfair business practice because Defendant's practice is unethical, unscrupulous, and substantially injurious to consumers, and the harm to

Plaintiff and members of the Class and the Subclass outweighs the utility, if any, of Defendant's practices.

57.   As a result of Defendants' violation of Cal. Penal Code §§ 632, 632.7, and Wash. Rev. Code §§ 9.73.030(1)(a), 9.73.030(b)(3), and Defendants' violation of Cal. Business and Professions Code §§ 17200 *et seq.*, as set forth above, Plaintiff and the Class have suffered an injury in fact by, among other things, having their telephone conversations recorded without their permission or consent and having their recorded telephone conversations disseminated to others without their prior permission or consent.

58.   Additionally, Plaintiff and the Class have lost money or property in that Plaintiff and the Class have suffered and are each entitled to the statutory damages in the greater of amount of five thousand dollars ($5,000) per violation or three times actual damages pursuant to Cal. Penal Code § 637.2(a); and/or actual damages or liquidated damages computed at the rate of one hundred dollars ($100) a day for each day of violation, not to exceed one thousand dollars ($1,000), and reasonable attorney's fees and other costs of litigation, pursuant to Wash. Rev. Code § 9.73.060; Plaintiff and the Subclass have suffered actual damages in the form of cellular telephone service fees they incurred for the period of time they were on the phone with Defendants' employees and/or agents as a result of the calls they made and received on their cellular telephones to and from Defendant; Plaintiff and the Class have surrender more in their transactions with Defendants than they otherwise would have since Defendants have recorded and possess the recordings of their telephone conversations without their prior permission or consent; and Plaintiff and the Class have a present or future property interest diminished since Defendants have recorded and possess the recordings of their telephone conversations without their prior permission or consent.

59.   Defendants' unlawful and unfair business practices, as described above, present a continuing threat to Plaintiff and the Class since Defendants have in the past

and continue to overhear, record and listen to each and every incoming and outgoing telephone conversation with persons residing in California and Washington, without their prior consent, and Defendants have in the past and continue to disseminate and disclose of the recorded telephone conversations of Plaintiff and the Class in their possession, custody and control. Defendants are likely to continue to injure residents of California and Washington, and thus engendering a multiplicity of judicial proceedings.

60.    Pursuant to the Cal. Business & Professions Code § 17203, Plaintiff and the Class seek an order of this Court for restitution and/or injunctive relief in the form of an order (1) to restrain Defendants from recording any future telephonic communications with persons in California and Washington without consent by prohibiting Defendants from the overhearing, recording and listening to each and every incoming and outgoing telephone conversation with California and Washington residents without their prior consent; (2) to compel Defendants to institute policies and procedures which will educate their employees and agents as to California and Washington privacy laws and assure that such employees and agents follow such privacy laws; and (3) to maintain the confidentiality of the information of Plaintiff and the Class already obtained by Defendant way of its illegal practices set forth above by prohibiting the future dissemination and disclosure of the recorded telephone conversations in the possession, custody and control of Defendants. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendants under Code of Civil Procedure § 1021.5 and other applicable law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants, on behalf of herself and the members of the putative Class and Subclass, as follows:

1.    That this action be certified as a class action on behalf of the proposed

Class and Subclass and Plaintiff be appointed as representatives of the Class and Subclass;

2. For damages under Cal. Penal Code § 637.2 for each violation of Cal. Penal Code §§ 632 for Plaintiff and each member of the Class; and/or damages under Wash. Rev. Code§ 9.73.060 for each violation Wash. Rev. Code § 9.73.030(1)(a), for Plaintiff and each member of the Class;

3. For damages under Cal. Penal Code § 637.2, per each violation Cal. Penal Code § 632.7(a), for Plaintiff and each member of the Subclass;

4. For injunctive relief in the form of an order requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by Defendants by means of such unfair and unlawful conduct, plus interest and attorneys' fees pursuant to, *inter alia*, Cal. Business & Professions Code § 17203; and Cal. Code of Civil Procedure § 1021.5;

5. That the Court preliminarily and permanently enjoin Defendants from overhearing, recording and listening to each and every incoming and outgoing telephone conversation with persons in California and Washington, including Plaintiffs and the Class without their prior consent and to maintain the confidentiality of the information of Plaintiff and the Class already obtained by way of the illegal practices set forth above pursuant to, *inter alia*, Cal. Penal Code § 637.2(b).

6. For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or cy pres recovery where necessary to prevent Defendants from retaining the benefits of its wrongful conduct;

7. For an award of reasonable attorneys' fees as authorized by statute including, but not limited to, Wash. Rev. Code § 9.73.060 and the provisions of Cal. Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

8. For costs of suit as authorized by statute including, but not limited to, Cal. Penal Code § 637.2 and Wash. Rev. Code § 9.73.060;

9.      For prejudgment interest at the legal rate; and

10.      For such other and further relief as the court may deem proper.

Dated: May 17, 2018                              KEEGAN & BAKER, LLP

s/ Patrick N. Keegan
Patrick N. Keegan, Esq.
Attorney for Plaintiff Tiffany Brinkley

## DEMAND FOR JURY TRIAL

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: May 17, 2018

KEEGAN & BAKER, LLP

s/ Patrick N. Keegan
Patrick N. Keegan, Esq.
Attorney for Plaintiff Tiffany Brinkley

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on May 17, 2018, a true and correct copy of the **PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR THE UNLAWFUL RECORDING OR MONITORING OF TELEPHONE CALLS** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's EM/ECF System.

s/ Patrick N. Keegan
Patrick N. Keegan, Esq.
pkeegan@keeganbaker.com