UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BRINKLEY, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, LLC,<br><br>Defendant. | Case No.: 16-cv-1103-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss (ECF No. 100) filed by Defendant Monterey Financial Services, LLC.

## I. Background

On October 15, 2013, Plaintiff Tiffany Brinkley initiated this action by filing a Complaint (ECF No. 1-3) against Monterey Financial Services, Inc. in the Superior Court of the State of California in and for the County of San Diego. On April 1, 2016, Brinkley amended the Complaint to add Monterey Financial Services, LLC as a defendant. (ECF No. 1-8 at 2). On May 6, 2016, Monterey Financial Services, Inc. and Monterey Financial Services, LLC (collectively, "Monterey") removed the matter to this court. (ECF No. 1).

On May 17, 2018, Plaintiff Tiffany Brinkley filed a First Amended Complaint (ECF No. 97) (the "FAC") against Monterey. The FAC brings claims for violations of California Penal Code § 632, Washington Revised Code § 9.73.70.030(1)(a), California Penal Code § 632.7, and California Business and Professions Code §§ 17200 *et seq*. FAC at ¶¶ 38–60. The FAC seeks damages as well as injunctive relief (1) "prohibiting Defendants from [] overhearing, recording and listening to each and every incoming and outgoing telephone conversation with California and Washington residents without their prior consent," FAC at ¶ 60; (2) "compel[ling] Defendants to institute policies and procedures which will educate their employees and agents as to California and Washington privacy laws and assure that such employees and agents follow such privacy laws," *id.*; (3) "prohibiting the future dissemination and disclosure of the recorded telephone conversations in the possession, custody and control of Defendants," *id.*; and (4) "requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by Defendants by means of such unfair and unlawful conduct," *id.* at 26.

On May 31, 2018, Monterey filed the Motion to Dismiss. (ECF No. 100). On June 25, 2018, Brinkley filed an Opposition to the Motion to Dismiss. (ECF No. 101). On July 2, 2018, Monterey filed a Reply in Support of the Motion to Dismiss. (ECF No. 102).

On July 30, 2018, Magistrate Judge William V. Gallo issued an Order substituting Monterey Financial Services, LLC for Monterey Financial Services, Inc. and directing the Clerk of Court to terminate Monterey Financial Services, Inc. as a party to this case. (ECF No. 104).

## II. Allegations

> [F]rom October of 2011 to October of 2013, and specifically on February 14, 2013 and March 6, 2013, Plaintiff received at least one telephone call from an employee and/or an agent of Defendants and made at least one telephone call to an employee and/or an agent of Defendants . . . . During each of these two aforementioned telephone conversations, . . . Plaintiff shared her personal information as she believed that each of these calls was confidential in nature and that such calls were not being monitored or

> recorded. At no time during either of her two aforementioned telephone conversations with employees and/or agents of Defendants was Plaintiff told that her telephone conversations would be or may be recorded or monitored, and at no time during either of her two aforementioned telephone conversations with employees and/or agents of Defendants did Plaintiff give her consent to Defendants to record or monitor such telephone conversations.

FAC at ¶ 18. "Defendants recorded all of its numerous telephone conversations with Plaintiff, and all of Plaintiff's telephone conversations with Defendants entailed Plaintiff using her 'cellular radio telephone' as such term is defined in Cal. Penal Code § 632.7(c)(1)." *Id.* at ¶ 21.

Plaintiff has (1) "lost money or property in that Plaintiff . . . ha[s] suffered . . . statutory damages . . . pursuant to Cal. Penal Code § 637.2(a)[] and/or actual damages or liquidated damages . . . pursuant to Wash. Rev. Code § 9.73.060"; (2) "suffered actual damages in the form of cellular telephone service fees [she] incurred for the period of time [she was] on the phone with Defendants' employees and/or agents"; (3) "surrender[ed] more in [her] transactions with Defendants than [she] otherwise would have since Defendants have recorded and possess the recordings of their telephone conversations without their prior permission or consent"; and (4) "ha[d] a present or future property interest diminished since Defendants have recorded and possess the recordings of their telephone conversations without [her] prior permission or consent." *Id.* at ¶ 58.

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## IV. California Penal Code § 632 and California Penal Code § 632.7

Monterey moves to dismiss Plaintiffs' claims for violations of California Penal Code § 632 and California Penal Code § 632.7. Brinkley contends that the FAC adequately alleges that Monterey violated § 632 and § 632.7.[1]

Section 632 prohibits "intentionally and without the consent of all parties to a confidential communication . . . eavesdrop[ping] upon or record[ing] the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio." Cal. Penal Code § 632(a). Section 632 became effective in 1967.

---

[1] The Court will refer to California Penal Code § 632 as "§ 632" and California Penal Code § 632.7 as "§ 632.7"

4

Under Section 632.7(a), "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between two cellular radio telephones [or] a cellular radio telephone and a landline telephone . . . shall be punished . . . ." Section 632.7 defines a "[c]ellular radio telephone" as "a wireless telephone authorized by the Federal Communications Commission to operate in the frequency bandwidth reserved for cellular radio telephones." Cal. Penal Code § 632.7(c)(1).

Section 632.7 became effective in 1992. Leading up to the passage of § 632.7, the California Senate Committee on Judiciary stated that "there is currently no statute prohibiting a person from intercepting and intentionally recording a communication transmitted via cellular or cordless telephone." Senate Committee on Judiciary, AB 2465, at 2 (June 9, 1992). The Ways & Means Committee agreed, stating that § 632.7 "would expand existing law prohibiting unauthorized recording of telephone conversations to cover cordless and cellular phones." Ways & Means Committee, AB 2465, at 1 (March 9, 1992). Section 632.7 was intended to "simply extend[ ] to persons who use cellular or cordless telephones the same protection from recordation that persons using 'landline' telephones presently enjoy." Author Lloyd G. Connelly's Statement of Intent, Cal. Assem. Bill No. 2465 (1992), at 1.

### 1. Section 632 and Cellular Radio Telephones

Monterey contends that "Brinkley states no claim under California Penal Code § 632[] because that statute does not apply to calls involving a cellular radio telephone." (ECF No. 100 at 6) (citing *McEwan v. OSP Group, L.P.*, No. 14-cv-2823-BEN (WVG), 2015 WL 13374016 (S.D. Cal. July 2, 2015)). Brinkley contends that § 632 does apply to cellular telephone conversations, citing *Perea v. Humana Pharmacy, Inc.*, 2013 WL 12129618 (C.D. Cal. Jan. 23, 2013); *Nader v. Capital One Bank (USA), N.A.*, 2013 WL 11070244, (C.D. Cal. June 11, 2013); and *Khan v. Outrigger Enterprises, Inc.*, 2013 WL 12136379 (C.D. Cal. Oct. 29, 2013).

### A. District Court Cases Finding § 632 Applies to Cellular Radio Phones

Three courts in the Central District of California issued opinions in 2013 concluding that § 632 does apply to calls involving a cellular radio telephone. In *Perea*, the court observed that "Section 632 by its plain language prohibits recording 'confidential communication . . . by means of a . . . telephone, or other device." 2013 WL 12129618 at *5 (quoting Cal. Penal Code § 632). The court held that it "need look no further than to this plain language" to conclude that § 632 applies to calls involving a cellular radio telephone. *Id.* The court reasoned that phrase "except a radio" did not cover cellular radio telephones because "the plain language of the statute excludes conversations carried on 'by means of . . . a radio' not by means of telephones that operate on radio frequencies." *Id.* (quoting Cal. Penal Code § 632). The court found that "a reading of section 632 that includes the recording of communications between a wireless telephone and a landline would not make section 632.7 redundant, because section 632 requires the additional element of confidentiality." *Id.* at *5.

In *Nader*, the court stated "Capital One's claim that 'radio' includes a cellular phone is meritless. The Court finds persuasive the reasoning from *Perea* . . . ." 2013 WL 11070244 at *2 n.4.

In *Kahn*, the court began its analysis by stating that, when interpreting a statute, a court's "task is to discern the Legislature's intent." 2013 WL 12136379, at *5 (quoting *Wells v. One2One Learning Found.*, 141 P.3d 225, 236 (Cal. 2006)). According to the court,

> The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs. On the other hand, if the language allows more than one reasonable construction, we may look to such aids as the legislative history of the measure and maxims of statutory construction. In cases of uncertain meaning, we may

> also consider the consequences of a particular interpretation, including its impact on public policy.

*Id.* (quoting *Wells*, 141 P.3d at 236).

The court concluded that the words of § 632 themselves are not ambiguous because "the usual and ordinary meaning of the term 'telephone' in section 632 incorporates cellular phones." *Id.* (quoting Cal. Penal Code § 632). The Court held that the plain meaning of the word "telephone" governs and § 632 applies to communications carried on by means of a cellular radio telephone. *Id.* The court reasoned that interpreting § 632 to cover cellular phones would not read "except for radio" out of the statute because other communications occur over radios, such as communications carried on by means of "traditional police dispatch systems." *Id.* The court addressed the legislative history of § 632.7 by stating

> The Court agrees that the legislative history accompanying the 1992 enactment of section 632.7 does support the contention that at least some California legislators did not think section 632 covered cellular phones. However, courts do not generally give significant weight to the views of later legislatures on the intent of an earlier one. *See Schrader v. Idaho Dept. of Health and Welfare*, 768 F.2d 1107, 1114 (9th Cir. 1985) ("It is well settled that the views of a later Congress regarding the legislative intent of a previous Congress do not deserve much weight." (citing *Consumer Product Safety Comm'n v. GTE Sylvania*, 447 U.S. 102, 117 (1980)); *Penn Mut. Life Ins. Co. v. Lederer*, 252 U.S. 523, 538 (1920) (stating that "no aid could possibly be derived from the legislative history of another act passed nearly six years after the one in question"). Further, in accordance with California's guidelines on statutory interpretation, because the Court finds the language of section 632 unambiguous, the legislative history of subsequent enactments need not be considered.

*Id.*

### B. *McEwan*

The *McEwan* court came to opposite conclusion. 2015 WL 13374016 at *3–4. The court stated that the relevant question was "whether 'telephone' means only one type of telephone (*i.e.* landline telephones), or all types of telephones." *Id.* at *3 (quoting Cal. Penal Code § 632). The court reasoned that "'[t]elephone' cannot be defined without

7

considering the qualifying phrase, 'except a radio.'" *Id.* (quoting Cal. Penal Code § 632). The court found that "[a] reading of section 632(a) exposes at least two reasonable interpretations": (1) "that the modifier 'except a radio' qualifies confidential communications in the presence of one another, by telegraph, by telephone, *and* other devices," and (2) "that the modifier 'except a radio' only applies to the last item in the list—'other devices.'" *Id.* (quoting Cal. Penal Code § 632). The court reasoned that, under the first reasonable interpretation, "except a radio" modifies "telephone" and § 632 does not apply to communications made "by radio telephone." *Id.* The court found that, "[b]ased upon these two interpretations, the statute's language is ambiguous." *Id.*

The court resolved this "ambigu[ity]" by "look[ing] to legislative history and canons of statutory construction to determine the [Legislature's] intent." *Id.* (citing *Wells*, 141 P.3d at 236). The court noted that the Legislature specifically addressed cellular radio telephones in other provisions. *Id.* (citing Cal Penal Code § 632.7). The court also noted that, while the word "telephone" in § 632 is not defined, "section 632 was enacted at a time where only one type of phone existed—landline phones. Thus, a definition of 'telephone' was unnecessary." *Id.* (quoting Cal. Penal Code § 632). The court also found that "[t]he legislative history suggests that use of 'telephone' refers to landline phones only, not any type of mobile phone." *Id.* (quoting Cal. Penal Code § 632).

Turning to the rules of statutory construction, the court focused on the rule that "[w]here a statute . . . contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed." *Id.* at *4 (citing *Estate of Reeves*, 284 Cal. Rptr. 650, 653 (Cal. Ct. App. 1991)). According to the court,

> The Legislature had opportunity to amend section 632 at the time it added sections 632.5, 632.6, and 632.7, but it did not. If the Legislature desired to include all types of telephones in section 632, it certainly could have done so. This is true especially in light of the definitions of "cellular radio telephone" and "cordless telephone" added to section 632.7. As such, the addition of the mobile phone definitions in later sections indicates that the Legislature did not intend for section 632 to encompass those types of phones.

8

*Id.* (quoting Cal. Penal Code § 632.7). The court also applied the rule of lenity, which it concluded supported construing the word "telephone" not to include cellular radio telephones. *Id.* (quoting Cal. Penal Code § 632).

### C. Analysis

This Court agrees with the courts in *Perea*, *Nader*, and *Khan* that a cellular radio telephone is a "telephone" under the usual and ordinary meaning of that word. The phrase "except a radio" unambiguously excludes communications carried on by means of one kind of device: radios. A cellular radio telephone is not a "radio" under the usual and ordinary meaning of that word. Consequently, Section 632 unambiguously applies to communications carried on by means of a cellular radio telephone. Having concluded that the words used in § 632 unambiguously prevent the recording of communications carried on by means of a cellular radio telephone, the Court need not examine the legislative history of that statute, apply any other maxims of statutory construction, or consider the consequences of its interpretation. *Wells*, 141 P.3d at 236. Monterey's motion to dismiss Brinkley's claim for violations of § 632 is denied.

### 2. Section 632.7 and Consent

Monterey contends that Brinkley's Section 632.7 claim fails because the FAC does not allege that Monterey received Brinkley's communications without Brinkley's consent. (ECF No. 100-1 at 16). Monterey contends that "[t]he phrase 'without the consent of all parties to the communication' is placed *before*—and therefore modifies—all of what follows: 'intercepts or receives and intentionally records.'" *Id.* (quoting Cal. Penal Code § 632.7 ("Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between two cellular radio telephones [or] a cellular radio telephone and a landline telephone . . . shall be punished . . . .")). Monterey contends that "[a]ccordingly, a prosecuting authority or civil plaintiff must plead and prove lack of consent with respect to both (1) the 'interception or receipt' of the communication, and (2) the 'recordation' of the communication." *Id.* Monterey cites *Young v. Hilton Worldwide, Inc.*, which held that §

632.7 "restrict[s] *third-party* interception of cellular and cordless telephone radio transmissions," and "do[es] not restrict the parties to a call from recording those calls." 2014 WL 3434117, at *1 (C.D. Cal. Jul. 11, 2014). Monterey also cites *Granina v. Eddie Bauer LLC*, 2015 WL 9855304 (Cal. Super. Dec. 2, 2015), which came to the same conclusion.

Brinkley disagrees, citing a number of district court opinions holding that § 632.7 applies to a party to a call who records the call without the other party's consent. (ECF No. 101 at 26–32) (citing *Ronquillo-Griffin v. Telus Communications Inc.,* 2017 WL 2779329 at *3 (S.D. Cal. June 27, 2017); *Horowitz v. GC Services Ltd. Partnership*, 2015 WL 1959377 at *11 (S.D. Cal. April 28, 2015); *Montantes v. Inventure Foods*, 2014 WL 3305578, at *2–4 (C.D. Cal. July 2, 2014); *Ades v. Omni Hotels Management Corporation*, 46 F.Supp.3d 999, 1017–1018 (C.D. Cal. 2014); *Brown v. Defender Sec. Co.*, 2012 WL 5308964, at *5 (C.D. Cal. Oct. 22, 2012); *Simpson v. Vantage Hospitality Group, Inc.*, 2012 WL 6025772 (N.D.Cal. 2012); *Simpson v. Best Western Intern., Inc.*, 2012 WL 5499928 (N.D. Cal. 2012)).

The Court finds that § 632.7 is susceptible to two different reasonable interpretations. The first is the interpretation suggested by Monterey, that "without the consent of all parties to the communication" modifies both "intercepts or receives" and "intentionally records." (ECF No. 100-1 at 16) (quoting Cal. Penal Code § 632.7). Under this interpretation, a party who receives a communication with the consent of the communicator and records that communication without the communicator's consent does not violate § 632.7. The second reasonable interpretation of § 632.7 is that "without the consent of all parties to the communication" modifies two conjunctives "intercepts and intentionally records" and "receives and intentionally records." Cal. Penal Code § 632.7. Under this interpretation, a party to a call who records part of the conversation without the other party's consent violates § 632.7 by "receiv[ing] and intentionally record[ing]" a communication without the other party's consent. *Id.*

| | |
|---|---|
| 1 | The Court finds that the legislative history supports the second interpretation. According to the author of § 632.7, it was intended to "simply extend[ ] to persons who use cellular or cordless telephones the same protection from recordation that persons using 'landline' telephones enjoy[ed at that time]." Connelly's Statement of Intent, Assem. Bill No. 2465 (1992), at 1. At the time § 632.7 was being debated, a party to a call conducted on a landline violated § 632 by recording that call. *See* Cal. Penal Code § 632 (prohibiting "intentionally and without the consent of all parties to a confidential communication . . . record[ing a] confidential communication . . . carried on . . . by means of a telegraph, telephone, or other device, except a radio."). Accordingly, the Court finds that § 632.7 prohibits the unauthorized recording of calls that are received with the other party's consent. Monterey's motion to dismiss Brinkley's claim for violations of § 632.7 is denied. *See Ronquillo-Griffin v. TELUS Commc'ns, Inc*., No. 17CV129 JM (BLM), 2017 WL 2779329, at *4 (S.D. Cal. June 27, 2017) (denying the defendant's motion to dismiss because the legislature intended § 632.7 to apply to parties to the communication); *Simpson v. Best W. Int'l, Inc*., No. 3:12-CV-04672-JCS, 2012 WL 5499928, at *9 (same). |

## V. Washington Revised Code § 9.73.030 and California Business and Professions Code §§ 17200 *et seq.*

Monterey contends that Brinkley's claim for violations of Washington Revised Code § 9.73.030 should be dismissed because "[t]he FAC contains no allegation that Brinkley suffered any injury to her business, her person or her reputation." (ECF No. 100-1 at 11). Monterey contends that Brinkley's claim for violations of California Business and Professions Code §§ 17200 *et seq*. should be dismissed because the FAC "fails to plausibly allege that she lost money or property *as a result of* the alleged violations." *Id.* at 15.

Brinkley contends that the FAC alleges that she suffered an injury because of Monterey's violations of Washington Revised Code § 9.73.030. (ECF No. 101 at 15). Brinkley contends that "Plaintiff's 'actual damages in the form of cellular telephone service fees' alleged in ¶ 58 are sufficient damage allegations to meet the pleading standard imposed by Cal. Bus. & Prof. Code § 17204 in order to obtain restitution of such an actual

loss of cellular telephone charges from Defendants." (ECF No. 101 at 23) (emphasis omitted) (citing FAC at ¶ 58).[2]

Washington Revised Code § 9.73.030(1)(a) makes it unlawful to "record any private communication transmitted by telephone, telegraph, radio, or other device . . . without first obtaining the consent of all the participants in the communication." Wash. Rev. Code § 9.73.030(1)(a). Washington Revised Code § 9.73.060 provides that any person who violates Washington Revised Code § 9.73.030(1)(a) "shall be subject to legal action for damages . . . brought by any other person claiming that a violation of this statute has injured his or her business, his or her person, or his or her reputation." *Id.* at § 9.73.060.

To bring a claim under California Business and Professions Code § 17204, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that economic injury was the result of, i.e., *caused by*, the unfair business practice . . . that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885 (Cal. 2011).

The unfair business practice alleged in the FAC is Monterey's unauthorized recording of the conversations between Brinkley and Monterey representatives. *See* FAC at ¶¶ 18–21. That is the same conduct that Brinkley alleges violated Washington Revised Code § 9.73.030(1)(a). *See id.* at ¶ 44. The FAC alleges that Brinkley "suffered actual damages in the form of cellular telephone service fees [she] incurred for the period of time [she was] on the phone with Defendants' employees and/or agents." FAC at ¶ 58. However, the FAC does not allege facts showing that Brinkley would not have made the

---

[2] Brinkley also contends that FAC alleges that that she lost property in the form "statutory damages" and "recordings of her telephone conversations with Monterey." *Id.* at 24 (citing FAC at ¶ 58). However, prior to Monterey recording Brinkley's conversations with Monterey representatives, Brinkley had no property interest in statutory damages or the recordings themselves (which did not exist). Accordingly, Monterey's allegedly unfair business practice (recording Brinkley's conversations with Monterey representatives without her consent) did not impair Brinkley's property interest in statutory damages or the recordings of her conversations with Monterey representatives.

calls that Monterey recorded, or would have ended those calls sooner, if Monterey had not recorded the calls, or if Monterey had informed Brinkley that the calls were being recorded. Consequently, the FAC does not allege that Monterey's alleged violations of California and/or Washington law caused Brinkley to incur any cellular telephone service fees. Monterey's motion to dismiss Brinkley's claims for violations of Washington Revised Code § 9.73.030 and California Business and Professions Code §§ 17200 *et seq.* is granted.[3]

## VI. Injunctive Relief

Monterey contends that Brinkley does not have standing to bring her claims for injunctive relief because the FAC "does not—and cannot—allege any real and immediate threat of either Defendant recording a future call with her without her knowledge or consent." (ECF No. 100-1 at 12). Brinkley contends that she has standing to bring her claims for injunctive relief because the FAC alleges violations of her statutory rights. (ECF No. 101 at 16). Brinkley contends that "California Penal Code § 637.2(b) gives Plaintiff the statutory authority to seek injunctive relief." *Id.* at 17. Brinkley contends that the FAC alleges facts demonstrating a "real and immediate threat of repeated injury" in the form of Monterey disseminating recordings of her conversations with Monterey representatives. *Id.* at 19. Brinkley contends that Monterey should not be able to "avoid injunctive relief by removing the action to federal court." *Id.* at 19.

Monterey contends that state laws like California Penal Code § 637.2(b) do not "obviate the Article III standing requirement." (ECF No. 102 at 9 n.3). Monterey contends that, even if the FAC adequately alleged a real and immediate risk of Monterey disseminating a recording, that would not give Brinkley standing to pursue her claims for

---

[3] The Court finds that neither *Kearney v. Kearney*, 974 P.2d 872 (Wash. 1999) nor *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1091 (N.D. Cal. 2015) establishes that the invasion of privacy inherent in the unauthorized recording of an individual's conversation satisfies the personal injury requirement of Washington Revised Code § 9.73.060.

13

injunctive relief because "the violation alleged by Brinkley is *unconsented recording*, not dissemination." *Id.* at 9.

To establish standing to pursue injunctive relief, a plaintiff must allege a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (citing *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). This rule applies in federal courts even where a state statute allows plaintiffs to seek an injunction in state court without meeting its requirements. *See SourceAmerica v. SourceAmerca*, No. 314CV00751GPCAGS, 2018 WL 2193261, at *5 (S.D. Cal. May 14, 2018) ("[A] default rule under California law that would *not* require a plaintiff seeking injunctive relief to offer evidence of future unlawful activity would squarely conflict with this Court's Article III constraints.").

The Court finds that the FAC does not allege a real and immediate threat of repeated injury in the future. The FAC does not allege that Monterey has previously disseminated any recordings. Accordingly, any injury that Brinkley suffers from Monterey disseminating recordings would not be a "repeated injury." *Chapman*, 631 F.3d at 946 (citing *Fortyune*, 364 F.3d at 1081); *see also Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (Plaintiffs seeking injunctive relief "must demonstrate that they are realistically threatened by a *repetition* of the violation."). The Court finds that Brinkley does not have standing to pursue her requests for injunctive relief.[4]

---

[4] Brinkley's request that the Court "sever and remand Brinkley's injunctive relief claims back to state Court" is denied. *See* ECF No. 101 at 21.

14

## VII. Conclusion

Monterey's Motion to Dismiss (ECF No. 100) is GRANTED IN PART and DENIED IN PART. Brinkley's claims for violations of Washington Revised Code § 9.73.030 and California Business and Professions Code §§ 17200 *et seq.* are DISMISSED without prejudice. Monterey's Motion to Dismiss (ECF No. 100) is DENIED in all other respects. Any motion to amend shall be filed on or before October 22, 2018.

Dated: September 13, 2018

Hon. William Q. Hayes
United States District Court