UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BRINKLEY, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, LLC,<br><br>Defendant. | Case No.: 16-cv-1103-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to Amend and to File a Second Amended Class Action Complaint. (ECF No. 111).

I. **Background**

On October 15, 2013, Plaintiff Tiffany Brinkley initiated this action by filing a Complaint (ECF No. 1-3) against Monterey Financial Services, Inc. and Doe Defendants in the Superior Court of the State of California in and for the County of San Diego. On April 1, 2016, Brinkley amended the Complaint to add Monterey Financial Services, LLC as a defendant. (ECF No. 1-8 at 2). On May 17, 2018 Plaintiff filed a First Amended Class Action Complaint. (ECF No. 97). On May 31, 2018 Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 100). On June 30, 2018, Monterey Financial Services, Inc. was terminated from the case. (ECF No. 104). On September 13, 2018, the Court granted in part and denied in part Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 106).

1

On October 22, 2018 Plaintiff filed a Motion for Leave to Amend and to File a Second Amended Class Action Complaint. (ECF No. 111). On November 2, 2018 Defendant filed a Notice of Non-Opposition to Plaintiff's Motion for Leave to Amend and to File a Second Amended Class Action Complaint. (ECF No. 113).

## II. Legal Standard

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## III. Decision of the Court

Defendant Monterey Financial Services, LLC "does not oppose the Motion." (ECF No. 113 at 2). The Court finds that there has been no showing that any of the remaining *Foman* factors warrants deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

1  Plaintiff's Motion for Leave to Amend and to File a Second Amended Class Action
2  Complaint (ECF No. 111) is GRANTED.  Plaintiff may file the proposed Second Amended
3  Class Action Complaint (ECF No. 111-1) on or before December 10, 2018.

Dated: November 27, 2018

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court