Patrick N. Keegan, Esq. (SBN 167698)
**KEEGAN & BAKER, LLP**
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Tel:   (760) 929-9303
Fax:   (760) 929-9260

Steven A. Wickman, Esq. (SBN 165149)
Christina E. Wickman, Esq. (SBN 236882)
**WICKMAN & WICKMAN**
500 La Terraza Boulevard, Suite 150
Escondido, CA 92025
Tel:   (760)732-3300
Fax:   (619) 271-8656

Attorneys for Plaintiff
TIFFANY BRINKLEY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BRINKLEY on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MONTEREY FINANCIAL SERVICES, LLC;<br><br>Defendant. | Case No. 16-CV-1103-WQH-WVG<br><br>Assigned to: Hon. William Q. Hayes<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR THE UNLAWFUL RECORDING AND MONITORING OF TELEPHONE CALLS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff TIFFANY BRINKLEY, on behalf of herself and others similarly situated, alleges upon personal knowledge as to herself and her acts stated herein, and as to all other matters upon information and belief as follows:

## I. PRELIMINARY STATEMENT

1.     Plaintiff TIFFANY BRINKLEY ("Brinkley" or "Plaintiff"), on behalf of herself and others similarly situated, brings this action against Defendant MONTEREY FINANCIAL SERVICES, LLC (hereinafter referred to as "Defendant" or "Monterey") for the unlawful recording and/or monitoring of telephone calls in violation of the privacy laws of California and Washington. Specifically, on October

15, 2013, Brinkley, on behalf of herself and others similarly situated, filed her "Class Action Complaint for Damages and Injunctive Relief for Unlawful Recording or Monitoring of Telephone Calls" ("Class Action Complaint") against Defendant's predecessor in interest,[1] Monterey Financial Services, Inc., in the San Diego Superior Court, alleging that Monterey unlawfully recorded telephone calls of California and Washington residents without their knowledge or consent, in violation of California Penal Code §§ 630, *et seq*., and Washington Rev. Code §§ 9.73, *et seq*., by asserting three causes of action (ECF No. 1-10 at pp. 145-161): (1) First Cause of Action for Invasion of Privacy Under Applicable State Statutory Laws for violations of Cal. Penal Code § 632, and Washington Revenue Code § 9.73.030, (id. at pp. 155-156, Class Action Complaint, pp. 11-12, ¶¶38-48); (2) Second Cause of Action for Unlawful Recording of Telephone Calls Under Cal. Penal Code §632.7 (*id*. at p. 157, Class Action Complaint, p. 13, ¶¶49-54); and (3) Third Cause of Action for Unlawful and Unfair Business Acts and Practices in Violation of California Business & Professions Code §17200, et seq. (*id*. at pp. 158-159, Complaint, pp. 14-15, ¶¶55-60). Additionally, Brinkley sought injunctive relief under all three of her causes of action. (*Id*. at Class Action Complaint, pp. 12, 13, 15, 47, 53, 60).

2. California Penal Code §§ 630, et seq., and Washington Rev. Code §§ 9.73, *et seq*., prohibit one party to a telephone call from intentionally recording or monitoring the conversation without the knowledge or consent of the other. These statutes are violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by the aforementioned statutory laws is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the

---

[1] In this litigation, Defendant has asserted and the Court has found that Monterey Financial Services, Inc.'s interests were, by operation of law, vested to Monterey Financial Services, LLC upon a conversion constituting a "transfer of interest" under Cal. Corp. Code § 1158(b) on October 5, 2015.

surreptitious recording to violate the applicable state law, or to invade the privacy right of any other person. Plaintiff alleges that, despite California's and Washington's two-party consent laws and despite Defendant's representations that they maintain compliance with all federal and state regulations, Defendant, on behalf of itself and its many clients, continued to violate California's and Washington's two-party consent statutes.   Defendant has and continues to impermissibly record and/or monitor its telephone conversations on telephone calls made or received by Defendant from its principal place of business in Oceanside, California with persons residing in California and Washington.

3.      Defendant's employees and/or agents called and spoke to Plaintiff and other persons residing in California and Washington numerous times, and Plaintiff and other persons residing in California and Washington called and spoke to Defendant's employees and/or agents numerous times, and Defendant has had a policy and practice to secretly and illegally recorded and/or monitored such telephone conversations. Plaintiff asserts that such surreptitious recording and/or monitoring was done in violation of the telephonic privacy laws of California and Washington, and that Defendant continues to secretly and illegally record and/or monitored its telephone conversations with persons residing in California and Washington. Plaintiff, on behalf of herself and other persons residing in California and Washington similarly situated, seeks damages, injunctive relief, attorneys' fees and costs according to statute.

4.      Plaintiff does not seek any relief greater than or different from the relief sought for other persons residing in California and Washington similarly situated who are members of the Class and the Subclass (defined infra) of which Plaintiff is a member.  The action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, or a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the

1  matter.

2  ## II. **PARTIES**

3  5.    Plaintiff TIFFANY BRINKLEY ("Brinkley" or "Plaintiff") was, at all

4  times relevant herein, a natural person, a resident of Tukwila, Washington and a

5  citizen of Washington. On August 10, 2011, Plaintiff Tiffany Brinkley ("Brinkley"),

6  entered into a contact to receive six real estate coaching sessions from one of

7  Defendant's customers, Real Estate Investor Education ("REIE"), for $4,195. Ms.

8  Brinkley paid REIE $850, and financed the remainder of the purchase price through

9  REIE's "Retail Installment Contract," financed by Monterey. *Brinkley v. Monterey*

10  *Fin. Servs., Inc*., 242 Cal.App.4th 314, 322 (2015).  Brinkley never received any of

11  the coaching sessions from REIE, which went out of business in August 2012. *Id*. at

12  323.   Monterey, headquartered in Oceanside, California, took the position that

13  Brinkley owed it the remaining payments, and began aggressive collection efforts

14  against her. *Id.*  From its offices in Oceanside, California, Monterey's employees

15  and/or agents called and spoke to Brinkley in Washington on her cellular phone by

16  dialing Brinkley's cellular phone number with a Washington area code numerous

17  times, and from Washington, Brinkley called Monterey's offices in Oceanside,

18  California and spoke to Monterey's employees and/or agents using her cellular phone

19  number with a Washington area code using a cellular phone numerous times. *Id*.

20  Each of Brinkley's telephone  conversations with Monterey's employees and/or

21  agents were recorded by Monterey, including Monterey's telephone conversations

22  with Brinkley on February 14, 2013 and March 6, 2013 which were recorded by

23  Monterey without her knowledge or consent causing harm and damage to Plaintiff.

24  Thereafter, Monterey filed a small claims court action against Brinkley in San Diego

25  and Monterey originally obtained a small claims court judgment against her.

26  However, the judgment was reversed on her appeal to the San Diego Superior Court,

27  whereby Brinkley obtained a judgment against Monterey for all of the monies

28  Brinkley paid to Monterey pursuant to REIE's "Retail Installment Contract."

6.      On October 15, 2013, Plaintiff Tiffany Brinkley initiated this action by filing a Complaint (ECF No. 1-3) against Monterey Financial Services, Inc. in the Superior Court of the State of California in and for the County of San Diego. On April 1, 2016, Brinkley amended the Complaint to add Defendant Monterey Financial Services, LLC as a defendant. (ECF No. 1-8 at 2). On May 6, 2016, Monterey Financial Services, Inc. and Monterey Financial Services, LLC (collectively, "Monterey") removed the matter to this court. (ECF No. 1).  During the first three years of litigation, Defendants had steadfastly refused to identify all of the times when Monterey recorded its telephone conversations with Brinkley and to the produce all of its recordings of its telephone conversations with Brinkley in response to informal and formal discovery. Only after the issuance of Magistrate Judge William V. Gallo's November 7, 2016 Order (ECF No. 26), Defendants produced a "Class list,"i.e. a Excel spreadsheet entitled, "Brinkley Data List_November 8 2016_Highly Confidential Attorney Eyes Only" in .pdf and .xlsx file formats on November 8, 2016, at 4:18 p.m. and 4:19 p.m., respectively. Subsequently, on November 11, 2016, Monterey served a supplemental interrogatory response stating that it "produced a report dated November 8, 2016, which contains a list of Monterey accounts listing California and Washington street addresses with respect to which accounts telephone call (to and/or from) were recorded between October 15, 2009 and May 6, 2016. The list includes the most recent name, address, and telephone number associated with each account and also includes the dates of the first and last recorded calls associated with each account." (Emphasis added).  As set forth in the "Class list" produced by Defendants in this case, Defendants' first recorded a telephone conversation with Brinkley on October 17, 2011 and last recorded a telephone conversation with Brinkley on October 9, 2013.[2]

---

[2]  To date, Defendants have not produced (i) the first recorded telephone conversation with Brinkley on October 17, 2011, or (ii) the last recorded telephone

7.     Defendant MONTEREY FINANCIAL SERVICES, LLC ("Defendant" or "Monterey"), at all times relevant herein, was and is a California limited liability company, with its headquarters and principal place of business located at 4095 Avenida de la Plata, Oceanside, CA 92056, and was and is licensed to do business, and was and is doing business in California and Washington. Monterey's agent of service of process is Chris Hughes located at 4095 Avenida de la Plata, Oceanside, CA 92056.  On or about October 5, 2015, Monterey Financial Services, Inc. was converted from a corporation into a limited liability company now known as Monterey Financial Services, LLC. Aside from the change from a corporation to a limited liability company, there is no material change to Monterey Financial Services, Inc.'s business, qualification to do business in California and elsewhere, location, structure, and/or operations.  On April 1, 2016, Plaintiff's filed an "Amendment to Complaint" pursuant to Cal. Code Civ. Proc. § 474 with the San Diego Superior Court which amended the Class Action Complaint to name "Monterey Financial Services, LLC" in place of fictitiously named defendant "Doe No. 1," and such amendment of the Class Action Complaint was approved by the San Diego Superior Court on April 1, 2016. Subsequently, in its supplemental responses to Plaintiff's requests for admissions nos. 1-3, dated November 11, 2016, Monterey stated that "[p]ursuant to the conversion," Monterey Financial Services, Inc. "ceased to exist"

---

conversation with Brinkley on October 9, 2013. Defendants' selective production of recorded telephone conversations in this case was specifically cited as an example by the California Supreme Court in *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95 (2006) as a reason supporting its decision to enforce the California Invasion of Privacy Act, (Pen.Code §§ 630-637.5, hereafter "CIPA"), since it held that "if section 632—and, by analogy, other similar consumer-oriented privacy statutes that have been enacted in California" were not enforced, then, "companies may utilize such undisclosed recording to further their economic interests—perhaps in selectively disclosing recordings when disclosure serves the company's interest, but not volunteering the recordings' existence (or quickly destroying them) when they would be detrimental to the company." *Kearney*, 39 Cal.4th at 126.

and transferred "all of its assets and liabilities, including any potential liability stemming from past conduct associated with the present lawsuit, ... to Monterey Financial Services, LLC." Monterey, at all times relevant herein, surreptitiously recorded and had policy and a practice of recording and/or monitoring telephone conversations with the public, including persons residing in California and Washington, which was in violation of applicable statutory laws as set forth below. At all times relevant herein, Monterey's employees and agents were directed, trained and instructed to, and did, record, monitor and/or eavesdrop upon telephone conversations with the public, including residents located in California and Washington.

### III.  JURISDICTION AND VENUE

8.      Defendant removed this action from the Superior Court of the State of California for the County of San Diego alleging in its Notice of Removal (ECF No. 1) that this Court has federal jurisdiction over this case pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2 § 4(a) ("CAFA"). (ECF No. 1, ¶¶12-23). Specifically, Defendant alleged that "During the class period, Monterey recorded telephone calls to/from more than 1,000 individual who were physically located or residing in California and/or Washington. (Declaration of Chris Hughes ("Hughes Decl."), ¶ 7) Thus, there are more than 100 members implicated by Plaintiff's proposed class." (ECF No. 1, ¶15). Defendant also alleged that "the amount in controversy exceeds the jurisdictional limit of $5,000,000" because "California Penal Code Section 637.2 provides statutory damages of up to $5,000 per violation of section 632 or section 632.7. The Declaration of Chris Hughes concurrently filed herewith, establishes that Monterey recorded well over 5,000 telephone calls to/from individuals living in and calling from California alone during the class period. (Hughes Decl., ¶ 7)." (ECF No. 1, ¶19). Lastly, Defendant alleged that minimum diversity was met under CAFA since "at least some member of the putative class, namely Plaintiff, is a citizen of a State

(Washington) different than that of Defendant (California)" by alleging the following factual grounds: "At the time of the filing of the Complaint, Defendant was a California corporation, organized and existing under and by virtue of the laws of the State of California. (Hughes Decl., ¶ 2) In October 2015, Defendant converted from a California corporation to a California limited liability company, with its sole member being, from the legal conversion to the present, a citizen of California within the meaning of the Acts of Congress relating to the removal of cases. (*Id*.) From October 2015 to the present, Defendant was and is a California limited liability company. (*Id*.) Currently and before and since the commencement of this action, Defendant has had its corporate headquarters and principal place of business located in California. (Id., at ¶¶ 3-4) Defendant's California headquarters is and has been the place where the majority of Defendant's corporate books and records are located. (Id.)" (ECF No. 1, ¶20).  Defendant also alleged that "Defendant does not have and, before and after the commencement of this action, has not had its headquarters, executive offices, or executive officers based in Washington. (Hughes Decl., ¶ 5) Thus, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen of Washington within the meaning of the Acts of Congress relating to the removal of cases. Defendant is now and has been a citizen of California for diversity purposes since this action commenced. 28 U.S.C. § 1332(c)(1)." (ECF No. 1, ¶21).

9.    Defendant removed this action from the Superior Court of the State of California for the County of San Diego alleging in its Notice of Removal (Dkt No. 1) that venue is proper in the Southern District pursuant to 28 U.S.C. § 1441(a) on the grounds that "[t]he Complaint was filed and currently is pending in the California Superior Court for the County of San Diego. This District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a) because it is the District that embraces the county where the state court action was pending." (Dkt No. 1, ¶23).

## IV.  CONDUCT GIVING RISE TO VIOLATIONS

10.    In 2013, Plaintiff had telephonic communications with certain employees

and/or agents of Defendant who were located in California. Specifically, on <u>February 14, 2013</u> and <u>March 6, 2013</u>, Plaintiff received at least one telephone call from an employee and/or an agent of Defendant and made at least one telephone call to an employee and/or an agent of Defendant at Defendant's principal place of business in Oceanside, California. During each of these two aforementioned telephone conversations, Plaintiff confirmed her identity and Plaintiff shared her personal information as she believed that each of these calls was confidential in nature and that such calls were not being monitored or recorded. At no time during either of her two aforementioned telephone conversations with employees and/or agents of Defendant was Plaintiff told that her telephone conversations would be or may be recorded or monitored, and at no time  during either of her two aforementioned telephone conversations with employees and/or agents of Defendant did Plaintiff give her consent to Defendant to record or monitor such telephone conversations.

11.   At the time when this action was originally filed in October 2013, on its website, http://www.montereyfinancial.com/, Monterey represented that Robert C. Steinke was the CEO, the Chairman of the Board, and was the controlling shareholder in Monterey, and that "[i]n 1989, Robert Steinke founded Monterey Financial Services, Inc . ... to provide ... the delivery of three complimentary (sic) services: our consumer financing program, loan servicing, and delinquent debt collections." Furthermore, in October 2013, Monterey represented on its website that "Monterey maintains compliance with all federal and state regulations governing the purchasing, servicing, and collection of consumer debt. Regular training and testing related to debt collection has been implemented since its birth. Its Wygant Call Recording System is utilized for quality control, training purposes, and protection against false consumer complaints. Monterey passes sensitive consumer data and performance reports through it secure website and ftp site." Also, in a June 2010 interview posted on Monterey's website in October 2013, Scott Little, Vice President of Sales & Marketing of Monterey since 1994, was quoted as saying "Quite simply, it's the

1  phone calls that make the difference. Rather than relying on a letter series of some
2  sort and then sitting back and waiting for payments to arrive, we get on the phone
3  with the delinquent customer and establish a way to get your debt paid in full, as
4  quickly as possible."

5      12.    After Plaintiff had a telephonic communication on March 6, 2013 with
6  an employee and/or an agent of Defendant who was located in California without
7  being told that her conversation would be recorded and without obtaining her consent
8  at the beginning of the conversation to record such telephone conversation, in
9  response to Plaintiff's March 18, 2013 email, Jeffrey D. Smith, Financial Manager of
10 Monterey, sent an email reply to Plaintiff on March 19, 2013 at 7:78 a.m. confirming
11 that "We record our calls for Quality Assurance and training purposes . . . ." In
12 response to Jeffrey D. Smith's March 19, 2013 email, Plaintiff sent an email reply to
13 Jeffrey D. Smith, Financial Manager of Monterey, on March 19, 2013 at 9: 14 a.m.
14 stating that "[y]es, I would like to request access to any recording that you have of our
15 conversation. I was not made aware of a recording . . . ."  Thereafter, neither
16 Monterey nor Jeffrey D. Smith produced a copy of Monterey's recording of its March
17 6, 2013 telephone  conversation with Plaintiff or any other recording of telephone
18 conversations with Plaintiff despite Plaintiff's written request.

19     13.    Defendant recorded all of its numerous telephone conversations with
20 Plaintiff, and all of Plaintiff's telephone conversations with Defendant entailed
21 Plaintiff using her "cellular radio telephone" as such term is defined in Cal. Penal
22 Code §632.7(c)(1). During each of her two aforementioned telephone conversations
23 with employees and/or agents of Defendant, Plaintiff had an objectively reasonable
24 expectation that her telephone conversations with Defendant were not being
25 overheard or recorded.

26     14.    At no time   during either of her two aforementioned telephone
27 conversations with employees and/or agents of Defendant was Plaintiff ever informed
28 at the beginning of the telephone calls that her telephone calls were being recorded

and/or monitored. At no time during either of her two aforementioned telephone conversations with employees and/or agents of Defendant did Plaintiff give her consent to Defendant to record and/or monitor such telephone calls.

15.    During the Class Period (defined infra), Defendant has had a policy and/or a practice of recording and/or monitoring telephone conversations with the public, including Plaintiff and other persons residing in California and Washington. During the Class Period (defined infra), Defendant's employees and agents are directed, trained and instructed to, and did and do, record and/or monitor their telephone conversations with the public, including  Plaintiff and other persons residing in California and Washington.

16.    During the Class Period (defined infra), Defendant has installed and/or caused to be installed a call recording system on its telephone lines used by its employees and/or agents at its principal place of business in Oceanside, California. Defendant used its call recording system to record, overhear and listen to each and every telephone conversation on its telephone lines.

17.    During the Class Period (defined infra), Defendant has caused its calls with Plaintiff and other persons residing in California and Washington to be recorded and/or monitored without their knowledge or consent.  Defendant's conduct alleged herein constitutes violations of the right to privacy of the public, including Plaintiff and other persons residing in California and Washington.

## V.  CLASS ACTION ALLEGATIONS

18.    This action may be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. Without prejudice to later revision, the class which Plaintiff seeks to represent is defined as follows:

> All persons who, while residing in California and Washington, made or received one or more telephone calls with Defendant from October 15, 2009 through the date of trial (the "Class Period") and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored (the "Class").

19.     Without prejudice to later revision, the subclass which Plaintiff seeks to represent as the subset of the Class is defined as follows:

> All persons who made one or more telephone calls with Defendant while using a "cellular radio telephone" as such term is defined in Cal. Penal Code § 632.7(c)(l), during the Class Period and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored (the "Subclass").

20.     The members of the Class and the Subclass identified above are so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, the individual identities of the individual members of the Class and the Subclass are ascertainable through Defendant's records or by public notice.

21.     There is a well-defined community of interests in the questions of law and fact involved affecting the members of the Class and the Subclass. The questions of law and fact common to the members of the Class and Subclass predominate over questions affecting only individual class members, and include, but are not limited to the following:

a.      Whether Defendant has or had a policy of recording and/or monitoring incoming and/or outgoing calls;

b.      Whether Defendant disclosed to callers and/or obtained their consent that their incoming and/or outgoing telephone conversations were being recorded and/or monitored by Defendant;

c.      Whether Defendant's conduct of recording and/or monitoring incoming and/or outgoing calls constituted violations of Cal. Penal Code §§ 630 *et seq.*; and/or Wash. Rev. Code §§ 9.73 *et seq.*;

d.      Whether the members of the Class and/or Subclass are entitled to the remedies available under the applicable privacy laws of California and Washington; and

e.      Whether the members of the Class and/or Subclass are entitled to an award of reasonable attorney's fees and costs.

22.     Plaintiff's claims are typical of the claims of the other members of the Class and Subclass which all arise from the same operative facts involving illegal recording or monitoring of telephone conversations on incoming and outgoing telephone calls with Defendant in California and are entitled to the greater of

statutory damages of five thousand dollars ($5,000) per violation or three times actual damages, pursuant to Cal. Penal Code § 637.2(a); and/or actual damages or liquidated damages computed at the rate of one hundred dollars ($100) a day for each day of violation, not to exceed one thousand dollars ($1,000), and reasonable attorney's fees and other costs of litigation, pursuant to Wash. Rev. Code § 9.73.060.

23.    Plaintiff will fairly and adequately protect the interests of the Class and the Subclass. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class and Subclass she seeks to represent during the Class Period since like all other Class members, Defendant recorded and/or monitored their telephone conversations with Plaintiff on incoming and outgoing telephone calls with certain employees and/or agents of Defendant located in California, and like all other Subclass members, each of Plaintiff's two aforementioned calls with Defendant entailed Plaintiff using her "cellular radio telephone" as such term is defined in Cal. Penal Code § 632.7(c)(1). In addition, Plaintiff has retained counsel experienced in handling class claims and claims involving illegal telephone recording and monitoring litigation to further ensure such protection and intend to prosecute this action vigorously.

24.    Prosecution of separate actions by individual members of the Class and/or the Subclass would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and the Subclass and would lead to repetitious trials of the numerous common questions of fact and law in California and Washington; and could also lead to the establishment of incompatible standards of conduct for the Defendant, especially in the realm of the confidentiality of telephone conversations and expectations of privacy. Such individual adjudications would be, as a practical matter, dispositive of the interests of, or would substantially impair or impede the interests of, the other members of the Class and/or the Subclass. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is

superior to other available methods for the fair and efficient adjudication of this controversy.

25.     Defendant has acted or has refused to act on grounds that generally apply to the Class and the Subclass and final injunctive relief is appropriate as to the Class and the Subclass as a whole. Specifically, Defendant has recorded and/or monitored calls with Plaintiff and other persons residing in California and Washington without complying with California's and Washington's notice and consent requirements, and injunctive relief is necessary to protect the future disclosure of the telephone conversations already recorded by Defendant and to avoid ongoing violations in the future.

26.     The common questions of law and fact predominate over any questions affecting only individual members. Furthermore, a class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with applicable laws. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because of caps on statutory damages per-illegally-recorded-calls. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

27.     Proper and sufficient notice of this action may be provided to the Class and Subclass members through methods best designed to provide adequate notice, including potentially a combination of e-mail, and/or postal mail, and/or Internet website, and/or publication.

28.     Furthermore, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class and the Subclass. Absent certification of this action as a class action, Plaintiff and the members of the Class and the Subclass will continue to be damaged.

29.     Plaintiff also alleges that, as a direct result of Plaintiff bringing this action and the illegal recording/monitoring issue to Defendant's attention, Defendant has or will prospectively make substantial and important changes to their policy and practices of recording its employee's and/or agent's telephone conversations with persons residing in California and Washington.  Specifically, Plaintiff alleges that, as a result of Plaintiff's efforts, Defendant has or will be required to ceased to surreptitiously recording and/or monitoring telephone calls, or implement changes in its policies designed to avoid surreptitious recording and/or monitoring of telephone calls. In either scenario (Plaintiff as a catalyst for change), Plaintiff has enforced, or will enforce, an important right affecting the public interest, conferring a significant benefit, whether pecuniary or non-pecuniary, on the general public or a large class of persons.

## VI.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Invasion of Privacy Under Applicable State Statutory Laws**
(Against Defendant on behalf of the Class)

30.     Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

31.     Cal. Penal Code § 632, and Wash. Rev. Code §§ 9.73.030(1)(a) prohibit one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other. The aforementioned state statutes are violated the moment the recording is made without the consent of all parties thereto, regardless of the whether it is subsequently disclosed. The only intent required by the aforementioned state statutes is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to violate California and/or Washington law, or to invade the privacy right of any other person.

32.     Defendant employed and/or caused to be employed certain recording and listening equipment on the telephone lines of all employees and/or agents of

1    Defendant.

2        33.    Plaintiff is informed and believes and thereupon alleges that all these

3    devices were maintained and utilized to overhear, record, and listen to each and every

4    incoming and outgoing telephone conversation over said telephone lines. As a result,

5    the persons who received telephone calls from or made telephone calls to Defendant

6    during the Class Period had their conversations recorded and/or monitored by

7    Defendant.

8        34.    Said listening, recording, and eavesdropping equipment was used to

9    record, monitor, or listen to the telephone conversations of the Plaintiff and members

10   of the Class, all in violation of Cal. Penal Code § 632, and Wash. Rev. Code §

11   9.73.030(1)(a).

12       35.    At the outset of the incoming and outgoing telephone conversations over

13   said telephone lines, Defendant failed to inform members of the Class that the

14   listening and recording of their telephone conversations was taking place. At no time

15   during these telephone conversations did Defenfant or any employee and/or agent of

16   Defendant inform members of the Class that the listening and recording of their

17   telephone conversations was taking place and at no time did members of the Class

18   consent to this activity. Additionally, under Washington law, since the recordings of

19   the incoming and outgoing telephone conversations over said telephone lines do not

20   reflect an announcement or notice that Defendant was recording of these telephone

21   conversations at the outset of such calls, then consent to record cannot be considered

22   to have been obtained by Defendant from any person residing in Washington on any

23   such call. Wash. Rev. Code § 9.73.030(b)(3).

24       36.    Defendant intentionally engaged in the aforementioned listening and

25   recording activities during the telephone conversations between the Class members,

26   on the one hand, and Defendant on the other hand, as alleged herein above. These

27   conversations were "confidential communications" within the meaning of California

28   Penal Code § 632 since members of the Class had an objectively reasonable

1   expectation that the conversations were not being overheard or recorded.

2       37.   Additionally, Plaintiff and the Class who are residents of Washington

3   have lost money or property in that Plaintiff and the Class who are residents of

4   Washington have suffered and are each entitled to actual damages or liquidated

5   damages computed at the rate of one hundred dollars ($100) a day for each day of

6   violation, not to exceed one thousand dollars ($1,000), and reasonable attorney's fees

7   and other costs of litigation, pursuant to Wash. Rev. Code § 9.73.060 because

8   Plaintiff and the Class who are residents of Washington would not have made the

9   calls to Monterey that Monterey recorded without their consent, and/or would not

10  have answered calls made to them by Monterey that Monterey recorded without their

11  consent, and/or would have ended their calls with Monterey sooner, if they had

12  known that Monterey had recorded the calls without their consent, and/or if Monterey

13  had informed them at the beginning of the calls that the calls were being recorded.

14  Plaintiff and the Class who are residents of Washington have suffered actual damages

15  in the form of telephone service fees they incurred for the period of time they were

16  on the phone with Defendant's employees and/or agents as a result of the calls they

17  made and received on their telephones to and from Defendant; Plaintiff and the Class

18  who are residents of Washington have surrender more in their transactions with

19  Defendant than they otherwise would have since Defendant has recorded and possess

20  the recordings of their telephone conversations without their prior permission or

21  consent; and Plaintiff and the Class who are residents of Washington have a present

22  or future property interest diminished since Defendant has recorded and possess the

23  recordings of their telephone conversations without their prior permission or consent.

24      38.   Based on the foregoing, Plaintiff and members of the Class are entitled

25  to, seek and below herein do pray for, their damages including but not limited to the

26  greater of statutory damages of five thousand dollars ($5,000) per violation or three

27  times actual damages, pursuant to Cal. Penal Code § 637.2(a); and/or actual damages

28  or liquidated damages computed at the rate of one hundred dollars ($100) a day for

each day of violation, not to exceed one thousand dollars ($1,000), and reasonable attorney's fees and other costs of litigation, pursuant to Wash. Rev. Code § 9.73.060.

39.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and members of the Class are entitled to and seek and below herein do pray for, recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Cal. Code of Civil Procedure § 1021.5.

**SECOND CLAIM FOR RELIEF**
**For Unlawful Recording of Telephone Calls Under Cal. Penal Code § 632.7**
(Against Defendant on behalf of the Subclass)

40.     Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

41.     During the Class Period, Defendant has routinely made and received telephone calls from its principal place of business in Oceanside, California with persons residing in California and Washington in the course of its business.

42.     During the Class Period, Defendant has made use of a call recording system which allows them to secretly record telephone "communications" as such term is defined in Cal. Penal Code § 632.7(c)(3) between Defendant and persons residing in California and Washington while such persons were utilizing a "cellular radio telephone" as such term is defined in Cal. Penal Code § 632.7(c)(1) during telephone calls made or received by Defendant in California. Moreover, Defendant did, in fact, receive and secretly record such "communications" as such term is defined in Cal. Penal Code § 632.7(c)(3) with the members of the Subclass, without their knowledge or consent, in violation of Cal. Penal Code § 632.7(a).

43.     Based on the foregoing, Plaintiff and members of the Subclass are entitled to, seek and below herein do pray for, their damages including but not limited to the greater of statutory damages of five thousand dollars ($5,000) per violation or three times actual damages, pursuant to Cal. Penal Code § 637.2(a).

44.     Additionally, Plaintiff and members of the Subclass who are residents

of Washington have lost money or property in that Plaintiff and the Class who are residents of Washington have suffered and are each entitled to actual damages or liquidated damages computed at the rate of one hundred dollars ($100) a day for each day of violation, not to exceed one thousand dollars ($1,000), and reasonable attorney's fees and other costs of litigation, pursuant to Wash. Rev. Code § 9.73.060 because Plaintiff and members of the Subclass who are residents of Washington would not have made the calls to Monterey that Monterey recorded without their consent, and/or would not have answered calls made to them by Monterey that Monterey recorded without their consent, and/or would have ended their calls with Monterey sooner, if they had known that Monterey had recorded the calls without their consent, and/or if Monterey had informed them at the beginning of the calls that the calls were being recorded.   Plaintiff and members of the Subclass who are residents of Washington have suffered actual damages in the form of cellular telephone service fees they incurred for the period of time they were on the phone with Defendant's employees and/or agents as a result of the calls they made and received on their cellular telephones to and from Defendant; Plaintiff and members of the Subclass who are residents of Washington have surrender more in their transactions with Defendant than they otherwise would have since Defendant has recorded and possess the recordings of their telephone conversations without their prior permission or consent; and Plaintiff and members of the Subclass who are residents of Washington have a present or future property interest diminished since Defendant has recorded and possess the recordings of their telephone conversations without their prior permission or consent.

45.   Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Subclass seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Cal. Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, on behalf of herself and the members of the putative Class and Subclass, as follows:

1. That this action be certified as a class action on behalf of the proposed Class and Subclass and Plaintiff be appointed as representatives of the Class and Subclass;

2. For damages under Cal. Penal Code § 637.2 for each violation of Cal. Penal Code §§ 632 for Plaintiff and each member of the Class; and/or damages under Wash. Rev. Code§ 9.73.060 for each violation Wash. Rev. Code § 9.73.030(1)(a), for Plaintiff and each member of the Class;

3. For damages under Cal. Penal Code § 637.2, per each violation Cal. Penal Code § 632.7(a), for Plaintiff and each member of the Subclass;

4. For an award of reasonable attorneys' fees as authorized by statute including, but not limited to, Wash. Rev. Code § 9.73.060 and the provisions of Cal. Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

5. For costs of suit as authorized by statute including, but not limited to, Cal. Penal Code § 637.2 and Wash. Rev. Code § 9.73.060;

6. For prejudgment interest at the legal rate; and

7. For such other and further relief as the court may deem proper.

Dated: December 10, 2018

KEEGAN & BAKER, LLP

s/ Patrick N. Keegan
Patrick N. Keegan, Esq.
Attorney for Plaintiff Tiffany Brinkley

# **DEMAND FOR JURY TRIAL**

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: December 10, 2018

KEEGAN & BAKER, LLP

s/ Patrick N. Keegan
Patrick N. Keegan, Esq.
Attorney for Plaintiff Tiffany Brinkley

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on December 10, 2018, a true and correct copy of the **PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR THE UNLAWFUL RECORDING OR MONITORING OF TELEPHONE CALLS** was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's EM/ECF System.

s/ Patrick N. Keegan
Patrick N. Keegan, Esq.
pkeegan@keeganbaker.com