UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BRINKLEY, on behalf of herself and others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, LLC,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 16-cv-1103-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion for Reconsideration of Order Denying Motion to Dismiss Plaintiff's Claim Under Cal. Penal Code Section 632.7 filed by Defendant Monterey Financial Services, LLC. (ECF No. 149).

## I. BACKGROUND

    On October 15, 2013, Plaintiff Tiffany Brinkley, on behalf of herself and others similarly situated, filed a Complaint in the Superior Court for the State of California, County of San Diego, against Monterey Financial Services, Inc. ("Monterey, Inc."), and Does 1 through 100. (ECF No. 1-3). On May 6, 2016, Monterey, Inc., and "Doe Defendant 1," Monterey Financial Services, LLC ("Monterey, LLC"), removed the action to this Court. (ECF No. 1).

    On May 17, 2018, Brinkley filed a First Amended Complaint ("FAC"). (ECF No. 97). In the FAC, Brinkley alleged claims against Defendants for invasion of privacy under section 632 of the California Penal Code and section 9.73.030 of the Washington Revised

Code, unlawful recording of telephone calls under section 632.7 of the California Penal Code, and unlawful and unfair business practices in violation of the California Business and Professions Code.

On May 31, 2018, Defendants filed a Motion to Dismiss the FAC. (ECF No. 100). Defendants contended that the Court should dismiss Plaintiff's claim under section 632.7 of the California Penal Code because section 632.7 does not restrict the parties to a call from recording the call; it only restricts third party interception.

On July 30, 2018, the Magistrate Judge issued an Order Substituting Monterey, LLC, for Monterey, Inc., and terminating Monterey, Inc. (ECF No. 104).

On September 13, 2018, the Court issued an Order dismissing Brinkley's claims for violations of the California Business and Professions Code and Washington state law and denying the Motion to Dismiss Brinkley's claims for violations of sections 632 and 632.7 of the California Penal Code. (ECF No. 106). The Court stated:

> . . . § 632.7 is susceptible to two different reasonable interpretations . . . . Under [the first] interpretation, a party who receives a communication with the consent of the communicator and records the communication without the communicator's consent does not violate § 632.7 . . . . Under [the second] interpretation a party to a call who records part of the conversation without the other party's consent violates § 632.7 . . . .

(ECF No. 106 at 10). The Court determined that "the legislative history supports the second interpretation" and held that "§ 632.7 prohibits the unauthorized recording of calls that are received with the other party's consent." (*Id.* at 11). The Court determined that section 632.7 does not only restrict third party interception, it also restricts the parties to a call from recording the call.

On December 10, 2018, Brinkley filed a Second Amended Complaint ("SAC") against Monterey, LLC (hereinafter, "Monterey"). (ECF No. 116). In the SAC, Brinkley brings claims against Monterey for violations of sections 632 and 632.7 of the California Penal Code and section 9.73.030 of the Washington Revised Code.

On December 20, 2018, Monterey filed a Motion to Dismiss the SAC. (ECF No. 117). Monterey moved to dismiss Brinkley's claim for violation of Washington state law. In addition, Monterey stated:

> Monterey acknowledges the Court's prior order denying Monterey's motion to dismiss Brinkley's claims under California Penal Code §§ 632 and 632.7. Solely to preserve the issues for appeal, Monterey moves to dismiss those claims from the Second Amended Complaint, incorporating the same arguments it made in its prior motion to dismiss (Doc. No. 100-1).

(ECF No. 117-1). On May 6, 2019, the Court issued an Order granting Monterey's Motion to Dismiss Brinkley's claims under Washington state law. (ECF No. 122).

On May 14, 2019, Monterey filed an Answer to the SAC. (ECF No. 123).

On September 3, 2019, Monterey filed a Motion for Summary Judgment. (ECF No. 129). On January 17, 2020, the Court denied Monterey's Motion for Summary Judgment, leaving Brinkley's claims for violations of sections 632 and 632.7 of the California Penal Code for trial. (ECF No. 150).

On January 10, 2020, with leave of Court, Monterey filed a Motion for Reconsideration of the Court's Order on Monterey's Motion to Dismiss the FAC. (ECF No. 149). Monterey requests that the Court reconsider the Order of September 13, 2018, denying Monterey's Motion to Dismiss Brinkley's claim under section 632.7 of the California Penal Code. On February 4, 2020, Brinkley filed an Opposition to Monterey's Motion for Reconsideration and a Request for Judicial Notice.[1] (ECF No. 153). On February 11, 2020, Monterey filed a Reply. (ECF No. 154). On April 3, 2020, Brinkley filed a Notice of California Supreme Court's Granting of the Petition for Review of the

---

[1] Brinkley requests that the Court take judicial notice of the January 28, 2020, petition for review of the decision in *Smith v. LoanMe, Inc.*, 43 Cal. App. 5th 844 (2019), *review granted*, No. S260391 (Cal. Apr. 1, 2020), and five documents related to the legislative history of section 632.7 of the California Penal Code. (ECF No. 153-2 at 14-15). Judicial notice of the requested documents is unnecessary for this Order. Brinkley's requests for judicial notice are denied. *See Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n. 12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

Appellate Court Decision in *Smith v. LoanMe, Inc.*, 43 Cal. App. 5th 844 (2019), *review granted*, No. S260391, 2020 WL 1608928, at *1 (Cal. Apr. 1, 2020). (ECF No. 155).

## II.  CONTENTIONS

Monterey contends that the California Court of Appeal's decision in *Smith v. LoanMe, Inc.*, "represents an intervening change in controlling law warranting reconsideration" of the Court's September 13, 2018, Order denying Monterey's Motion to Dismiss Brinkley's claim under section 632.7 of the California Penal Code. (ECF No. 149-1 at 4). Monterey contends the court's determination in *Smith* that section 632.7 only applies to third-party eavesdroppers is contrary to this Court's decision and supports reconsideration. Monterey contends that *Smith* is controlling because there is no on-point decision from the California Supreme Court.

Brinkley contends that *Smith* does not represent a change in controlling law because it is not a decision by the California Supreme Court. Brinkley further contends that petitions for review and for depublication are pending before the California Supreme Court.

## III.  LEGAL STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). (quotation omitted). "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (alteration in original) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* at 880 (emphasis omitted) (quoting *Kona Enters., Inc.*, 229 F.3d at 890). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## IV. RULING OF THE COURT

Monterey seeks reconsideration of the Court's September 13, 2018, Order denying Monterey's Motion to Dismiss Brinkley's claim for violations of section 632.7 of the California Penal Code. Section 632.7, part of the California Invasion of Privacy Act, provides in relevant part:

> Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates the statute].

Cal. Pen. Code § 632.7(a). Section 637.2 of the California Penal Code authorizes "any person who has been injured by a violation of this chapter" to bring an action for the greater of "[f]ive thousand dollars ($5,000) per violation" or "[t]hree times the amount of actual damages, if any . . . ." Cal. Pen. Code § 637.2(a).

In the FAC, Brinkley alleged that she and other residents of California and Washington received telephone calls from Monterey and placed telephone calls to Monterey. Brinkley alleged that Monterey secretly recorded the telephone calls in violation of section 632.7. In Monterey's Motion to Dismiss the FAC, Monterey asserted that the Court should dismiss Brinkley's section 632.7 claim because Brinkley failed to allege that Monterey "intercepted or received [Brinkley's] cellular calls without consent." (ECF No. 100-1 at 16). Monterey contended that "[t]he phrase 'without the consent of all parties to a communication' is placed *before*—and therefore modifies—all of what follows: 'intercepts or receives and intentionally records.'" (*Id.* (quoting Cal. Pen. Code § 632.7(a)). Monterey contended that, "[a]ccordingly, a prosecuting authority or civil plaintiff must plead and prove lack of consent with respect to both (1) the 'interception or receipt' of the communication, and (2) the 'recordation' of the communication . . . . [S]ection 632.7 does not apply to the call participants." (*Id.* at 16-17).

The Court rejected Monterey's interpretation and denied the Motion to Dismiss Brinkley's section 632.7 claim in its September 13, 2018, Order. The Court stated:

> The Court finds that § 632.7 is susceptible to two different reasonable interpretations. The first is the interpretation suggested by Monterey, that "without the consent of all parties to the communication" modifies both "intercepts or receives" and "intentionally records." (ECF No. 100-1 at 16) (quoting Cal. Penal Code § 632.1). Under this interpretation, a party who receives a communication with the consent of the communicator and records that communication without the communicator's consent does not violate § 632.7. The second reasonable interpretation of § 632.7 is that "without the consent of all parties to the communication" modifies two conjunctives "intercepts and intentionally records" and "receives and intentionally records." Cal. Penal Code § 632.7. Under this interpretation, a party to a call who records part of the conversation without the other party's consent violates § 632.7 by "receiv[ing] and intentionally record[ing]" a communication without the other party's consent. *Id.*
>
> The Court finds that the legislative history supports the second interpretation. According to the author of § 632.7, it was intended to "simply extend[ ] to persons who use cellular or cordless telephones the same protection from recordation that persons using 'landline' telephones enjoy[ed at that time]." Connelly's Statement of Intent, Assem. Bill No. 2465 (1991), at 1. At the time § 632.7 was being debated, a party to a call conducted on a landline violated § 632 by recording that call. *See* Cal. Penal Code § 632 (prohibiting "intentionally and without the consent of all parties to a confidential communication . . . record[ing a] confidential communication . . . carried on . . . by means of a telegraph, telephone, or other device, except a radio."). Accordingly, the Court finds that § 632.7 prohibits the unauthorized recording of calls that are received with the other party's consent. Monterey's motion to dismiss Brinkley's claim for violations of § 632.7 is denied. *See Ronquillo-Griffin v. TELUS Commc'ns, Inc.*, No. 17CV129 JM (BLM), 2017 WL 2779329, at *4 (S.D. Cal. June 27, 2017) (denying the defendant's motion to dismiss because the legislature intended § 632.7 to apply to parties to the communication); *Simpson v. Best W. Int'l, Inc.*, No. 3:12-CV-04672-JCS, 2012 WL 5499928, at *9 (same).

(ECF No. 106 at 10-11 (alterations in original)).

After this Court's Order on Monterey's Motion to Dismiss the FAC, the California Court of Appeal decided *Smith* on December 19, 2019. In *Smith*, defendant LoanMe called

plaintiff Smith to discuss a loan that LoanMe provided to Smith's wife. 43 Cal. App. 5th at 848. LoanMe recorded the call. *Id.* A "beep tone" played three seconds into the call and approximately every fifteen seconds thereafter. *Id.* Smith filed a class action complaint against LoanMe in California state court, alleging that LoanMe recorded phone calls without consent in violation of section 632.7. The trial court held a bifurcated bench trial on "the beep tone issue" and determined that "the beep tone provided Smith sufficient notice under section 632.7 that the call was being recorded and that Smith implicitly consented to being recorded by remaining on the call." *Id.* The trial court entered judgment against Smith. *Id.*

On appeal, the California Court of Appeal "requested supplemental briefing on the issue of whether section 632.7 applies to the recording of a phone call by a participant in the phone call or instead applies only to recording by third party eavesdroppers." *Id.* at 847. The appellate court affirmed the trial court's dismissal of Smith's action and held that "section 632.7 prohibits only third party eavesdroppers from intentionally recording telephonic communications involving at least one cellular or cordless telephone. Conversely, section 632.7 does not prohibit the participants in a phone call from intentionally recording it." *Id.* at 848.

The appellate court discussed and "disagree[d] with" this Court's reasoning in the September 13, 2018, Order on Monterey's Motion to Dismiss the FAC. *Id.* at 855. The appellate court stated:

> The *Brinkley* court begins by acknowledging that in section 632.7, the phrase "'without the consent of all parties to a communication'" can reasonably be interpreted as modifying "both 'intercepts or receives' and 'intentionally records.'" That is how we interpret it . . . .
>
> But the *Brinkley* court next concludes that the following alternative interpretation is also reasonable: The statute is violated whenever the defendant (1) intercepts and intentionally records a communication without all parties' consent, *or* (2) receives and intentionally records a communication without all parties' consent . . . .

>We do not agree that such an interpretation of section 632.7 is reasonable. By its terms, section 632.7 is violated by "[e]very person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication" involving a cordless or cellular phone. The introductory prepositional phrase "without the consent of all parties to a communication" appears on its face to modify the entire verb phrase "intercepts or receives and intentionally records." We do not believe it is reasonable to suppose that by such language the Legislature intended to enact a criminal prohibition that can be violated by someone who receives a communication *with* the consent of all parties.
>
>The unreasonableness of such an interpretation is apparent when section 632.7 is considered in light of its predecessors, sections 632.5 and 632.6. Sections 632.5 and 632.6 are violated by "[e]very person who, maliciously and without the consent of all parties to the communication, intercepts, receives, or assists in intercepting or receiving a communication" involving a cellular (§ 632.5) or cordless (§ 632.6) phone. The clear and unambiguous effect of the consent requirement is to limit sections 632.5 and 632.6 to third party eavesdroppers—the statutes are violated only if the communication was intercepted or received without all parties' consent. It is therefore not reasonable to suppose that when the Legislature enacted section 632.7, it used the same language ("without the consent of all parties to the communication, intercepts or receives") to create a criminal prohibition that can be violated even if the communication was intercepted or received *with* all parties' consent.
>
>For all of the foregoing reasons, we conclude that the alternative interpretation of section 632.7 identified in *Brinkley* . . . is not reasonable.

*Id.* at 855-56 (internal citations omitted).

The federal court is "bound by the state's highest court's interpretation of its own statute." *Briceno v. Schriber*, 555 F.3d 1069, 1080 (9th Cir. 2009). "'In the absence of a pronouncement by the highest court of a state, the federal courts must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently.'" *Id.* (quoting *Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983)).

There is currently no "pronouncement" from the California Supreme Court on the interpretation of section 632.7. *Id.* (quotation omitted). However, on April 1, 2020, the California Supreme Court granted review of the *Smith* decision and denied pending requests for depublication of the appellate court opinion. *Smith*, 2020 WL 1608928, at *1. The "highest court of the state [may] decide [*Smith*] differently. *Briceno*, 555 F.3d at 1080 (quotation omitted). Whether the California Court of Appeal's decision in *Smith* remains "controlling law" that this Court "must follow" will remain uncertain until the California Supreme Court affirms, reverses, or modifies the decision of the California Court of Appeal. *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880; *Briceno*, 555 F.3d at 1080 (quotation omitted).

A district court has broad discretion to stay proceedings pending before it "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The power to stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55 (citations omitted). "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

In this case, the outcome of the California Supreme Court's decision in *Smith* has a decisive effect on the viability of one of Brinkley's two remaining claims, potentially narrowing the issues for trial and simplifying the issues in this case. If the Court grants Monterey's Motion for Reconsideration, and then the California Supreme Court reverses the decision in *Smith*, the Court and the parties will expend unnecessary time and resources. In addition, the parties will suffer little damage if this case is stayed. The Scheduling Order in this case was vacated on March 14, 2018 (ECF No. 91), and there is no trial date set. Reconsidering this Court's Order before the California Supreme Court decides *Smith* goes

9

16-cv-1103-WQH-WVG

against the interests of fairness and judicial economy. The Court determines that a stay pending the California Supreme Court's resolution of *Smith* is warranted.

Accordingly, Monterey's Motion for Reconsideration is denied without prejudice to refile. This action is stayed pending the California Supreme Court's decision in *Smith*.

## V. CONCLUSION

IT IS HEREBY ORDERED that this action is stayed pending the California Supreme Court's resolution of *Smith v. LoanMe, Inc.*, No. S260391. Monterey shall file a status report on July 10, 2020, and every ninety (90) days thereafter, on the status of the state court proceedings. Monterey shall file a notice to the Court within seven (7) days of the California Supreme Court's resolution of *Smith*. After the seven-day period, the stay will be lifted and proceedings will resume in this Court.

IT IS FURTHER ORDERED that Monterey's Motion for Reconsideration of Order Denying Motion to Dismiss Plaintiff's Claim Under Cal. Penal Code Section 632.7 (ECF No. 149) is denied without prejudice to refile. Monterey may file any amended Motion for Reconsideration within fourteen (14) days of the California Supreme Court's decision in *Smith*.

Dated: April 20, 2020

Hon. William Q. Hayes
United States District Court