UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BRINKLEY,<br><br>                              Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, LLC,<br><br>                              Defendant. | Case No.: 16-CV-01103-RSH-WVG<br><br>**ORDER DENYING (1) PLAINTIFF'S MOTION TO CERTIFY CLASS AND (2) DEFENDANTS' MOTION TO PRECLUDE PORTIONS OF JEFFREY HANSEN'S EXPERT REPORT**<br><br>**[ECF Nos. 187, 195]** |

Pending are Plaintiff Tiffany Brinkley's Motion to Certify Class (ECF No. 187) and Defendant Monterey Financial Services, LLC's Motion to Preclude Portions of Jeffrey Hansen's Expert Report (ECF No. 195). For the reasons discussed below, the Court denies both motions.

**I.   Background**

The Court incorporates the detailed factual background set forth in its January 17, 2020 Order. ECF No. 150 (Order on Motion for Summary Judgment). For the purposes of the pending motions, the relevant procedural history and facts are provided below.

This case arises from a series of eight telephone calls that Plaintiff had with Defendant's representatives between December 2012 and March 2013. *Id.* at 3-4. Plaintiff claims that Defendant recorded these calls without her knowledge or consent, in violation of California law.

The Second Amended Class Action Complaint ("SAC"), filed on December 10, 2018, is the operative pleading and describes one class and one sub-class that Plaintiff seeks to represent:

> [1] All persons who, while residing in California and Washington, made or received one or more telephone calls with Defendant from October 15, 2009 through the date of trial (the "Class Period") and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored (the "Class").
> . . .
> [2] All persons who made one or more telephone calls with Defendant while using a "cellular radio telephone" as such term is defined in Cal. Penal Code § 632.7(c)(l), during the Class Period and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored (the "Subclass").

ECF No.116 at 11-12, ¶¶ 18-19. In the SAC, Plaintiff alleged two causes of action: (1) invasion of privacy under California Penal Code § 632 and Washington Revised Code § 9.73.030(1)(a) on behalf of Plaintiff and the Class, and (2) unlawful recording of telephone calls under California Penal Code § 632.7 on behalf of Plaintiff and the Subclass. *See id.* at 15-19, ¶¶ 30-45.

On May 6, 2019, upon Defendant's motion (ECF No. 117), the Court dismissed Plaintiff's claim under Washington Revised Code § 9.73.030(1)(a). ECF No. 122. The action proceeded with Plaintiff's claims under California law only (hereinafter, "section 632" or "section 632.7" claims).

On September 3, 2019, Defendant moved for summary judgment on the remaining claims. ECF No. 129. Among other things, Defendant argued that summary judgment was appropriate because Plaintiff's challenged calls were not "confidential communications" under section 632, and Plaintiff had consented to monitoring or recording. ECF No. 129-1

at 5. The eight calls at issue took place on December 19, 2012; January 25, 2013; January 28, 2013; February 11, 2013; February 14, 2013; February 26, 2013; February 27, 2013; and March 6, 2013. ECF No. 150 at 3-4. On six of the eight calls, including the first four calls, Defendant provided a disclosure that the call would be monitored or recorded (hereinafter, the "Disclosure").[1] *Id.* at 5. Further, on all eight calls—except when Plaintiff was placed on hold, listening to a voicemail greeting or leaving a message—a "beep tone" played every 15 seconds. *Id.* at 6-7.

The Court denied Defendant's motion, concluding that factual disputes existed with respect to two of Plaintiff's calls: an outgoing call from Defendant to Plaintiff on February 14, 2013 (the fifth call between Plaintiff and Defendant), and an incoming call from Plaintiff to Defendant requesting a transfer to a particular representative on March 6, 2013 (the eighth call).[2] *Id.* at 11, 14. The Disclosure was not provided to Plaintiff on either of those two calls.[3] *Id.*

On January 10, 2020, Defendant filed a motion for reconsideration of the Court's September 13, 2018 Order granting in part and denying in part Defendant's motion to dismiss Plaintiff's First Amended Complaint (ECF No. 106). ECF No. 149. In this motion, Defendant argued that Plaintiff's section 632.7 claim should be denied with prejudice given an intervening change in controlling law from the California Court of Appeal. ECF No.

---

[1] The Disclosure is a verbal announcement played on a call that states, "Thank you for calling Monterey Financial. Your call may be monitored or recorded." ECF No. 150 at 4. The Disclosure played on the following calls: December 19, 2012; January 25, 2013; January 28, 2013; February 11, 2013; February 26, 2013; and February 27, 2013 calls. *Id.* at 5.
[2] The terms "incoming" and "outgoing" are based on Defendant's perspective: An "incoming" call is a call that a customer like Plaintiff placed to Defendant, while an "outgoing" call is the reverse.
[3] The Court also denied Defendant's motion for summary judgment on the grounds that (1) Defendant failed to provide evidence that its conduct fell within the statutory tariffs exception of sections 632 and 632.7, and (2) that damages were available on a per-violation basis under section 637.2. ECF No. 150 at 18, 24-25.

149-1 at 1. *See Smith v. LoanMe, Inc.*, 43 Cal. App. 5th 844, 853 (Cal. Ct. App. 2019) ("[W]e conclude that section 632.7 clearly and unambiguously applies only to third party eavesdroppers, not to the parties to a phone call."). On April 3, 2020, Plaintiff filed a notice informing the Court that the California Supreme Court granted the petition for review of the decision. ECF No. 155.

Beginning on April 21, 2020, the instant matter was stayed for almost a year pending the California Supreme Court's resolution of *Smith v. LoanMe, Inc*. *See* ECF No. 156. The decision, which was issued on April 1, 2021, ultimately reversed the Court of Appeal and held that section 637.2 is a general prohibition against the intentional recording of a covered communication without the consent of all parties, regardless of whether the recording is performed by a party to the communication or by someone else. *See Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 196 (2021). The Parties recognized that the Court's September 13, 2018 order was not affected by this outcome. *See* ECF No. 164 at 7.

Discovery resumed. On April 21, 2021, Plaintiff notified the Court of her intention to file a motion for class certification and propound further written discovery and, to that end, take additional depositions of Defendant's witnesses. *Id.* at 2. Almost one year later, on April 7, 2022, Plaintiff brought the present motion to certify class. ECF No. 187. This matter was since transferred to the undersigned on July 24, 2022. ECF No. 202.

I. **Class Certification**

   A. **Legal Standard**

Motions for class certification proceed under Federal Rule of Civil Procedure 23. Rule 23(a) provides four prerequisites to a class action: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"), (2) there are questions of law or fact common to the class ("commonality"), (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"), and (4) the representative parties will fairly and adequately protect the interests of the class ("adequate representation"). Fed. R. Civ. P. 23(a); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000). These

requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 330 (1980)).

Additionally, a proposed class must satisfy one of the subdivisions of Rule 23(b). Here, Plaintiff seeks to maintain the class action under Rule 23(b)(3), which requires "the court [to] find[] that the [common questions] predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The relevant factors in the 23(b)(3) inquiry include the class members' interest in individually controlling the litigation, other litigation already commenced, the desirability (or not) of consolidating the litigation in this forum, and manageability. Fed. R. Civ. P. 23(b)(3)(A)-(D).

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (quoting *Miller v. Mackey Int'l, Inc.*, 452 F.2d 424, 427 (5th Cir. 1971)). That said, "Rule 23 does not set forth a mere pleading standard." *Dukes*, 564 U.S. at 350. Rather, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Id.* The court is "at liberty to consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992) (quoting *In re Unioil Sec. Litig.*, 107 F.R.D. 615, 618 (C.D. Cal. 1985)). A weighing of competing evidence, however, is inappropriate at this stage of the litigation. *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003).

/ / /

/ / /

/ / /

**B.     Analysis**

Plaintiff seeks the certification of one class and two sub-classes, arising out of alleged violations of section 632.7, from October 15, 2012 through February 28, 2018 ("Class Period"):

> All persons who made one or more telephone calls with Defendant while using a "cellular radio telephone" as such term is defined in Cal. Penal Code § 632.7(c)(1), during the Class Period and did not receive notice at the beginning of the call that their telephone conversion may be recorded or monitored (the "Class").
> . . .
> All persons who received one or more telephone calls from Defendant during the Class Period that were recorded and did not receive notice at the beginning of the telephone call that their telephone conversion may be recorded or monitored (the "Persons Who Received Calls from Defendant Sub-Class")
> . . .
> All persons who made one or more telephone calls to Defendant during the Class Period that was recorded and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored (the "Persons Who Called Defendant Sub-Class").

ECF No. 187-1 at 8-9.

The Parties do not dispute that the proposed class members are ascertainable, sufficiently numerous,[4] or that the proposed class and sub-classes have adequate representation. Instead, Defendant challenges class certification on the remaining factors—typicality, commonality, predominance, and superiority. ECF No. 194. Although the Court finds that Plaintiff has demonstrated commonality, Plaintiff has failed to meet her burden of establishing typicality or predominance. Because each of these deficiencies is fatal to Plaintiff's motion for class certification, the Court does not reach an analysis of superiority.

/ / /

---

[4]     Indeed, the Court finds that proposed class and sub-classes would be numerous. Defendant concedes that there are possibly "over 548,000 unique phone numbers from over 330,000 consumer accounts at issue." ECF No. 194 at 25.

### 1. Commonality

Rule 23(a)(2) requires a party seeking to certify the class to set forth "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality exists where class members' "situations share a common issue of law or fact, and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010). "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The common contention, however, "must be of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.

Here, Plaintiff seeks to certify a class under section 632.7, which provides in relevant part:

> Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished . . . .

Cal. Penal Code § 632.7(a). *See Flanagan v. Flanagan*, 27 Cal. 4th 766, 41 P.3d 575 (2002) 771 n.2 (noting that section 632.7 "prohibits intentionally intercepting or recording communications involving cellular telephones and cordless telephones . . . [and] applies to all communications, not just confidential communications").

Plaintiff provides a non-exhaustive list of seven common questions of law and fact.[5] ECF No. 187-1 at 14-15. In particular, the Court finds that there is a common legal question of whether Defendant's failure to provide the Disclosure, or other verbal notice of recording, at the outset of the call violated section 632.7. *See Mendell v. Am. Med. Response, Inc.*, No. 19-CV-01227-BAS-KSC, 2021 WL 1102423, at *6 (S.D. Cal. Mar. 23, 2021) (finding a common question of law applicable to a section 632.7 class was "whether, to avoid liability under [section] 632.7, a business must provide notice that a call is being recorded before any recording begins"). This satisfies the permissive standard for commonality. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) ("[C]ommonality only requires a single significant question of law or fact."), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022).

### 2. Typicality

Plaintiff avers that her individual claims arising from her February 14 and March 6, 2013 calls are typical of the claims of the proposed class and sub-class because Defendant's "call recording policy and practice not to give verbal announcement or audible word

---

[5] Plaintiff's purported common questions include: (1) whether Defendant had a policy and practice to record all calls; (2) whether Defendant had a policy and practice not to give a verbal announcement or audible word warning of call recording on calls made by Defendant's representatives to Class members; (3) whether Defendant had a policy and practice not to give a verbal announcement or audible word warning of call recording on calls Defendant received from Class members made to Defendant's corporate numbers; (4) whether Defendant had a policy and practice not to give a verbal announcement or audible word warning of call recording on calls Defendant received from class members made to Defendant's representatives' direct numbers; (5) whether Defendant had a policy and practice to play a "beep tone" approximately every fifteen seconds on all recorded calls and whether any such "beep tone" constitutes an affirmative defense or exception pursuant to section 632.7(b)(2); and (6) whether Defendant's recording policy and practice violated section 632.7; and (7) the monetary remedies to which class members are entitled for Defendant's recording policy and practice in violation of section 632.7. ECF No. 187-1 at 14-15.

warning of call recording . . . was in place throughout the entire Class Period." ECF No. 187-1 at 17. Defendant responds that Plaintiff is subject to a unique defense, implied consent, related to the six calls in which the Disclosure was provided. ECF No. 194 at 13-14. The Court agrees that Defendant's implied consent defense against Plaintiff defeats typicality.

"Typicality focuses on the class representative's claim—but not the specific facts from which the claim arose—and ensures that the interest of the class representative 'aligns with the interests of the class.'" *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (quoting *Hanon*, 976 F.2d at 508). As such, the named plaintiff's claims and the rest of the class claims do not need to be substantially identical. *Id.* If the claims arise from a similar course of conduct and share the same legal theory, certain factual differences or differing damages may not necessarily defeat typicality. *See id.* Rather, under Rule 23(a)'s "permissive standards," "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 729 (9th Cir. 2020). A court should not certify a class, however, if "there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Hanon*, 976 F.2d at 508 (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)).

Here, the Court finds that Plaintiff's particular factual situation requires her to meet a defense (implied consent) that is not typical of the defenses which may be raised against other members of the proposed class and sub-classes.[6] *See id.* Notably, section 632.7 does not define "consent," which may be implied. *See* Cal. Penal Code § 632.7. "Implied consent is an intensely factual question that requires consideration of the circumstances

---

[6] Plaintiff contends that Defendant's implied consent defense as applied to Plaintiff's February 14 and March 6, 2013 calls have been rejected "as a matter of law" by this Court. ECF No. 198 at 8. Instead, the Court determined that, viewing the evidence in the light most favorable to Plaintiff, Defendant had not met the summary judgment standard for the defense of implied consent. ECF No. 150 at 13-14.

surrounding the interception to divine whether the party whose communication was intercepted was on notice that the communication would be intercepted." *In re Google Inc.Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 1102660, at *16 (N.D. Cal. Mar. 18, 2014); *see Negro v. Superior Ct.*, 230 Cal. App. 4th 879, 892 (Cal. Ct. App. 2014) ("[A] finding of implied-in-fact consent requires circumstances indicating that the party knowingly agreed to the surveillance. . . .") (internal quotations omitted).

The Parties do not dispute that Plaintiff had multiple interactions with Defendant, including emails with Defendant outside the calls at issue. *See* ECF No. 194 at 5, 18; ECF No. 198 at 9. The Disclosure played on six of the eight calls, including the first four calls she made, but Plaintiff continued to make calls to Defendant. *Id.* In fact, by the time of Plaintiff's second call without the Disclosure on March 6, 2013, Plaintiff had placed six calls with Defendant where the Disclosure played. Given the extensive briefing regarding the issue of implied consent, it is predictable that a major focus of the litigation will be on a defense unique to Plaintiff. Thus, Plaintiff fails to meet her burden of satisfying the typicality requirement of Rule 23(a).

### 3. **Predominance**

For the same reasons related to implied consent defense above, the Court finds that Plaintiff cannot satisfy the predominance factor. "While Rule 23(a)(2) asks whether there are issues common to the class, Rule 23(b)(3) asks whether these common questions predominate. Though there is substantial overlap between the two tests, the 23(b)(3) test is 'far more demanding' . . . and asks 'whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Wolin*, 617 F.3d at 1172 (internal citations omitted). The predominance factor is not met where "non-common, aggregation-defeating, individual issues" are more prevalent or important than "common, aggregation-enabling, issues in the case." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). An individual issue is one where "members of a proposed class will need to present evidence that varies from member to member." *Id.* (quoting 2 W. Rubenstein, Newberg on Class Actions § 4:50, pp. 196-97 (5th ed. 2012)).

To rebut Defendant's argument that consent is an individualized inquiry, Plaintiff relies on three cases: *Zaklit v. Nationstar Mortg. LLC*, No. 515CV2190CASKKX, 2017 WL 3174901 (C.D. Cal. July 24, 2017); *Raffin v. Medicredit, Inc.*, No. CV154912GHKPJWX, 2017 WL 131745 (C.D. Cal. Jan. 3, 2017); and *Steven Ades & Hart Woolery v. Omni Hotels Mgmt. Corp.*, No. 2:13-CV-02468-CAS, 2014 WL 4627271 (C.D. Cal. Sept. 8, 2014). ECF No. 198 at 4. However, the Court finds that those cases are readily distinguishable from the instant case or support denial of class certification.

In *Ades*, the defendant had no policy of warning callers that their calls would be recorded. 2014 WL 4627271, at *2. The district court found that there was no indication that individual consent issues would predominate where the defendant failed to produce evidence that a single person meeting the class definition actually consented to recording. *Id.* at *12 (noting that the defendant "cite[d] no case in which a class was rejected on consent grounds despite the absence of any evidence of advance notice"). Here, in contrast, there is evidence supporting a defense of implied consent not merely as to a putative class member, but as to Plaintiff—who received the Disclosure during her first four calls with Defendant.

In *Raffin*, the district court found that the defendants had a policy of recording a conversation and gathering personal information at the outset of the call, before advising the individual that the conversation was being recorded. 2017 WL 131745, at *7. In addressing predominance, the court found that the question of implied consent in the context of repeat callers (i.e., callers who had previously received the advisal) would defeat predominance:

> Whether and when a recording advisory was provided on a call will not necessarily determine whether consent was given if consent is either expressly or impliedly provided through prior calls. We would have to examine whether a class member had previously received a call and under what circumstances. Such a task would generate individualized inquiries that would predominate over common questions, making class certification inappropriate.

*Id.* However, to satisfy the predominance requirement, the court narrowed the class definition to include only those claims relating to an individual's *first* recorded conversation, removing the defense of consent based on prior calls. *Id.* The court determined that, in the same way, the question of consent did not pose a problem for typicality. *Id.* at 4.

Here, the question of implied consent creates a problem for predominance similar to that identified in *Raffin*. But unlike in *Raffin*, the proposed class or sub-classes cannot be similarly narrowed—to include only those persons whose first call did not contain notice at the beginning that the call was being recorded—without eliminating Plaintiff from that class. Plaintiff's first call with Defendant (as well as her second, third, and fourth) contained the Disclosure. Understandably, Plaintiff has not asked to narrow the class in this manner.

The *Zaklit* case was similar to *Raffin*. For outgoing calls, the defendant had a policy of ascertaining personal information from individuals before providing notice that the call was being recorded. *Zaklit*, 2017 WL 3174901, at *6. The defendant argued implied consent based on the fact that (1) some individuals initiated incoming calls and received an automated disclosure, and (2) other individuals (including the plaintiffs) received multiple outgoing calls during which they were informed (albeit not at the very outset of the call) that the call was being recorded. *Id.* The district court concluded that on these facts, under *Raffin* and other relevant cases, "individual issues predominate." *Id.* at *7 (citing *Kight v. Cashcall, Inc.*, 231 Cal. App. 4th 112, 117 (Cal. Ct. App. 2014); *Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454, 1467 (Cal. Ct. App. 2014); and *Torres v. Nutrisystem, Inc.*, 289 F.R.D. 587, 593 (C.D. Cal. 2013)). However, the district court found that the problem could be cured, as it was in *Raffin*, by narrowing the class definition to include only those claims relating to an individual's first recorded call with the defendant. *Id.* at *8. Again, that solution does not help Plaintiff here.

Also illustrative is *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates, Inc.*, No. 12-CV-01685-BAS(JLB), 2016 WL 2610107 (S.D. Cal. May 6, 2016), *aff'd sub nom. NEI*

*Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528 (9th Cir. 2019). In that case, the district court decertified a class where the defendant provided examples of "customers who had actual knowledge of the entity's call recording practice, yet continued to place orders with [the defendant] before the end of the class period, thereby evidencing a form of consent." *Id.* at *7. The court also noted that many of the defendant's customers were companies that placed numerous orders every year and had long-standing business relationships with the defendant. *Id.* The court found that "individual inquiries into whether each class member provided consent will be necessary, and . . . these inquires will predominate over questions of law or fact common to class members." *Id.* at *8. *See also Mendell*, 2021 WL 1102423, at *8 ("[A] call recipient's prior exposure to a recording notice is relevant to determining whether the call recipient impliedly consented to the challenged recording."); *Torres*, 289 F.R.D. at 595 ("The [c]ourt . . . finds that the individual inquiries required to resolve the consent and confidentiality issues for each class member will dominate the litigation in this case.").

Consistent with the foregoing cases, the Court finds that individual issues of consent—based on the nature, extent, and frequency of putative class members' phone calls prior to the first call that was recorded without the Disclosure—predominate over common issues. Thus, Plaintiff has not met her burden of showing predominance.

Because the predominance requirement is not satisfied, the Court need not reach the superiority analysis under Rule 23(b).

## II. Exclusion of Expert Report and Evidentiary Objections

In addition, Defendant moves to exclude the expert report of Jeffrey Hansen (ECF Nos. 187-19, 208). ECF No. 195, 207. Because the Court does not rely on Jeffrey Hansen's report to reach its conclusion above, the Defendant's motion is denied as moot.

Similarly, the Court does not rely on the Declaration of Wayne Hutchins (ECF No. 194-4), submitted in support of Defendant's opposition to Plaintiff's motion for class certification. As such, Plaintiff's evidentiary objections to the Hutchins declaration (ECF No. 198-1) are overruled as moot.

### III. Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion for Class Certification (ECF No. 187), and Defendant's Motion to Preclude Portions of Jeffrey Hansen's Expert Report (ECF No. 195).

**IT IS SO ORDERED**.

Dated: September 8, 2022

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge